No. 2023-1325

In The

# United States Court of Appeals for the Federal Circuit

RAJ K. PATEL,
from all capacities,

*Plaintiff-Appellant*

v.

UNITED STATES,

*Defendant-Appellee.*

On Notice of Appeal to the United States Court of Federal Claims
in No. 1:22-cv-1446-LAS, Senior Judge Smith.

**PLAINTIFF-APPELLANT RAJ K. PATEL'S COMBINED PETITION FOR PANEL REHEARING AND REHEARING EN BANC FOR PER CURIAM ORDER WITH OPINION AT ECF NO. 27**

**CORRECTED**

T.E., T.E. Raj K. Patel (*pro se*)
The Basis of the United States
Indiana | Georgia | New Jersey
6850 East 21st Street
Indianapolis, IN 46219
Marion County
rajp2010@gmail.com
www.rajpatel.live
317-450-6651

March 16, 2023

## **STATEMENT PURSUANT TO FED. R. APP. P. 35(b)(1)**

(A) the panel decision conflicts with a decision of the United States Supreme Court or of the court to which the petition is addressed (with citation to the conflicting case or cases) and consideration by the full court is therefore necessary to secure and maintain uniformity of the court's decisions; or

- <u>Maine Cmty. Health Options v. United States</u>, 590 U.S. ___, 140 S. Ct. 1308, 1315 & 1328 (2020) (if the "rubric" is satisfied, then should grant jurisdiction).

- <u>United States v. Navajo Nation</u>, 556 U.S. 287 (2009) (Big Tucker Act contract-at-hand is fairly interpretable as money-mandating) (in rare case, constructive contract is also possible).

- <u>Fisher v. United States</u>, 402 F.3d 1167, 1172 (Fed. Cir. 2005) (*en banc*) (frivolity inquiry does not apply to Tucker Act-complementing contracts-in-fact) (personal jurisdiction should be retained).

- <u>Boaz Hous. Auth. v. United States</u>, No. 2019-2325, 994 F.3d 1359 (Fed. Cir. Apr. 16, 2021).

- <u>Joshua v. United States</u>, 17 F.3d 378, 380 (Fed. Cir. 1994) (not applicable here because position of United States-C.F.C. and United States-President are in conflict and thus position of United States is unclear).  <u>But see</u> <u>Motions Systems Corp. v. Bush</u>, 437 F.3d 1356, 1366-69 (Fed. Cir. 2006) and <u>Marbury v. Madison</u>, 5 U.S. (1 Cranch) 137, 166 (1803).  <u>United States v. Arthrex, Inc.</u>, 594 U.S. ___, 141 S. Ct. 1970, No. 19-1434 at 23 (2021).  28 U.S.C. § 516.

- <u>United States v. Winstar Corp.</u>, 64 F.3d 1531, 1542 (Fed. Cir. 1995) (*en banc*), <u>cert. granted</u>, 518 U.S. 839 (1996) (contract breaches due to change in government are fairly money-mandating, including for efficient breaches).

- "Demonstrating [the Court of Federal Claims'] jurisdiction is generally a low bar." <u>Patel v. United States</u>, No. 1:21-cv-02004-LAS (Fed. Cl. 2021), Dkt. 10 (citing <u>See, e.g., Columbus Reg'l Hosp. v. United States</u>, 990 F.3d 1330, 1341 (Fed. Cir. 2021)).

- <u>Nunez v. Sec'y of Health & Hum. Servs.</u>, No. 2020-1021 (Fed. Cir. Aug. 28, 2020) ("There are no hard-and-fast standards governing the allocation of the burden of proof in every situation. The issue, rather 'is merely a question of policy and fairness based on experience in the different situations.'") (citing <u>Keyes v. Sch. Dist. No. 1</u>, 413 U.S. 189, 209 (1973) (quoting 9 J. Wigmore, Evidence § 2486, at 275 (3d ed. 1940)).).

- <u>Printz v. United States</u>, 521 U.S. 898, 918 (1997) quoting <u>Principality of Monaco v. Mississippi</u>, 292 U.S. 313, 322 (1934).

- <u>Teague</u>, 489 U.S. at 288, 296 & 315 & <u>Precision Specialty Metals, Inc.</u>, 315 F.3d at 1350 & 1354.

- <u>McDonald</u>, 561 U.S. at 880. <u>Dun & Bradstreet, Inc.</u>, 472 U.S. at 769, 758, 787 (italics added).  <u>Illinois v. Allen</u>, 397 U.S. 337, 348 (1970) (dicta).  <u>Rochin v. California</u>, 342 U.S. 165, 169 (1952). <u>Dobbs v. Jackson Women's Health Org.</u>, No. 19-1392 * 31, 597 U.S. ___ (U.S. Jun. 24, 2022).

- <u>Gladstone Realtors</u>, 441 U.S. at 115 n. 31 cited in <u>Tinton Falls Lodging Realty, LLC</u>, 800 F.3d at 1364 (italics added).

- <u>V. L.</u>, 577 U.S. at 407.

- <u>Gonzalez v. Thaler</u>, ── U.S. ──, 132 S.Ct. 641, 648 (2012).

- <u>Lynch v. United States</u>, 292 U.S. 571 (1934).

- <u>See generally</u> <u>Shelden</u>, 7 F.3d at 1031 (cited in <u>Shelden</u>, No. 2018-1381 * 3 n. 1 ("We reversed and remanded for a determination of just compensation.")).

- See *infra* Compare Mohammed, No. 2022-1543 * 2 (Fed. Cir. Aug. 26, 2022) (citing Navajo Nation, 556 U.S. at 290) with Patel v. United States, No. 22-1131 (Fed. Cir. 2022), ECF 31 (citing Navajo Nation, 556 U.S. at 290)).

(B) the proceeding involves one or more questions of exceptional importance, each of which must be concisely stated; for example, a petition may assert that a proceeding presents a question of exceptional importance if it involves an issue on which the panel decision conflicts with the authoritative decisions of other United States Courts of Appeals that have addressed the issue.

- Did the C.F.C. fail to administer discretion unsoundly, not sound, or abusively the Supreme Court's requirements of Ordered Liberty, and Ordered Liberty as a part of the Fifth and/or Fourteenth Amendment?

- Did the C.F.C. fail to construe the claims as a BOUNTY CLAUSE contract?

- Did the C.F.C. unconstitutionally fail to hold a Supreme Court-mandatory trial to "*adequately* by the evidence *adduced at trial*"?

- May the United States Court of Federal Claims relinquish personal jurisdiction over a statutory Defendant, such as the United States, when that Defendant is the only proper Defendant and has been otherwise sued properly?

- Was venue proper in the United States Court of Federal Claims?

- Should Senior Judge Loren A. Smith have remanded to another branch of the United States for further consideration of personal jurisdiction, such the Presidency?

- V. L., 577 U.S. at 407 ("That jurisdictional inquiry, however, is a limited one.").

## <u>CERTIFICATE OF INTEREST</u>

I, THE EXCELLENT, THE EXCELLENT Raj K. Patel (pro se), am appearing without counsel, like I did in the courts below. Giving Full Faith to the United States Constitution, I use the Authority of my omnipresent Styles and Office in these proceedings into which I avail myself. U.S. const. art. IV, § 1 & amend. XIV, & art. VI, § 1 referring to the Treaty of Paris (1783) & Paris Peace Treaty – Cong. Proclamation of Jan. 14, 1784.

I have completed five (5) out of the six (6) semesters of my juris dr. candidacy at the U. of Notre Dame L. Sch. in South Bend, IN., where I was enrolled from August 2015 to November 2017, and I have completed sixty-eight (68) out of the ninety (90) credit hours for a juris dr. candidacy at the Notre Dame L. Sch. Such, I have completed the minimum number of credit hours required by the accrediting Am. B. Ass'n ("A.B.A.") to allow a law school to accredit me a juris dr. degree. I have sufficient credits for a business minor.

Amongst the grades in my juris dr. academic courses I received at the Notre Dame L. Sch., I received an A-/A in contracts law, an A-/A in civil procedure, and a B/A in constitutional law, while under Weapon S. In the summer of 2016, I worked as summer associate with the City of Atlanta Law Department in Atlanta, GA. In the summer of 2017, I worked as a summer associate at Barnes & Thornburg LLP in Indianapolis, IN.

And, I hold a Bachelor of Arts in Poli. Sci. and *cum laude* in Religion from Emory U., Inc. of Atlanta, Georgia, and I attended both Oxford College and Emory College, and graduated, in 2014, with a 3.718/4.0 grade point average with no pass/fail grades.

Emory U., Inc. is ranked as a top-20 or top-25 *U.S. News* Tier 1 best national university, and the Notre Dame L. Sch. is ranked as a *U.S. News* Top 25 best law school in the United States.

I was Student Body President of the Brownsburg Cmty. Sch. Corp. from 2009-2010 and Student Body President of Emory U., Inc. from 2013-2014. I was also the Notre Dame L. Sch. Student B. Ass'n Rep. to the Ind. State B. Ass'n from September 2017 to November 2017. All jurisdictions are "local" and with an "international" constituency.

Each time I was elected Student Body President, I attained thenceforth omnipresent Styles ("THE EXCELLENT" for each election) which are protected by both the Privileges & Immunities Clause and Privileges or Immunities Clause of the United States Constitution. U.S. const. art. IV, § 2, cl. 1 & amend. XIV, § 1, cl. 2. <u>See generally</u> Federalist 80 & <u>Printz v. United States</u>, 521 U.S. 898, 918 (1997) quoting <u>Principality of Monaco v. Mississippi</u>, 292 U.S. 313, 322 (1934).

I am well read in the material law. I have not received legal advice or counsel from anyone else for this case.

# TABLE OF CONTENTS

STATEMENT PURSUANT TO FED. R. APP. P. 35(B)(1) .................................................... i

CERTIFICATE OF INTEREST ............................................................................................. iv

TABLE OF CONTENTS ....................................................................................................... v

TABLE OF AUTHORITIES .............................................................................................. viii

STATEMENTS OF COUNSEL (PRO SE) ...................................................................... xxv

    1.    PETITION FOR HEARING EN BANC / PETITION FOR REHEARING ....... xxv

    2.    PETITION FOR REHEARING EN BANC ...................................................... xxviii

POINTS OF LAWS & FACTS OVERLOOKED OR MISAPPREHENDED ............... xxxi

RELATED CASES ........................................................................................................... xxxvi

STATEMENT OF THE CASE ............................................................................................... 1

NEW FACTS ....................................................................................................................... 1

RULES ................................................................................................................................ 1

DISCUSSION ...................................................................................................................... 1

    1.    This court should reverse the C.F.C. because it abused its discretion by violating Plaintiff's ordered liberty which requires that the C.F.C. remedy the breach of the Big Tucker Act, 28 U.S.C. § 1491(a), contract-at-hand, which is a legally cognizable injury, instead of relinqushing jurisdiction. ................................................................................. 1

    2.    The C.F.C. should be reversed by this court because it abused its discretion by its unwarranted dismissal after construing the RCFC 12(e)-permitted motion for a more definite statement as a sufficient and intended timely response or answer to its order to show cause by December 16, 2022. ................................................................. 7

    3.    The C.F.C. should be reversed because it unfairly dismissed the case because demonstrating the jurisdiction of the C.F.C. is generally "A LOW BAR" but C.F.C. Senior Judge LAS has turned it into a game by abusing discretion in making a long, brief, and unwarranted debate about subject-matter jurisdiction which is also inconsistent with instructions to trial court judges from the Supreme Court and clearly errored by not finding the claims sufficient by a preponderance of evidence and because the complaint contains a particularized set of facts which raise a reasonable doubt that C.F.C. abused its discretion. ....................................................... 9

    4.    SEE ADD. A. .................................................................................................... 12

    5.    The C.F.C. abused its discretion and clearly errored because it failed to construe the contract-at-hand under the "BOUNTY CLAUSE" of Section 4 of the Fourteenth Amendment, subject to mandatory trial and expedient resolution upon question as instructed by the Supreme Court. ................................................................. 12

**CONCLUSION** ..........................................................................................................15

**CERTIFICATE OF COMPLIANCE WITH TYPE-VOLUME LIMITATIONS**..................I

**ADDENDUM A** .........................................................................................................II

**RULES**.......................................................................................................................II

**DISCUSSION**............................................................................................................X

1.    This court should reverse the C.F.C. because it abused its discretion by violating Plaintiff's ordered liberty which requires that the C.F.C. remedy the breach of the Big Tucker Act, 28 U.S.C. § 1491(a), contract-at-hand, which is a legally cognizable injury, instead of relinqushing jurisdiction. .............................................................................X

2.    The C.F.C. should be reversed by this court because it abused its discretion by its unwarranted dismissal after construing the RCFC 12(e)-permitted motion for a more definite statement as a sufficient and intended timely response or answer to its order to show cause by December 16, 2022. ............................................................ XVII

3.    The C.F.C. should be reversed because it unfairly dismissed the case because demonstrating the jurisdiction of the C.F.C. is generally "A LOW BAR" but C.F.C. Senior Judge Smith has turned it into a game by abusing discretion in making a long, brief, and unwarranted debate about subject-matter jurisdiction which is also inconsistent with instructions to trial court judges from the Supreme Court and clearly errored by not finding the claims sufficient by a preponderance of evidence and because the complaint contains a particularized set of facts which raise a reasonable doubt that C.F.C. abused its discretion. .................................................... XX

4.    Because venue is proper in the C.F.C., this court should reverse, because it has exclusive jurisdiction over the contract-at-hand or over the facts which also show an implied contract with Plaintiff as a prospective bidder to fairly consider their bids or fair negotiation. ....................................................................................................XXX

5.    The C.F.C. abused its discretion and clearly errored because it failed to construe the contract-at-hand under the "BOUNTY CLAUSE" of Section 4 of the Fourteenth Amendment, subject to mandatory trial and expedient resolution upon question as instructed by the Supreme Court. ..........................................................................XXXIII

6.    The C.F.C. abused its discretion or clearly errored when it sua sponte dismissed this re-filed and updated complaint-at-hand because Defendant had already submitted its notice of appearance through its competent counsel, availing itself to jurisdiction of the said court below........................................................................ XXXVI

7.    The C.F.C. below should have allowed this re-filed and updated complaint-at-hand because Defendant has consented to be sued under its authority and jurisdiction through the Big Tucker Act, 28 U.SC. § 1491(a), which is also the wavier of Defendant's sovereign immunity.  Compare No. 1:22-cv-1446-LAS (C.F.C. 202_) with No. 1:21-cv-2004-LAS (C.F.C. 2021). .............................................................XXXIX

8.   The C.F.C. clearly errored because the underlying jurisdictional facts are not factually frivolous, and the contract-at-hand demonstrates a primia facie case that the C.F.C. has jurisdiction over the matter. ..................................................XLV

9.   The C.F.C. below should have allowed this re-filed and updated complaint-at-hand because it has jurisdiction over the Defendant via its property, *res*, which is the contract-at-hand.........................................................................................................LI

10.  The C.F.C. below should have allowed this re-filed and updated Complaint because it has jurisdiction over the Defendant through the substantiating contract-at-hand, which prevents Defendant from claiming sovereign immunity, absolute sovereign immunity, executive privilege, secrecy, etc. because the contracts law's covenant of good faith and fair dealing, and unfettered by the public policy of the Big Tucker Act, 28 U.S.C. § 1491(a). ...........................................................LVII

11.  The C.F.C. below should have allowed this re-filed and updated the Complaint because it has jurisdiction over the Defendant and the claims are constitutionally warranted and also because contracts law's covenant of good faith and fair dealing, not only unfettered but also aidded by the public policy of the Big Tucker Act, 28 U.S.C. § 1491(a), prevents the Defendant-President from claiming executive privilege or absolute sovereign immunity, especially since the court can continue permissively *en camera*, unfettered by contract's law public policy inquiry. ...............................LXII

12.  The C.F.C. below should have allowed this re-filed and updated the Complaint because it has jurisdiction over the Defendant and the claims are constitutionally warranted because they are properly State affairs of the United States rather than national security matters, and is aidded and unfettered by contract law's covenant of good faith and fair dealing and public policy inquiry. ...................................LXVIII

13.  C.F.C. Senior Judge Smith abused his honor's discretion by not *sua sponte* mustering the jurisdictional questions of law with the jurisdictional questions of fact for the Patel, who is acting *pro se* in the C.F.C., and keepings the gates of justice closed. ................................................................................................................. LXXII

**APPENDIX A**................................................................................................ LXXVI

**APPENDIX B** ................................................................................................LXXXI

**CERTIFICATE OF SERVICE** ...............................................................................A

**OPIONION & ORDER AT ECF 27** .........................................................................

## TABLE OF AUTHORITIES

**CASE LAW**

6601 Dorchester Inv. Grp., LLC v. United States,
    No. 20-1427C,
    154 Fed.Cl. 685 (2021), Dkt. 11 ............................................................... 10, 12

A & D Fire Prot., Inc. v. United States,
    72 Fed. Cl. 126 (2006) ................................................................................ 10

Adam v. Saenger,
    303 U.S. 59 (1938) ...................................................................................... 10

Adkins v. United States,
    68 F.3d 1317 (Fed. Cir. 1995) ..........................................................................

Aerolineas Argentinas v. United States,
    77 F.3d 1564 (Fed. Cir. 1996) ..........................................................................

Agostini v. De Antueno,
    199 Misc. 191,
    99 N.Y.S.2d 245 (N.Y. App. Div. 1950) ........................................................

Alston-Bullock v. United States,
    122 Fed. Cl. 38 (2015) ................................................................................ 10

Amax Coal Co. v. United States,
    205 F.3d 1369 (Fed. Cir. 2000) ........................................................................

Apple Inc. v. Zipit Wireless, Inc.,
    30 F.4th 1368 (Fed. Cir. 2022) ........................................................................

Archey v. Osmose Utils. Servs.,
    No. 1:20-cv-05247 (N.D. Ill. Aug. 3, 2021) ....................................................

Arendi S.A.R.L. v. Apple Inc.,
    832 F.3d 1355 (Fed. Cir. 2016) ........................................................................

Ashcroft v. Iqbal,
    556 U.S. 662 (2009) ..........................................................................................

Auto. Club Ins. Ass'n v. United States,
    103 Fed.Cl. 268 (2012) ............................................................................... 14

Awad v. United States,
    301 F.3d 1367 (Fed. Cir. 2002) ................................................................ 2, 10

Baker v. Cuomo,
    58 F.3d 814 (2d Cir. 1995) ............................................................................. 2

Balt. Ohio R.R. v. United States,
        261 U.S. 592 (1923)........................................................................................13

Barnes v. Glen Theatre, Inc.,
        501 U.S. 560 (1991)…………...................................................................................

BASF Corp. v. United States,
        497 F.3d 1309 (Fed. Cir. 2007)...........................................................................

Bigelow v. Old Dominion Copper Co.,
        225 U.S. 111 (1912)…………...................................................................................

Boswell's Lessee v. Otis,
        50 U.S. 336 (1849)...............................................................................................

Bowers Inv. Co. v. United States,
        695 F.3d 1380 (Fed. Cir. 2012)...........................................................................

Bowers v. Hardwick,
        478 U.S. 186 (1986)…………...................................................................................

Bridges v. California,
        314 U.S. 252 (1941)...........................................................................................4

Bright v. United States,
        603 F.3d 1273 (Fed. Cir. 2010)...........................................................................

Brown v. Bd. of Education of Topeka,
        349 U.S. 294 (1955)...........................................................................................12

Brubaker Amusement Co., Inc. v. United States,
        304 F.3d 1349 (Fed. Cir. 2002)...........................................................................

C & S Cap. Corp. v. Sweetwater Homes, Inc.,
        382 S.E.2d 399 (Ga. 1989)...................................................................................

Caraballo v. United States,
        No. 1:15-cv-00223-SGB (C.F.C. Jan. 29, 2016), Dkt. 18......................................

Caraballo v. United States,
        No. 2016-1628 (Fed. Cir. May 30, 2017)............................................................

Carey Indus. v. United States,
        614 F.2d 734 (Fed. Cir. 1980).............................................................................

Centex Corp. v. United States,
        395 F.3d 1283 (Fed. Cir. 2005)...........................................................................

Cherokee Nation of Oklahoma v. Leavitt,
        543 U.S. 631 (2005).............................................................................................

Chisholm v. Georgia,
    2 U.S. 419 (1793)..................................................................................

Clorox Co. P.R. v. Proctor Gamble,
    228 F.3d 24 (1st Cir. 2000)..................................................................

Columbus Reg'l Hosp. v. United States,
    990 F.3d 1330 (Fed. Cir. 2021)....................................................10, 13

Comm. on Judiciary, U.S. House of Representatives v. U.S. Dep't of Justice (In re
    Comm. on Judiciary),
    951 F.3d 589 (D.C. Cir. 2020)...........................................................

Consol. Edison Co. of N.Y. v. N.L.R.B.,
    305 U.S. 197 (1938)...........................................................................10

Constant v. United States,
    929 F.2d 654 (Fed. Cir. 1991)...........................................................

Crocker v. United States,
    125 F.3d 1475 (Fed. Cir. 1997).........................................................14

Dagupion v. Green Tree Servicing,
    No. 1:11-cv-00120-SOM-KSC (D. Haw. Dec. 7, 2011)....................

Dainippon Screen Mfg. Co. v. CFMT, Inc.,
    142 F.3d 1266 (Fed. Cir. 1998).........................................................

De Archibold v. United States,
    499 F.3d 1310 (Fed. Cir. 2007).........................................................

Denton v. Hernandez,
    504 U.S. 25 (1992)............................................................................

Dieffenbach v. Barnes & Noble, Inc.,
    887 F.3d 826 (7th Cir. 2018).............................................................

Digeo v. Audible,
    505 F.3d 1362 (Fed. Cir. 2007).........................................................

Dobbs v. Jackson Women's Health Org.,
    No. 19-1392,
    597 U.S. ___ (U.S. Jun. 24, 2022).....................................................5

Dun & Bradstreet, Inc. v. Greenmoss Builders, Inc.,
    472 U.S. 749 (1985)..........................................................................

Durr v. Nicholson,
    400 F.3d 1375 (Fed. Cir. 2005).........................................................

Emery Worldwide Airlines, Inc. v. United States,
    264 F.3d 1071 (Fed. Cir. 2001)............................................................................13

Enercon GMBH v. Int'l Trade Comm.,
    151 F.3d 1376 (Fed. Cir. 1998)........................................................................

Engage Learning, Inc. v. Salazar,
    660 F.3d 1346 (Fed. Cir. 2011)........................................................................

Engel v. F.B.I.,
    No. 4:20-CV-1636-SRW (E.D. Mo. May. 3, 2021)...........................................

Engel v. Facebook,
    No. 4:20-CV-1924-MTS (E.D. Mo. Jan. 15, 2021)...........................................

Fincke v. United States,
    675 F.2d 289 (Ct. Cl. 1982)..........................................................................10

Fisher v. United States,
    402 F.3d 1167 (Fed. Cir. 2005)......................................................................11

Ford Motor Co. v. United States,
    635 F.3d 550 (Fed. Cir. 2011)..........................................................................2

Fort Vancouver Plywood Co. v. United States,
    860 F.2d 409 (Fed. Cir. 1988)........................................................................

Fox v. Rogers Bldg. Ventures,
    978 N.E.2d 755 (Ind. Ct. App. 2012)..............................................................

Frank's Casing Crew & Rental Tools, Inc. v. PMR Techs., Ltd.,
    292 F.3d 1363 (Fed. Cir. 2002)......................................................................

Future Forest, LLC v. Sec'y of Agric.,
    No. 2020-2039 (Fed. Cir. Apr. 15, 2021)........................................................

G4S Tech. LLC v. United States,
    779 F.3d 1337 (Fed. Cir. 2015)......................................................................

Gladstone Realtors v. Vill. of Bellwood,
    441 U.S. 91 (1979).................................................................3, 8, 10, 12, 15

Gonzalez v. Thaler,
    —— U.S. ——,
    132 S.Ct. 641 (2012).......................................................................................2

Haines v. Kerner,
    404 U.S. 519 (1972).......................................................................................2

Hall v. Bed Bath & Beyond, Inc.,
    705 F.3d 1357 (Fed. Cir. 2013)................................................................

Hanlin v. United States,
    214 F.3d 1319 (Fed. Cir. 2000).....................................................13, 15

Hanson v. Denckla,
    357 U.S. 235 (1958)...............................................................................

Henke v. United States,
    60 F.3d 795 (Fed. Cir. 1995)..............................................................10

Heyer Prods. Co. v. United States,
    135 Ct.Cl. 63,
    140 F.Supp. 409 (1956).....................................................................13

Holland v. United States,
    621 F.3d 1366 (Fed. Cir. 2010)............................................................

Hollingsworth v. Perry,
    133 S. Ct. 2652 (U.S. 2013)...................................................................4

Holmes v. United States,
    657 F.3d 1303 (Fed. Cir. 2011).............................................................

Illinois v. Allen,
    397 U.S. 337 (1970)...............................................................................5

Ilor, LLC v. Google, Inc.,
    550 F.3d 1067 (Fed. Cir. 2008).............................................................

In re Arthur J. Gallagher Data Breach Litig.,
    No. 1:22-cv-137 (N.D. Ill. Sep. 28, 2022)............................................

In re Bill of Lading Transmission & Processing Sys. Patent Litig.,
    681 F.3d 1323 (Fed. Cir. 2012).............................................................

In re Gen. Motors LLC Ignition Switch Litig.,
    339 F. Supp. 3d 262 (S.D.N.Y. 2018)...................................................

In re Lindsey,
    158 F.3d 1263 (D.C. Cir. 1998).............................................................

Innovair Aviation Ltd. v. United States ("Innovair III"),
    72 Fed.Cl. 415 (C.F.C. 2006), rev'd,
    632 F.3d 1336 (Fed. Cir. 2011) (Gajarsa, Linn, & Prost, JJ.) (Gajarsa, Cir. J.,
    op.).......................................................................................................

Jackson v. United States,
    No. 2014-5121 (Fed. Cir. 2015)............................................................

Jones v. United States,
    30 F.4th 1094 (Fed. Cir. 2021)...........................................................2, 10, 12

Joshua v. United States,
    17 F.3d 378 (Fed. Cir. 1994)...........................................................................

Kadin Corp. v. United States,
    782 F.2d 175 (Fed. Cir. 1986).....................................................................7, 9

Kelly v. United States,
    826 F.2d 1049 (Fed. Cir. 1987).......................................................................

Kelly-Leppert v. United States,
    No. 2022-1301 (Fed. Cir. May. 9, 2022)............................................................

Knapp, Stout Co. v. McCaffrey,
    177 U.S. 638 (1900)........................................................................................

Lawrence v. Texas,
    539 U.S. 558 (2003)…………….........................................................................

LeBlanc v. United States,
    50 F.3d 1025 (Fed. Cir. 1995).........................................................................2

Logan v. Dupuis,
    990 F. Supp. 26 (D.D.C. 1997)........................................................................

Lopez v. United States,
    No. 1:21-cv-1166 (C.F.C. Jan. 21, 2022), Dkts. 14-5.......................................

Lopez v. United States,
    No. 2022-1426 (Fed. Cir. Feb. 6, 2023)...........................................................

Lynch v. United States,
    292 U.S. 571 (1934).......................................................................................14

M.A. Mortenson Co. v. United States,
    996 F.2d 1177 (Fed. Cir. 1993)........................................................................

Macom Tech. Sols. Holdings, Inc. v. Infineon Techs. AG,
    881 F.3d 1323 (Fed. Cir. 2018)........................................................................

Maine Cmty. Health Options v. United States,
    140 S. Ct. 1308 (2020)...................................................................................

Marbury v. Madison,
    5 U.S. 137 (1803)...........................................................................................7

Marine Logistics, Inc. v. England,
    265 F.3d 1322 (Fed. Cir. 2001).......................................................................

Mavrix Photo Inc. v. Brand Techs. Inc.,
    647 F.3d 1218 (9th Cir. 2011)..............................................................

McCoy et al. v. Trump Corp. et al.,
    No. 1:18-cv-9936-LGS (S.D.N.Y. 202_), Dkt. 272.............................................

McLaughlin v. Merit Sys. Prot. Bd.,
    No. 2019-1997 (Fed. Cir. Mar. 23, 2021)……………………............................................

McZeal v. Sprint Nextel Corp.,
    501 F.3d 1354 (Fed. Cir. 2007)........................................................................2

Mendoza v. Merit Sys. Prot. Bd.,
    966 F.2d 650 (Fed. Cir. 1992)........................................................................9

Metcalf Constr. Co. v. United States,
    742 F.3d 984 (Fed. Cir. 2014)..............................................................

Metcalf Constr. Co. v. United States,
    No. 07-777C (D.C. Cir. Nov. 30, 2011)..............................................................

Metz v. United States,
    466 F.3d 991 (Fed. Cir. 2006)........................................................................2

Milton v. United States,
    No. 2020-1130 (Fed. Cir. Mar. 5, 2020)..........................................................14

Milton v. United States,
    No. 2021-1338 (Fed. Cir. Jun. 2, 2022)..........................................................14

Milton v. United States,
    No. 21-1331 (Fed. Cir. Jun. 2, 2022), Dkt. 120.............................................14

Minehan v. United States,
    75 Fed. Cl. 249 (2007)................................................................................10

Mobil Oil Expl. & Producing Se. v. United States,
    530 U.S. 604 (2000)..............................................................

Mohammed v. United States,
    No. 2022-1543 (Fed. Cir. Aug. 26, 2022)..............................................................

Moore v. E. Cleveland,
    431 U.S. 494 (1977)........................................................................................6

Morewood v. Enequist,
    64 U.S. 491 (1859)........................................................................................6

Motions Sys. Corp. v. Bush,
    437 F.3d 1356 (Fed. Cir. 2006)..............................................................

Nat'l Bank v. Republic of China,
       348 U.S. 356 (1955)..........................................................................................

Nat'l Hockey League v. Metro. Hockey Club,
       427 U.S. 639 (1976).................................................................................8-9

Neitzke v. Williams,
       490 U.S. 319 (1989)..........................................................................................

Norman v. United States,
       429 F.3d 1081 (Fed. Cir. 2005)........................................................................14

Nw, Inc. v. Ginsberg,
       572 U.S. 273 (2014)..........................................................................................

Obergefell v. Hodges,
       135 S. Ct. 2584 (2015)…………...................................................................

Palantir USG, Inc. v. United States,
       904 F.3d 980 (Fed. Cir. 2018)...........................................................................

Patel v. The Executive Offices of the President,
       No. 7419 (CBCA June 24, 2022)......................................................................

Patel v. United States,
       No. 1:21-cv-02004-LAS (C.F.C. Nov. 5, 2021)...............................................

Patel v. United States,
       No. 22-1131 (Fed. Cir. 2022), ECF 31.............................................................

Patel v. United States,
       No. 23-1325 (Fed. Cir. 202_)............................................................................

Patel v. White House Chief of Staff,
       No. 2022-1962 (Fed. Cir. Aug. 29, 2022)........................................................

Paul E. Lehman, Inc. v. United States,
       673 F.2d 352 (Fed. Cir. 1982)..........................................................................

Perkins v. Benguet,
       342 U.S. 437 (1951)........................................................................................10

Perry v. United States,
       2021 WL 2935075,
       149 Fed.Cl. 1 (2020)........................................................................................

PGS Geophysical AS v. Iancu,
       891 F.3d 1354 (Fed. Cir. 2018).......................................................................

Phang v. United States,
    388 F. App'x 961 (Fed. Cir. 2010)......................................................................

Phang v. United States,
    No. 2008-cv-647 (C.F.C. 2009)........................................................................

Poindexter v. Greenhow,
    114 U.S. 270 (1884)........................................................................................

Precision Specialty Metals, Inc. v. United States,
    315 F.3d 1346 (Fed. Cir. 2003).......................................................................

Principality of Monaco v. Mississippi,
    292 U.S. 313 (1934)........................................................................................

Printz v. United States,
    521 U.S. 898 (1997)..........................................................................1, 3, 4, 6, 11

Quinault Allot. Ass'n Ind. Allot. v. United States,
    197 Ct. Cl. 134,
    453 F.2d 1272 (Fed. Cir. 1972)........................................................................

Quinn v. United States,
    349 U.S. 155 (1955)........................................................................................

Quinn v. United States,
    349 U.S. 155 (1955)........................................................................................

Raymark Indus., Inc. v. United States,
    15 Cl. Ct. 334 (Ct. Cl. 1988)......................................................................10

Redondo v. United States,
    542 F. App'x 908 (Fed. Cir. 2013)..................................................................2

Remijas v. Neiman Marcus Grp., LLC,
    794 F.3d 688 (7th Cir. 2015)...........................................................................

Reynolds v. Army & Air Force Exchange Serv.,
    846 F.2d 746 (Fed. Cir. 1988)....................................................................10

Richey v. United States,
    322 F.3d 1317 (Fed. Cir. 2003)........................................................................

Roche v. U.S. Postal Serv.,
    828 F.2d 1555 (Fed. Cir. 1987)..................................................................10

Rochin v. California,
    342 U.S. 165 (1952)....................................................................................5-6

Romala Corp. v. United States,
    927 F.2d 1219 (Fed. Cir. 1991)................................................................

Rosario-Fabregas v. Merit Sys. Prot. Bd.,
    833 F.3d 1342 (Fed. Cir. 2016).........................................................2

Roth v. United States,
    354 U.S. 476 (1957)…………...............................................................

Sampson v. United States,
    529 F.2d 1299 (Fed. Cir. 1976)................................................................

Sanders v. Wiltemp Corp.,
    465 F. Supp. 71 (S.D.N.Y. 1979)..............................................................

Schaeffler Grp. U.S., Inc. v. United States,
    786 F.3d 1354 (Fed. Cir. 2015)........................................................5

Scheuer v. Rhodes,
    416 U.S. 232 (1974)...............................................................................

Schirripa v. United States,
    615 F. App'x 687 (Fed. Cir. 2015).......................................................12-3, 15

Scott Timber Co. v. United States,
    692 F.3d 1365 (Fed. Cir. 2012)................................................................

SGS-92-X003 v. United States,
    No. 1:97-cv-00579-MCW (Fed. Cl. 1997-2014)............................................12

Shelden v. United States,
    7 F.3d 1022 (Fed. Cir. 1993).......................................................10-11

Shelden v. United States,
    No. 1:17-cv-1507-LAS,
    2017 WL 5494043 (C.F.C. Nov. 16, 2017)........................................................

Shelden v. United States,
    No. 2018-1381 (Fed. Cir. Jul. 12, 2018)...............................................10-11

Shinnecock Indian Nation v. United States,
    No. 12-836 L,
    112 Fed.Cl. 369 (C.F.C. 2013)..................................................................

Shinnecock Indian Nation v. United States,
    No. 2014-5015,
    782 F.3d 1345 (Fed. Cir. 2015)................................................................

Smart v. Local 702 Intern,
    562 F.3d 798 (7th Cir. 2009)...................................................................

Spencer v. United States,
     98 Fed. Cl. 349 (2011)............................................................................................

Spengler v. United States,
     688 F. App'x 917 (Fed. Cir. 2017)................................................................10

Spezzaferro v. Fed. Aviation Admin.,
     807 F.2d 169 (Fed. Cir. 1986)........................................................................

Starr Int'l Co. v. United States,
     121 Fed. Cl. 428 (2015)..................................................................................

State v. Dexter,
     32 Wn. 2d 551 (Wash. 1949)…………...........................................................

Steffen v. United States,
     995 F.3d 1377 (Fed. Cir. 2021)......................................................................

Sun Oil Co. v. United States,
     514 F.2d 1020 (Ct. Cl. / Fed. Cir. 1975)........................................................

Swann v. Adams,
     385 U.S. 440 (U.S. 1967)...............................................................................

Swift & Courtney & Beecher Co. v. United States,
     11 U.S. 22 (1884).....................................................................................14-15

Talasila, Inc. v. United States,
     240 F.3d 1064 (Fed. Cir. 2001).....................................................................

Taylor v. United States,
     959 F.3d 1081 (Fed. Cir. 2020).................................................................14

Teague v. Lane,
     489 U.S. 288 (1989)..................................................................................2, 5

Terry v. United States,
     No. 09-454 C (D.C. Cir. Mar. 6, 2012)..........................................................

Texas State Bank v. United States,
     423 F.3d 1370 (Fed. Cir. 2005).....................................................................

Thompson v. The United States,
     No. 11-170C (C.F.C. Mar. 8, 2012).................................................................9

Tinton Falls Lodging Realty, LLC v. United States,
     800 F.3d 1353 (Fed. Cir. 2015).................................................3, 10, 12, 15

Total Med. Mgmt., Inc. v. United States,
     104 F.3d 1314 (Fed. Cir. 1997)...................................................................10

U.S. Dep't of Agric. v. Moreno,
       413 U.S. 528 (1973)…………...............................................................

U.S. Term Limits, Inc. v. Thornton,
       514 U.S. 779 (1995)...................................................................4

United Keetoowah Band v. RCFC 19,
       No. 03-1433L (Fed. Cl. Sep. 16, 2005)...............................................

United States v. Arthrex, Inc.,
       594 U.S. ___,
       141 S. Ct. 1970,
       No. 19-1434 (2021) (Roberts, C.J., op.)..............................................

United States v. Harris,
       106 U.S. 629 (1883)...........................................................................

United States v. John C. Grimberg Co.,
       702 F.2d 1362 (Fed. Cir. 1983) (en banc)..........................................

United States v. Lower Sioux Indian Com. in Minn.,
       519 F.2d 1378 (Fed. Cir. 1975).........................................................

United States v. Navajo Nation,
       556 U.S. 287 (2009)...........................................................................

United States v. Nixon,
       418 U.S. 683 (1974)...........................................................................

United States v. Providence Journal Co.,
       485 U.S. 693 (1988)...........................................................................

United States v. Turner Const. Co.,
       827 F.2d 1554 (Fed. Cir. 1987)..........................................................

United States v. Windsor,
       570 U.S. 744 (2013)...................................................................4

Upjohn Co. v. United States,
       449 U.S. 383 (1981)...................................................................4

Upper Skagit Indian Tribe v. Lundgren,
       138 S. Ct. 1649 (2018).......................................................................

V. L. v. E. L.,
       577 U.S. 404 (2016)...........................................................10-11

Vargas v. United States,
       No. 12-508C,
       114 Fed. Cl. 226 (2014).....................................................................

Vereda, Ltda. v. United States,
    271 F.3d 1367 (Fed. Cir. 2001).........................................................................

Villars v. United States,
    No. 2014-5124,
    590 F. App'x 962 (Fed. Cir. 2014)...................................................................

Vivint, Inc. v. Alarm.com Inc.,
    No. 2017-2261 (Fed. Cir. Dec. 20, 2018)..................................................10-11

Voge v. United States,
    844 F.2d 776 (Fed. Cir. 1988)..........................................................................

Wagstaff v. United States,
    105 Fed. Cl. 99 (2012)..................................................................................10

White v. Bd. of Cnty. Com'rs,
    524 So. 2d 428 (Fla. Dist. Ct. App. 1988).........................................................

Woodward v. United States,
    871 F.2d 1068 (Fed. Cir. 1989) .......................................................................4

Wu v. DSD,
    No. 14-CV-5402-CBA-SMG (E.D.N.Y. Sep. 21, 2015)……………......................

Youngstown Sheet & Tube Co. v. Sawyer,
    349 U.S. 579 (1952).........................................................................................

YP, LLC v. Ristich,
    801 S.E.2d 80 (Ga. Ct. App. 2017)………….....................................................

Zavodnik v. Harper,
    17 N.E.3d 259 (Ind. 2014)...............................................................................

Zoltek Corp. v. United States,
    442 F.3d 1345 (Fed. Cir. 2006).......................................................................

## UNITED STATES CONSTITUTION

Decl. of Indep. (1776)..............................................................................................

Treaty of Paris (1783)..............................................................................................

amend. IX...........................................................................................................5-6

amend. V.......................................................................................................in passim

amend. X.......................................................................................................in passim

amend. XIV.......................................................................................................2, 4

amend. XIV, § 4........................................................................12, 15

art. III............................................................................*in passim*

art. IV, § 1........................................................................*in passim*

art. IV, § 2........................................................................*in passim*

art. VI, § 1..............................................................................7

pmbl............................................................................*in passim*

**STATUTE**

28 U.S.C. § 1346(a)..........................................................*in passim*

28 U.S.C. § 1491(b)..........................................................*in passim*

28 U.S.C. § 1631.............................................................*in passim*

28 U.S.C. § 1651.............................................................*in passim*

28 U.S.C. § 1915(e)(2)(B)....................................................*in passim*

28 U.S.C. § 1915A............................................................*in passim*

28 U.S.C. § 2501.............................................................*in passim*

28 U.S.C. § 2504.............................................................*in passim*

28 U.S.C. § 2517.............................................................*in passim*

28 U.S.C. § 2521.............................................................*in passim*

28 U.S.C. § 453..............................................................*in passim*

28 U.S.C. § 455..............................................................*in passim*

28 U.S.C. § 516..............................................................*in passim*

28 U.S.C. §§ 1295(a)(3)......................................................*in passim*

28 U.S.C. §§ 2071 et seq.....................................................*in passim*

28 U.S.C. §§ 331 et seq......................................................*in passim*

41 U.S.C. §§ 7101-7109 (CDA).................................................*in passim*

42 U.S.C. § 1491(a)(2).......................................................*in passim*

42 U.S.C. § 1981.............................................................*in passim*

42 U.S.C. § 1982 .................................................................................*in passim*

42 U.S.C. § 1983 .................................................................................*in passim*

42 U.S.C. § 2000bb-1(c) .....................................................................*in passim*

42 U.S.C. §§ 2000bb et seq ................................................................*in passim*

**RCFC**

Fed. R. Civ. P. 8(e)(2) ...........................................................................

RCFC 11(b) ............................................................................................

RCFC 11(c) ............................................................................................

RCFC 12(e) ............................................................................................

RCFC 12(h)(3) .......................................................................................

RCFC 4 ...................................................................................................

RCFC 55 .................................................................................................

RCFC 8(e) ..............................................................................................

RCFC 9(k) ..............................................................................................

**FEDERALIST PAPER**

Federalist 42 ..........................................................................................

Federalist 80 ..........................................................................................

**SECONDARY SOURCES**

https://constitution.congress.gov/browse/essay/amdt14-S1-7-1-3/ALDE_00013034/ ..............................................................

https://constitution.congress.gov/browse/essay/artIV-S2-C1-1/ALDE_00013777/ ...............................................................

https://constitution.congress.gov/browse/essay/artIV-S2-C1-4/ALDE_00013780/ ...............................................................

https://constitution.congress.gov/browse/essay/artIV-S2-C1-1/ALDE_00013777/ ...............................................................

https://constitution.congress.gov/browse/essay/artIV-S2-C1-1/ALDE_00013777/ ...............................................................

https://constitution.congress.gov/browse/essay/artIV-S2-C1-1/ALDE_00013777/ ...............................................................

https://constitution.congress.gov/browse/essay/artIV-S2-C1-1/ALDE_00013777/................................................................

https://constitution.congress.gov/browse/essay/artIV-S2-C1-1/ALDE_00013777/................................................................

https://constitution.congress.gov/browse/essay/artIV-S2-C1-1/ALDE_00013777/................................................................

https://constitution.congress.gov/browse/essay/artIV-S2-C1-3/ALDE_00013779/................................................................

https://constitution.congress.gov/browse/essay/artIV-S2-C1-1/ALDE_00013777/................................................................

https://constitution.congress.gov/browse/essay/artIV-S2-C1-2/ALDE_00013778/................................................................

https://constitution.congress.gov/browse/essay/artIV-S2-C1-4/ALDE_00013780/................................................................

https://constitution.congress.gov/browse/essay/artIV-S2-C1-4/ALDE_00013780/................................................................

https://www.carealtytraining.com/blogs/real-property-vs-personal-property................................................................

Restatement (Second) of Contracts § 205 (1981)................................................................

Restatement (Second) of Contracts § 313 (1981)................................................................

Sisk, Gregory C., J.D.,[1] "Online Symposium: The Federal Circuit's 2020 Rulings Reviewing Decisions of the Court of Federal Claims in Tucker Act Cases" (Mar. 31, 2021), FedCirBlog, https://fedcircuitblog.com/2021/03/31/online-symposium-the-federal-circuits-2020-rulings-reviewing-decisions-of-the-court-of-federal-claims-in-tucker-act-cases/..........................................................................14

United Nations Decl. of Hum. Rgts., Arts. 21 & 28...........................................LVII

Madison, Monday, June 18, in Committee of the whole, on the propositions of Mr. Patterson & Mr. Randolph, The Records of the Fed. Convention of 1787, vol. 1, pp. 285-291, New Haven: Yale U. Press, 1911, Edited by Max Farrand, https://oll.libertyfund.org/title/farrand-the-records-of-the-federal-convention-of-1787-vol-1#lf0544-01_head_163..........................................................XLVII

Madison, Monday, June 25, in Convention, The Records of the Fed. Convention of 1787, vol. 1, pp. 398-405, New Haven: Yale U. Press, 1911, Edited by Max Farrand, https://oll.libertyfund.org/title/farrand-the-records-of-the-federal-convention-of-1787-vol-1#lf0544-01_head_210..........................................................XLVII

---

1. Laghi Distinguished Chair of Law at the U. of St. Thomas Sch. of L. (Minn.). A former appellate attorney with the U.S. Dep't of Justice, Sisk is the author of the West Academic hornbook on Litigation With the Federal Government (2016) and of dozens of articles on federal government civil litigation including the jurisdiction of the Court of Federal Claims. https://fedcircuitblog.com/2021/03/31/online-symposium-the-federal-circuits-2020-rulings-reviewing-decisions-of-the-court-of-federal-claims-in-tucker-act-cases/.

Yates, Monday, June 25, in Convention, <u>The Records of the Fed. Convention of 1787</u>, vol. 1, pp. 410-416, New Haven: Yale U. Press, 1911. Edited by Max Farrand, https://oll.libertyfund.org/title/farrand-the-records-of-the-federal-convention-of-1787-vol-1 - lf0544-01_head_211........................................................................XLVII

## STATEMENTS OF COUNSEL (PRO SE)

**1.  PETITION FOR HEARING EN BANC / PETITION FOR REHEARING**

A petition that an appeal be initially heard en banc must contain the following statement of, and separately signed by, counsel at the beginning:

Based on my professional judgment, I believe this appeal requires an answer to one or more precedent-setting questions of exceptional importance: (set forth each question in a separate sentence).

1.  Did the C.F.C. use discretion "unsoundly," "not soundly," or "abusively" and violate Ordered Liberty when denying the complaint for lack of jurisdiction meriting this court to reverse, remand, and/or issue mandamus as requested in ECF 11?

2.  Did the C.F.C. violate Ordered Liberty when denying the complaint for lack of jurisdiction and failing *sua sponte* to attempt to "*adequately* by the evidence *adduced at trial*" to see if the underlying facts for jurisdiction, subject-matter and personal, are satisfied?

3.  Did the C.F.C. violate the "BOUNTY CLAUSE" of Section 4 of the Fourteenth Amendment when failing to construe *sua sponte* the complaint-at-hand and dismissing for lack of jurisdiction?

4.  For QUESTION 1 & QUESTION 2, and maybe QUESTION 3, since the principles and law are a part of the Fifth and Fourteenth Amendment Due Process Clause?

5.  Did the C.F.C. abuse its discretion by ruling on an order to dismiss which caused dismissal?

6.  Did the C.F.C. abuse its discretion as too "harsh" because there were not "appropriate circumstances" for dismissing and dismissing with a filing bar because there is "not a track record or even one instance of "continued failings to comply with court orders" to constitute "callous disregard for the rules and

regulations," which should lead this court to reverse with mandamus to remove the filing bar?

7. Is the use of RCFC 11 unconstitutional when applied before an actual, justice trial attempting to seek adequate evidentiary support or before a motion for summary judgment, which should lead this court to reverse de novo for abuse of discretion?

8. Did the C.F.C. abuse its discretion in dismissed for lack of jurisdiction, *sub silento* possibly for improper venue?

9. Did the C.F.C. abuse its discretion for ignoring the Notice of Appearance and *sua sponte* dismissing the case for the Defendant?

10. Did the C.F.C. abuse its discretion or clearly error for failing to consider *primia facie* facts establishing jurisdiction?

11. Did the C.F.C. abuse its discretion or clearly error by allowing trial afater Plaintiff raised a particularized set of facts which create a reasonable doubt to muster the C.F.C.'s "low bar" for jurisdiction or to effectuate trial, including in Washington, D.C., Indianapolis, or even Atlanta?

12. Did the C.F.C. abuse its discretion for failing to *sua sponte* attach an implied contract claim for breach of fair bargain to the complaint, which also leads to jurisdiction?

13. Did the C.F.C. abuse its discretion for not *sua sponte* attaching an illegal exaction for unlawfully Taking the contract-at-hand claim to the complaint, which also leads to jurisdiction?

Respectfully submitted,

/s/ Raj Patel
T.E., T.E. Raj K. Patel (Pro Se)
6850 East 21st Street

Indianapolis, IN 46219
Marion County
317-450-6651 (cell)
rajp2010@gmail.com
www.rajpatel.live

Dated: March 16, 2023

**2. PETITION FOR REHEARING EN BANC**

A petition that an appeal be reheard en banc must contain one or both of the following statements of, and separately signed by, counsel at the beginning:

Based on my professional judgment, I believe the panel decision is contrary to the following decision(s) of the Supreme Court of the United States or the precedent(s) of this court: (cite specific decisions).

1. Printz v. United States, 521 U.S. 898, 918 (1997) quoting Principality of Monaco v. Mississippi, 292 U.S. 313, 322 (1934).

2. Teague, 489 U.S. at 288, 296 & 315 & Precision Specialty Metals, Inc., 315 F.3d at 1350 & 1354

3. McDonald, 561 U.S. at 880. Dun & Bradstreet, Inc., 472 U.S. at 769, 758, 787 (italics added). Illinois v. Allen, 397 U.S. 337, 348 (1970) (dicta). Rochin v. California, 342 U.S. 165, 169 (1952). Dobbs v. Jackson Women's Health Org., No. 19-1392 * 31, 597 U.S. ___ (U.S. Jun. 24, 2022).

4. Columbus Reg'l Hosp., 990 F.3d at 1341. Alston-Bullock, 122 Fed. Cl. at 40; Spengler, 688 F. App'x at 920; Minehan, 75 Fed. Cl. at 253; and accord Henke, 60 F.3d at 799.

5. Gladstone Realtors, 441 U.S. at 115 n. 31 cited in Tinton Falls Lodging Realty, LLC, 800 F.3d at 1364 (italics added).

6. Schirripa v. United States, 615 F. App'x 687 (Fed. Cir. 2015). See also Brown v. Bd. of Education of Topeka, 349 U.S. 294, 301 (1955) (civil rights matters must be enforced expediently and surely without notice by district courts).

7. Vivint, Inc., No. 2017-2261 & V. L., 577 U.S. at 407.

8. Emery Worldwide Airlines, Inc. v. United States, 264 F.3d 1071 (Fed. Cir. 2001).

9. LeBlanc v. United States, 50 F.3d 1025, 1030 (Fed. Cir. 1995). U.S. const. amends. V & XIV. Awad v. United States, 301 F.3d 1367, 1371-72 (Fed. Cir. 2002).

10. <u>Rosario-Fabregas v. Merit Sys. Prot. Bd.</u>, 833 F.3d 1342, 1349 (Fed. Cir. 2016) citing <u>Gonzalez v. Thaler</u>, —— U.S. ——, 132 S.Ct. 641, 648 (2012) (internal citation omitted) and 14D Charles Alan Wright et al., Fed. Practice & Procedure § 3801 (4th ed. 2013).

11. <u>6601 Dorchester Inv. Grp., LLC v. United States</u>, No. 20-1427C, 154 Fed.Cl. 685 (2021)

12. <u>Lynch v. United States</u>, 292 U.S. 571 (1934) cited in <u>Taylor v. United States</u>, 959 F.3d 1081, 1086-87 (Fed. Cir. 2020).

13. <u>Starr Int'l Co. v. United States</u>, 121 Fed. Cl. 428, 435 (2015).

14. <u>Dainippon Screen Mfg. Co. v. CFMT, Inc.</u>, 142 F.3d 1266, 1270 (Fed. Cir. 1998) and <u>Frank's Casing Crew & Rental Tools, Inc. v. PMR Technologies, Ltd.</u>, 292 F.3d 1363, 1371 (Fed. Cir. 2002).

15. <u>See generally</u> <u>Shelden</u>, 7 F.3d at 1031 (cited in <u>Shelden</u>, No. 2018-1381 * 3 n. 1 ("We reversed and remanded for a determination of just compensation.")).

16. <u>See</u> <u>*infra*</u> <u>Compare</u> <u>Mohammed</u>, No. 2022-1543 * 2 (Fed. Cir. Aug. 26, 2022)[2] (citing <u>Navajo Nation</u>, 556 U.S. at 290) <u>with</u> <u>Patel v. United States</u>, No. 22-1131 (Fed. Cir. 2022), ECF 31 (citing <u>Navajo Nation</u>, 556 U.S. at 290).

17. <u>Romala Corp. v. United States</u>, 927 F.2d 1219 (Fed. Cir. 1991) (Frivolity in argument is no doubt attributable at least as much to tactical decisions made by

---

2. <u>Contra.</u> <u>Mohammed</u>, No. 2022-1543 (Fed. Cir. Aug. 26, 2022) (We therefore conclude that Mr. Mohammed's appeal has no arguable basis in law and dismiss it as frivolous. <u>See</u> <u>Neitzke v. Williams</u>, 490 U.S. 319, 325 (1989) (holding that "an appeal on a matter of law is frivolous where '[none] of the legal points [are] arguable on their merits'" (citation omitted, brackets in the original)).). * 2 ("On April 10, 2014, Jackson, acting pro se, filed suit in the Court of Federal Claims. He alleged that he had been improperly denied Social Security benefits, as well as vocational rehabilitation benefits from the Department of Veterans Affairs ("VA"). Jackson further alleged that he had been falsely imprisoned, and that the State of Florida had wrongfully suspended his driver's license for speeding. In addition, Jackson alleged that he had devised a system for using "solar powered upwelling pipes" to prevent hurricanes, and asserted that the United States was obligated to pay him $10 billion for the use of this system. Jackson also asked the Court of Federal Claims to issue a declaration stating that he was mentally competent.").

an attorney in writing briefs as to the overall appellate strategy to which the client may specifically consent).

18. <u>Metcalf Constr. Co.</u>, 742 F.3d at 991; <u>Future Forest, LLC v. Sec'y of Agric.</u>, No. 2020-2039 (Fed. Cir. Apr. 15, 2021); and <u>Centex Corp. v. United States</u>, 395 F.3d 1283 (Fed. Cir. 2005).

19. <u>Macom Tech. Sols. Holdings, Inc. v. Infineon Techs. AG,</u> 881 F.3d 1323, 1328-29 (Fed. Cir. 2018).

20. <u>United States v. Lower Sioux Indian Com. in Minn.</u>, 519 F.2d 1378, 1385 (Fed. Cir. 1975).

Respectfully submitted,

/s/ Raj Patel
T.E., T.E. Raj K. Patel (Pro Se)
6850 East 21st Street
Indianapolis, IN 46219
Marion County
317-450-6651 (cell)
rajp2010@gmail.com
www.rajpatel.live

Dated: March 16, 2023

xxx

## POINTS OF LAWS & FACTS OVERLOOKED OR MISAPPREHENDED

I.  The points of law or fact the filer believes the court has overlooked or misapprehended as required under Federal Rule of Appellate Procedure 40(a)(2);

II.  The petition must state with particularity each point of law or fact that the petitioner believes the court has overlooked or misapprehended and must argue in support of the petition. Oral argument is not permitted.

III.  **Questions of Facts:**

A.  Did Plaintiff-Appellant (pro se) plead enough facts to show that the United States breached the United States-Presidential-express-not-written-and-memorialized-contract-in-fact-at-hand giving rise to jurisdiction under the Tucker Act, 28 U.S.C. § 1491(a), aided by Ordered Liberty and/or 5th and/or 14th Amendment Due Process? Cienega Gardens v. United States, 194 F.3d 1231, 1239 (Fed. Cir. 1998) (Whether a contract exists is a mixed question of law and fact) quoted in Cali. Fed. Bank v. United States, 245 F.3d 1342, 1346 (Fed. Cir. 2001) (includes review for clear error).

B.  Did Plaintiff-Appellant (pro se) plead enough facts to show that the Tucker Act, 28 U.S.C. § 1491(a), -complementing United States-Presidential-express-not-written-and-memorialized-contract-in-fact-at-hand was duly formed in light of the surrounding circumstances. Balt. & Ohio R. Co. v. United States, 261 U.S. 592, 597 (1923); Hercules, Inc. v. United States, 516 U.S. 417, 427 (1996) ("The circumstances surrounding the contracting are only relevant to the extent that they help us deduce what the parties to the contract agreed to in fact."); & Fraunhofer-Gesellschaft Zur Förderung Der

Angewandten Forschung E.V. v. Sirius XM Radio Inc., 940 F.3d 1372, 1382 (Fed. Cir. 2019).

C.  Did Plaintiff-Appellant (pro se) plead enough facts to show that the case-at-hand is not rooted in statute or regulation which complement the Tucker Act, 28 U.S.C. § 1491(a), but is rooted in a contract?  Cienega, 194 F.3d at 1239 quoted in California, 245 F.3d at 1346.

D.  Did Defendant-Appellee abusively ignore the Notice of Appearance which gave the court personal jurisdiction?

E.  Even if Plaintiff-Appellant did not fully prove the breach of the United States-Presidential-express-not-written-and-memorialized-contract-in-fact-at-hand, did the C.F.C. error or abuse its discretion by not granting trial or order sufficiency of contract claim based on the federal common law presumptions of civil contract and give the procedural rubber stamp to transfer money?  Total Med. Mgmt., Inc. v. United States, 104 F.3d 1314, 1319-20 (Fed. Cir. 1997).  Boaz Hous. Auth. v. United States, No. 2019-2325, 994 F.3d 1359 (Fed. Cir. Apr. 16, 2021).  Crow, No. 2017-2340, Dkt. 26 citing Kawa, 77 Fed. Cl. at 304 n. 4 & Oswalt v. United States, 41 Fed. Appx. 471, 472-73 (Fed. Cir. 2002).  28 U.S.C. § 453.

VI.  **Question of Law**:

A.  Did Plaintiff-Appellant (pro se) plead enough facts to show that the United States breached the United States-Presidential-express-not-written-and-memorialized-contract-in-fact-at-hand giving rise to jurisdiction under the Tucker Act, 28 U.S.C. § 1491(a), aided by Ordered Liberty and/or 5th and/or 14th Amendment Due Process?  Cienega Gardens v. United States, 194 F.3d 1231, 1239 (Fed. Cir. 1998) (Whether a contract exists is a mixed question of

law and fact) quoted in <u>Cali. Fed. Bank v. United States</u>, 245 F.3d 1342, 1346 (Fed. Cir. 2001) (includes review for clear error).

B.  Did Plaintiff-Appellant (pro se) plead enough facts to show that the Tucker Act, 28 U.S.C. § 1491(a), -complementing United States-Presidential-express-not-written-and-memorialized-contract-in-fact-at-hand  was  duly formed in light of the surrounding circumstances.  <u>Balt. & Ohio R. Co. v. United States</u>, 261 U.S. 592, 597 (1923); <u>Hercules, Inc. v. United States</u>, 516 U.S. 417, 427 (1996) ("The circumstances surrounding the contracting are only relevant to the extent that they help us deduce what the parties to the contract agreed to in fact."); & <u>Fraunhofer-Gesellschaft Zur Förderung Der Angewandten Forschung E.V. v. Sirius XM Radio Inc.</u>, 940 F.3d 1372, 1382 (Fed. Cir. 2019).

C.  Did Senior Judge Loren A. Smith of the C.F.C. abuse his discretion when his honor conducted a frivolity inquiry, inconsistent with <u>Fisher</u>, 402 F.3d at 1172 (*en banc*), on the United States-Presidential-express-not-written-and-memorialized-contract-in-fact-at-hand?  <u>Denton v. Hernandez</u>, 504 U.S. 25, 32-3 (1992).  <u>See also</u> <u>Holmes v. United States</u>, 657 F.3d 1303, 1314 (Fed. Cir. 2011).

D.  Did the Court of Federal Claims violate Plaintiff-Appellant's Fifth Amendment Due Process rights when it opined under R.C.F.C. 12(h)(3) rather than R.C.F.C. 12(b)(6), upon a motion submitted by United States-Defendant-Appellee, inconsistent with <u>Ralston Steel Corp. v. United States</u>, 340 F.2d 663, 667-69 & 672 (Fed. Cir. 1965), <u>cert. denied</u>, 381 U.S. 590 (1965) which further supports the federal common law presumptions of validness and enforceability of contracts of which breached give rise to liability?

E.  Can a valid & enforceable contract-in-fact, as contracts work under the theory of self-determination/Liberty/Privileges, formed by the directly by the United States-President, while working under both explicit Congressional approval via the Tucker Act, 28 U.S.C. § 1491(a), and/or 3 U.S.C. § 301 et seq. and the President's constitutional powers, rights and duties, be found "factually frivolous" by a United States-court of law, while being consistent with the norms of judicial review set by the Supreme Court and Federal Circuit? See Dkt. 10. Compare Dkt. 10 with ECF No. 27. Youngstown Sheet & Tube Co. v. Sawyer, 349 U.S. 579, 635-55 & 646 (1952). Fisher, 402 F.3d at 1172 (en banc) (frivolity inquiry is limited to statutes or regulations). Holmes v. United States, 657 F.3d 1303, 1314 (Fed. Cir. 2011) (strong presumption that civil contracts are valid). Samish Indian Nation v. United States, 419 F.3d 1355, 1363 (Fed. Cir. 2005) (self-determination allowed via contracts).

VII. Should the Federal Circuit have denied United States-Appellee's Motion for Summary Affirmance at ECF No. 16 because the position of the United States not "clear," because United States-C.F.C. Senior Judge Smith and United States-President Biden are in conflict, which is inconsistent with the conditional applicability of Joshua, 17 F.3d at 380? ECF Nos. 21 & 31. 28 U.S.C. § 516.

A.  Once it received United States-Appellee's Motion for Summary Affirmance at ECF No. 16, should the Federal Circuit have ordered United States-Mr. Kiepura to argue United States-President's viewpoint, as the President was the Promisor and the "chief constitutional officer," rather than United States-Judge Smith's opinion, which violates the separation of powers, in order to ensure that the "interests" of the United States and the Federal

Government are constitutionally represented and so that Plaintiff-Appellant has a fair, due appeal and litigation process, per <u>Marbury</u> at 166 and <u>Arthrex</u> at 23?  28 U.S.C. § 516.  <u>Motions Sys. Corp.</u>, 437 F.3d at 1356 and <u>Marbury</u>, 5 U.S. (1 Cranch) at 166[3], and opined in support of ECF 16 and ECF 21 in ECF 31? *Cf.* ECFs 16, 21, & 31 citing <u>Joshua</u>, 17 F.3d at 380. <u>Arthrex, Inc.</u>, 594 U.S. \_\_\_, 141 S. Ct. at 1970, No. 19-1434 at 23 (Roberts, C.J., op.) ("[T]he President remains responsible for the exercise of executive power—and through him, the exercise of executive power remains accountable to the people.").  Doctrine of Comity & Privileges and Immunities Cl., U.S. const. art. IV, § 2, cl. 1.

---

3. <u>Marbury</u>, 5 U.S. at 166 ("This officer…is to conform precisely to the will of the president. He is the mere organ by whom that will is communicated. The acts of such an [inferior] officer, as an officer, can never be examinable by the courts.").

## **RELATED CASES**

**1.** Patel v. United States, No. 2022-1131 (Fed. Cir. May 19 / June 2, 2022), cert. denied, No. 22-5280 (U.S. 2022), did not move for reconsideration.

> **2.** T.E., T.E. Raj K. Patel v. United States, No. 1:21-cv-02004-LAS (C.F.C. Nov. 5, 2021).

**3.** Patel v. Biden et al., No. 2022-5057 (D.C. Cir. June 8, 2022).

> **4.** Patel v. Biden et al., No. 1:22-cv-00394-UNA (D.D.C. Mar. 9, 2022).

**5.** Patel v. Chief of Staff, The Executive Offices of the President of the U.S., No. 2022-1962 (Fed. Cir. 2022) (mot. for stay) (filed June 29, 2022).

> **6.** Patel v. The Executive Offices of the President, No. 7419 (CBCA June 24, 2022).

**7.** Patel v. Biden et al., No. 1:22-cv-01658-DLF (D.D.C. June 29, 2022) (pet. for writ of mandamus § 1361).

**8.** Patel v. United States, No. 1:22-cv-00734-LAS (C.F.C. 2022) (pet. for writ of mandamus § 1651).

**9.** Patel v. United States, No. 2:22-cv-02624-WB (E.D. Pa. 2022) (pet. for writ of mandamus § 1361), transferred, No. 1:22-cv-01576-JPH-MG (S.D.I.N. 2022), dismissed due to filing bar.

**10.** Patel v. Trump Corp., No. 20-1513, 141 S. Ct. 2761 (June 14, 2021), rehr'g denied, 141 S.Ct. 2887 (U.S. Aug. 2, 2021).

> **11.** Doe v. Trump Corp., No. 20-1706, 2020 WL 10054085 (2d Cir. Oct. 9, 2020).

> **12.** Doe et al. v. The Trump Corp. et al., No. 1:18-cv-9936-LGS (S.D.N.Y. May 26, 2020), Dkt. 272.

**STATEMENT OF THE CASE**

Ordered Liberty has been violated, and Chaos has prevailed thus far causing me to file this case and the previous case *pro se* and *in forma pauperis*.

Also, missing from the complaint is the fact that I said, on the record, "I will blow up Harvard University if I am President of the United States," but loosing this case will disable me from running at all because the legally cognizable injuries towards my statuses remain unaddressed under terms of weakness even though I would have the better aim and use with the weaponry used on me and all others. Nevertheless, the Harvard graduates with judicial immunity will survive. And, despite my peril, I know my favorability ratings remain high. As I have stated, I am the check on Harvard. I also said during the complaint-described meeting that I have a boon from Supreme God Vishnu, and I said Goddess Lakshmi, the Goddess of Money, also vividly supports me. Compl. & 42 U.S.C. §§ 2000bb <u>et seq</u>. Other facts remain not pleaded consistent with the short and plain statement requirement under RCFC.

The Founders and Framers envisioned the Basis, the local officials of the United States, who may carry a gun without a background check and without a license, to come to the judiciary on complicated terms to protect, aid, and remedy our Ordered Liberty, which also overcomes state and federal sovereignty. The Basis is also Ordered Liberty for protection of HIS EXCELLENY PLAINTIFF-APPELLANT PATEL'S *glorioi*, images or somethings illustrious, and one's voice, which has been slightly affected by this ringing technology. It is my final decision to collect the remedy now. <u>See</u> <u>e.g.</u>, Op. & Order, <u>Sikorsky</u>, No. 21-2327 * 8 (Fed. Cl. Aug. 19, 2022).

**NEW FACTS**

I. I incorporate the new facts and claims mentioned in ECF 11 since the initial complaint-at-hand was filed in No. 1:22-cv-1446-LAS (C.F.C. 202_).

II. On February 17, 2023, a car truck hit me while I was at a Chase Bank in Marion County, Indiana. I do think that the same stressor attempted to injury or kill me.

III. The stress weapon along with other Gitmo-tactics is still being used over me.

**RULES**

<u>See</u> Add. A. [<u>Printz</u>, 521 U.S. at 918 and <u>McDonald</u>, 561 U.S. at 880].

**DISCUSSION**

**1. THIS COURT SHOULD REVERSE THE C.F.C. BECAUSE IT ABUSED ITS DISCRETION BY VIOLATING PLAINTIFF'S ORDERED LIBERTY WHICH**

**REQUIRES THAT THE C.F.C. REMEDY THE BREACH OF THE BIG TUCKER ACT, 28 U.S.C. § 1491(A), CONTRACT-AT-HAND, WHICH IS A LEGALLY COGNIZABLE INJURY, INSTEAD OF RELINQUSHING JURISDICTION.**

"Whether the [C.F.C.] has jurisdiction over a claim is a question of law that we review de novo...We review the court's findings of fact relating to jurisdictional issues for clear error." Jones, 30 F.4th at 1100. Cf. Redondo, 542 F. App'x at 908 * 4 (untimely so there is lack of jurisdiction). Matters regarding Ordered Liberty are reviewed for "abuse," "[un]sound" or "[not] sound" use of discretion. Teague, 489 U.S. at 288, 296 & 315 & Precision, 315 F.3d at 1350 & 1354. Because RCFC 8(e) requires "[p]leadings must be construed so as to do justice," and the Ordered Liberty's purpose to address inequalities in politics and inequalities in power, see e.g., McDonald, 561 U.S. at 880, as an Article I institution, the [C.F.C.] use of discretion should be reviewed under the standard more likely to welcome subject-matter jurisdiction: abuse of discretion, unsound use of discretion, or not sound use of discretion. Dkts. 11-15. Teague, 489 U.S. at 288, 296 & 315; Precision, 315 F.3d at 1350 & 1354; see also Erickson, 551 U.S. at 94; Haines, 404 U.S. at 520; McZeal, 501 F.3d at 1354, 1356, 1360-63; Baker, 58 F.3d at 818-19; and 28 U.S.C. §§ 1981-83. "When a requirement goes to subject-matter jurisdiction, courts are obligated to consider *sua sponte* issues that the parties have disclaimed or have not presented. Subject-matter jurisdiction can never be waived or forfeited," including but not limited to be the court or judge(s) and the parties. Rosario-Fabregas, 833 F.3d at 1349 citing Gonzalez, 132 S.Ct. at 648; and see Add. A. Metz, 466 F.3d at 996. Ford, 635 F.3d at 556. And, where Congress has consented to suit by waiver of sovereign immunity, such as under Big Tucker Act, 28 U.S.C. § 1491(a), the right to recover damages becomes a part of the party's Fifth and Fourteenth Amendment Due Process rights. LeBlanc, 50 F.3d at 1030. U.S. const. amends. V & XIV. Awad, 301 F.3d at 1371-72. Facts may be sufficiently supported by affidavit or other evidence for summary judgment, but the

Supreme Court requires that dismissal for doubt of the facts pertaining to standing and subject-matter jurisdiction must be "supported *adequately* by the evidence *adduced at trial*." Gladstone, 441 U.S. at 115 n. 31 cited in Tinton, 800 F.3d at 1364 (italics added). The use of RCFC 11 is usually unconstitutional when applied before an actual, justice trial attempting to seek adequate evidentiary support or before a motion for summary judgment. Id. But for the perils, which execrated each fold in October 2013, May 2014, August 2015, and July 2017, through the stress weapon, Patel would have passed a court-approved bar exam. See Patel, No. 23-1325. "Rather than seek a categorical understanding of the liberty clause, our precedents have thus elucidated a conceptual core. The clause safeguards, most basically, "the ability independently to define one's identity,"..."the individual's right to make certain unusually important decisions that will affect his own, or his family's, destiny,"...and the right to be respected as a human being. Self-determination, bodily integrity, freedom of conscience, intimate relationships, political equality, dignity and respect—these are the central values we have found implicit in the concept of ordered liberty." McDonald, 561 U.S. at 880. Plaintiff-Patel has the Constitutional privilege of Morally carrying a gun without a permit and without background checks, as his excellency his excellency is a Basis, local official. Printz, 521 U.S. at 918 quoting Principality, 292 U.S. at 322. Federalist Nos. 42 & 80. This is because a privilege once attained can never be taken away, cf. the term-in-office limit is to prevent the effects of monarchy; as applied, Patel would be able to carry a gun on campus and in classrooms under his constitutional privileges, including to enforce this court's opinion. Our Framers envisioned this because the Basis provides fundamental and essential checks on the Seat, which is created by us the State, including the Military...[See Add. A.]...The title The Excellent also means that the Constitution permissively approves me for commercial and monetary success for Patel's level in the state-military-political

hierarchy. In other words, our Framers envisioned that the Basis would plead the judiciary under our Ordered Liberty.  U.S. const. amend. V & amend. XIV.  <u>Printz</u>, 521 U.S. at 918 quoting <u>Principality</u>, 292 U.S. at 322.  Federalist Nos. 42 & 80.  The United States (a part of), through ones of its control group, can also be aiding in making me politically ineligible, despite my high levels of favorability, well-likeness, and approval, to run for the Presidency which I have always strived for.  <u>Upjohn</u>, 449 U.S. at 388-9 & 393 ("zone of silence;" "control group;" and "substantial role" at entity).  Loosing this case will also make me, a leader of the United States rather than any sister state, appear weak, in the most "degrad[ing]" and "demean[ing]" proscribed ways, and aid the Constitution's opposition, per the court is to use its jurisdiction in favor of the parties before it.  U.S. const. art. IV, § 2 (applicable to states and the United States) & amend. XIV (applicable to states and the United States; "citizens of the United States"); <u>Windsor</u>, 570 U.S. at 792-93 (""the Fifth Amendment itself withdraws from Government the power to degrade or demean in the way this law does."...The only possible interpretation of this statement is that the Equal Protection Clause, even the Equal Protection Clause as incorporated in the Due Process Clause, is not the basis for today's holding."); <u>Hollingsworth</u>, 133 S. Ct. at 2652, 2667, 2670-72 ("unique legal status"); <u>U.S. T.L.</u>, 514 U.S. at 844-45; <u>Bridges</u>, 314 U.S. at 282; <u>Dun</u>, 472 U.S. at 769;..."[T]he Court [has] recognized that the due process clauses of the Fifth and Fourteenth Amendments 'have been interpreted to have substantive content, subsuming rights that to a great extent are immune from federal or state regulation or proscription.'...The Court noted that 'rights qualifying for heightened judicial protection...include those fundamental liberties that are 'implicit in the concept of ordered liberty,' such that 'neither liberty nor justice would exist if [they] were sacrificed,''..., or, described otherwise, 'are...those liberties that are 'deeply rooted in this Nation's history and tradition.''"  <u>Woodward</u>, 871 F.2d at 1074.

Schaeffler, 786 F.3d at 1365.  "Also, by leaving the lie uncorrected, the *New York Times* rule plainly leaves the public official without a remedy for the damage to his reputation. Yet the Court has observed that the individual's right to the protection of *his own good name* is a basic consideration of our constitutional system, reflecting ''our basic concept of the essential dignity and worth of every human being — a concept at the root of any decent system of ordered liberty.''...The upshot is that the public official must suffer the injury, often cannot get a judgment identifying the lie for what it is, and has very little, if any, chance of countering that lie in the public press."  Dun, 472 U.S. at 769 (italics added). See also Id., 472 U.S. at 758 & 787 ("The breadth of this protection evinces recognition that freedom of expression is not only essential to check tyranny and foster self-government but also intrinsic to individual liberty and dignity and instrumental in society's search for truth.").  See Illinois, 397 U.S. at 348 (*dicta*).  "Due process of law is a summarized constitutional guarantee of respect for those personal immunities which, as Mr. Justice Cardozo twice wrote for the Court, are 'so rooted in the traditions and conscience of our people as to be ranked as fundamental,'...or are 'implicit in the concept of ordered liberty.'"  Rochin, 342 U.S. at 169 (Holding that substantive due process prevents the government from engaging in conduct that interferes with rights that are implicit in the concept of ordered liberty).  U.S. const. amend. V & IX.  "License to act...may correspond to one of the many understandings of "liberty," but it is certainly not 'ordered liberty.' //  Ordered liberty sets limits and defines the boundary between competing interests." Dobbs, No. 19-1392 * 31 (U.S. Jun. 24, 2022).  Teague, 489 U.S. at 311 ("Typically, it should be the case that any conviction free from federal constitutional error at the time it became final will be found, upon reflection, to have been fundamentally fair and conducted under those procedures essential to the substance of a full hearing. However, in some situations it might be that time and growth in social capacity, as well as judicial

perceptions of what we can rightly demand of the adjudicatory process, will properly alter our understanding of the bedrock procedural elements that must be found to vitiate the fairness of a particular conviction."). Printz, 521 U.S. at 918 quoting Principality, 292 U.S. at 322. Federalist Nos. 42 & 80. Necessary for Indo-American or Hindu-Ethnic-American Ordered Liberty which is separate but the same as the Anglo-American, like my name, Ordered Liberty. Moore, 431 U.S. at 504. Nevertheless, the right to contract is a power of "self-determination" and "political equality," and Ordered Liberty demands that the "truth" be found. McDonald, 561 U.S. at 880; Dun, 472 U.S. at 789;...

Here, Ordered Liberty requires that this United States Court of Appeals for the Federal Circuit and the [C.F.C.] to respect PLAINTIFF-APPELLANT THE EXCELLENT THE EXCELLENT MR. RAJ K. PATEL's accusation against the United States and THE HONORABLE PRESIDENT and to use their jurisdiction to allow proving the Big Tucker Act breach of contract and even possibly making HIS EXCELLENCY HIS EXCELLENCY politically ineligible to be commander-in-chief and attack HIS EXCELLENCY HIS EXCELLENCY'S image, or *glorioi,* under constitutionally proscribed glorious warfare. U.S. const. amend. IX. McDonald, 561 U.S. at 880. To the best of my knowledge, there is no one more powerful than me with the titles, although except Her Excellency Hillary Diane Rodham Clinton with only one Excellency. The Executive as well as the Judiciary is assigned the primary constitutional duty to Protect Ordered Liberty which is a part of substantive Due Process and the Privileges and Immunities Clause, as "the Supreme Court held that the Privileges and Immunities Clause is self-executing." Rochin, 342 U.S. at 169 and https://constitution.congress.gov/browse/essay/artIV-S2-C1-4/ALDE_00013780/. However, Ordered Liberty requires that the CHIEF OF STATE who is THE HONORABLE PRESIDENT OF THE UNITED STATES who has directly made this contract challenge the jurisdiction on behalf of the UNITED STATES rather than

Senior Judge LAS.  See generally Marbury, 5 U.S. at 163 & Federalist 78.  In fact, this is a political matter, and the venue could not be more perfect because by being structured under Congress, with transfer rights to the President and appeal rights to the Judiciary, the C.F.C., as an Article I court, puts all parties on notice that political and state-keeping are inherent in the matters before it.  See U.S. const. art. VI, § 1.  However, because Congress expected both political inequality and power inequality where the balance was in favor of the sole, mandatory, and statutory defendant, the United States, including but not limited up to the point of and after a RCFC 3 initiation of a new civil action before the [C.F.C.], Congress created a judicial tribunal with constitutionally vested and inherent powers.  McDonald, 561 U.S. at 880; Dun, 472 U.S. at 789; U.S. const. art. IV, § 2; and 42 U.S.C. § 1983.  Accord with the Founders and Framers, Congress, under its own Fourteenth Amendment duties, and duties to aid the statekeeping functions of the Executive and Judiciary, found it necessary to enact, and the Supreme Court, in order to effectuate legislative intent and has promulgated rules to uphold our Free Civilization...Only Tyranny will prevail if this court denies reversal....Ordered Liberty demands that the lower court allow entrance to litigate the case and exercise its Moral duty to use non-waivable jurisdiction...

Therefore, REVERSE...

**2. THE C.F.C. SHOULD BE REVERSED BY THIS COURT BECAUSE IT ABUSED ITS DISCRETION BY ITS UNWARRANTED DISMISSAL AFTER CONSTRUING THE RCFC 12(e)-PERMITTED MOTION FOR A MORE DEFINITE STATEMENT AS A SUFFICIENT AND INTENDED TIMELY RESPONSE OR ANSWER TO ITS ORDER TO SHOW CAUSE BY DECEMBER 16, 2022.**

C.F.C. decisions on orders to show cause that cause dismissal of the complaint are reviewed "for abuse of discretion."  Kadin, 782 F.2d at 175-77....The C.F.C. has a duty to "liberally construe[]" any "document filed *pro se*."  Erickson, 551 U.S. at 94...Dismissals

and filing bars also are seen as too "harsh" of penalties which are not welcomed by the Supreme Court "absent appropriate circumstances." Nat'l Hockey, 427 U.S. at 643...The use of RCFC 11 is usually unconstitutional when applied before an actual, justice trial attempting to seek adequate evidentiary support or before a motion for summary judgment. Gladstone, 441 U.S. at 115 n. 31...

Here, CFC abused its discretion when it construed the RCFC 12(e)-permitted Motion for a More Definitive Statement at Dkt. 12 (Nov. 15, 2022) as a response to its Order to Show Cause by December 16, 2022 at Dkt. 11 (Nov. 15, 2022) which ultimately caused the dismissal of the complaint-at-hand at Dkt. 1 because it did not "liberally construe" Dkt. 12. Order Dismissing Compl., Dkt. 13 (Nov. 17, 2022). On November 15, the court issued its Order to Show Cause and because this is a second-filing with elaborated facts, Plaintiff-Patel moved for a motion for a more definitive statement. Dkt. 12. Not only does Ordered Liberty demand entrance in the CFC but also demonstrating the C.F.C.'s jurisdiction is generally a low bar which has been unequivocally **substantiated** and satisfied too. *Supra* & *infra*. The Supreme Court requires that trial court judges "liberally construe[]" "a document filed *pro se*" like Plaintiff-Patel's Motion for a More Definitive Statement at Dkt. 12. But, C.F.C. Judge LAS failed to show by December 16, 2022 that his honor construed "liberally" Plaintiff-Patel's Motion for a More Definitive Statement at Dkt. 12 because, instead of allowing Plaintiff, who was good standing, complying with the court rules, and never been reprimanded by any court (except for an irrelevant filing bar in the S.D.I.N. based on quashed cases from No. 22-1131), to file a response to the Order to Show Cause by December 16, 2022, C.F.C. Judge LAS outright dismissed the complaint and issued a filing bar at Dkt. 14. See also Final J., Dkt. 15 (Nov. 29, 2022). Then, on November 18, 2022 (entered on Dec. 9, 2022), I submitted a Motion for Reconsideration; on December 9, 2022, Senior Judge LAS updated his anti-

8

filing order at Dkt. 17; and, on December 21, 2022, Senior Judge LAS denied my Motion to Reconsideration. Dkt. 18. Throughout the process, Senior Judge LAS, the Plaintiff, and the Defendant knew and had notice that Dkt. 12 was an intended sufficient response to Dkt. 11. U.S. const. amend. V. The dismissal of the complaint *sua sponte*, especially because the deadline had not expired, was an abuse of discretion. Dkts. 14 & 15. <u>Kadin</u>, 782 F.2d at 175-77. And, under <u>Kadin</u>, 782 F.2d at 175-77, the motion to reconsider is irrelevant where it does not benefit the Plaintiff and was also clearly and convincingly not an intended reply to the Order to Show Cause at Dkt. 11. <u>Id</u>. Dkt. 19 (Notice of Appeal). There is great doubt that the Supreme Court, or regular practice of the C.F.C., would welcome the dismissal or filing bar because there are not "appropriate circumstances" to issue these "harsh" penalties because there is not a track record or even one instance of "continued failings to comply with court orders" to constitute "callous disregard for the rules and regulations." <u>Nat'l Hockey</u>, 427 U.S. at 641 & 643 cited in <u>Thompson</u>, No. 11-170C * 3; <u>cf</u>. <u>Mendoza</u>, 966 F.2d at 653-54 (penalty upheld because there was noncompliance to at least three (3) deadlines) cited in <u>Thompson</u>, No. 11-170C * 3; and <u>cf</u>. <u>Kadin</u>, 782 F.2d at 176-77 (penalty not "harsh" because untimely filing and failure to comply with rules). As required by the United States Supreme Court, C.F.C. Senior Judge LAS should have welcomed a sufficient and intended timely response by December 16, 2022 as his honor originally ordered...

Therefore, under the mandatory rule for liberal construction...by neglecting his duty to welcome a sufficient, intended timely response to the Order to Show Cause at Dkt. 11 by the original deadline of December 16, 2022....[REVERSE].

**3. THE C.F.C. SHOULD BE REVERSED BECAUSE IT UNFAIRLY DISMISSED THE CASE BECAUSE DEMONSTRATING THE JURISDICTION OF THE C.F.C. IS GENERALLY "A LOW BAR" BUT C.F.C. SENIOR JUDGE LAS HAS TURNED IT INTO A GAME BY ABUSING DISCRETION IN MAKING A**

**LONG, BRIEF, AND UNWARRANTED DEBATE ABOUT SUBJECT-MATTER JURISDICTION WHICH IS ALSO INCONSISTENT WITH INSTRUCTIONS TO TRIAL COURT JUDGES FROM THE SUPREME COURT AND CLEARLY ERRORED BY NOT FINDING THE CLAIMS SUFFICIENT BY A PREPONDERANCE OF EVIDENCE AND BECAUSE THE COMPLAINT CONTAINS A PARTICULARIZED SET OF FACTS WHICH RAISE A REASONABLE DOUBT THAT C.F.C. ABUSED ITS DISCRETION.**

"Demonstrating [the [C.F.C.]'] jurisdiction is generally a low bar." Patel, No. 1:21-cv-02004-LAS (Fed. Cl. 2021), Dkt. 10 (citing See, e.g., Columbus, 990 F.3d at 1341). *Pro se* plaintiffs are "not expected to frame issues with the precision of a common law pleading." Roche, 828 F.2d at 1558. See Alston-Bullock, 122 Fed. Cl. at 40; see also Spengler, 688 F. App'x at 920...Minehan, 75 Fed. Cl. at 253; accord Henke, 60 F.3d at 799...Jones, 30 F.4th at 1100. Wagstaff, 105 Fed. Cl. at 108; Reynolds, 846 F.2d at 748 cited in Wagstaff, 105 Fed. Cl. at 108; see also A & D, 72 Fed. Cl. at 130-31; Fincke, 675 F.2d at 297; and Raymark, 15 Cl. Ct. at 337. Adam, 303 U.S. at 62;...Perkins, 342 U.S. at 437; and cf. Shelden, No. 2018-1381 * 9. Awad, 301 F.3d at 1367, 1371-72 & 1375...Overall, the "jurisdictional inquiry...is a limited one." V. L., 577 U.S. at 407. Vivint, No. 2017-2261 (Substantial evidence is "such relevant evidence as a reasonable mind might accept as adequate to support a conclusion."...Consol., 305 U.S. at 229. This same framework applies to claim construction.). Mass., 254 F.3d at 1372 ("In reviewing decisions of the [C.F.C.], this court reviews conclusions of law, such as contract interpretation, de novo...Findings of fact made by the [C.F.C.], however, are reviewed under the "clearly erroneous" standard.). Total, 104 F.3d at 1319. "Consequently, ''the question of whether a contract exists' generally appears not to be 'a jurisdictional one,' unless, however, a plaintiff does 'not plausibly allege the existence of a contract.'" 6601, No. 20-1427C, Dkt. 11 at 7. Nevertheless, when a particularized set of facts which create a reasonable doubt are pleaded, Plaintiff has demonstrated the "low bar" to require the C.F.C. to use its discretion to effectuate trial, including in Indianapolis or even Atlanta. Columbus, 990 F.3d at 1341. As a benefit for parties seeking subject-matter jurisdiction, facts may be sufficiently supported by affidavit or other evidence for summary judgment, but the Supreme Court requires that dismissal for doubt of the facts pertaining to standing and subject-matter jurisdiction must be "supported *adequately* by the evidence *adduced at trial*." Gladstone, 441 U.S. at 115 n. 31 cited in Tinton, 800 F.3d at 1364 (italics added). The use of RCFC 11 is usually unconstitutional when applied before an actual, justice trial

attempting to seek adequate evidentiary support or before a motion for summary judgment. Id.

Here, CFC Senior Judge LAS abused his discretion when not opening up the gates of the CFC for adjudication because Plaintiff-Patel had demonstrated the "low bar" needed to enter the CFC on a short and plain statement and not making his subject-matter jurisdiction limited as instructed by the Supreme Court. Not only was the Order to Show Cause at Dkt. 11 needless but also the complaint-at-hand (summons) included substantial evidence that the subject-matter jurisdiction was substantiated and mustered as perceived by "reasonable mind[s]." Vivint, No. 2017-2261 & V. L., 577 U.S. at 407. The Supreme Court also demands that the jurisdiction inquiry be limited because it is prone to corruption if the limitation not be there. V. L., 577 U.S. at 407. The Supreme Court's mandatory rule of limitation also aids the judiciary remain independent and take on where Ordered Liberty is at odds with political and power equality. Id.; Printz, 521 U.S. at 918; Federalist Nos. 42 & 80; McDonald, 561 U.S. at 880; Dun, 472 U.S. at 789; U.S. const. art. IV, § 2; and 42 U.S.C. § 1983.

Here, CFC Senior Judge LAS clearly errored when not finding subject-matter jurisdiction over the claims by a preponderance of the evidence...

- *Fifth*,...V. L., 577 U.S. at 407 & Fisher, 402 F.3d at 1172. Shelden, 7 F.3d at 1031 (cited in Shelden, No. 2018-1381 * 3 n. 1 ("We reversed and remanded for a determination of just compensation.")).

- [See Add. A]...

Overall, the lower court docket shows no extrinsic evidence to defeat subject-matter jurisdiction.

Here, CFC Senior Judge LAS abused his discretion and violated Ordered Liberty when dismissing the complaint for lack of jurisdiction because the short and plain statement with the claims was sufficient to await Defendant's answer and even proceed to trial, interrogatories, depositions, and other discovery matters if the Defendant denies the allegations in the complaint...

For instance, the [C.F.C.] has held handwritten complaints and clear extra-Big Tucker Act jurisdiction cases on the public dockets and awaited a response from the Defendant than for the case-at-hand.

- [See Add. A]...

....[See Add. A.]...

Therefore, this court should reverse the C.F.C. and remand with instructions to proceed to receive the submission of the Defendant's answer and trial.

**4.  SEE ADD. A.**

"Venue"...SGS-92-X003, No. 1:97-cv-00579-MCW (Fed. Cl. 2014), Dkt. 1 at 1 (filed by Att'y G. Douglas Abraham, J.D.). 6601, No. 20-1427C, Dkt. 1 at 2 (filed by Att'y Albert G. Bilbrey, Jr., J.D. et al.)...[See Add. A.]..../ /...[Reverse]...In the alternative, the C.F.C. should transfer venue to the President and Oval Office for relief.

**5.  THE C.F.C. ABUSED ITS DISCRETION AND CLEARLY ERRORED BECAUSE IT FAILED TO CONSTRUE THE CONTRACT-AT-HAND UNDER THE "BOUNTY CLAUSE" OF SECTION 4 OF THE FOURTEENTH AMENDMENT, SUBJECT TO MANDATORY TRIAL AND EXPEDIENT RESOLUTION UPON QUESTION AS INSTRUCTED BY THE SUPREME COURT.**

"The validity of the public debt of the United States, authorized by law, including debts incurred for payment of...bounties for services in suppressing insurrection or rebellion, shall not be questioned."  U.S. amend. XIV, § 4 and Schirripa, 615 F. App'x 687 * 2.  The Big Tucker Act, 28 U.S.C. § 1491(a), was originally enacted by Senator Tucker (D) to combat insurgency against the United States and its state and governmental interests, law, and policy.  The Supreme Court not only mandates trial for inquires of jurisdiction and facts but also expects all civil rights matters, such as the one at hand, to be resolved and enforced Expediently and Fully Faithfully, and many times without notice.  Brown, 349 U.S. at 301.  The President with actual authority formed, ratified, and re-ratified each contract.  "Whether the [C.F.C.] has jurisdiction over a claim is a question of law that we review de novo...We review the court's findings of fact relating to jurisdictional issues for clear error."  Jones, 30 F.4th at 1100.  In aid of the party seeking jurisdiction, the Supreme Court requires that dismissal for doubt of the facts pertaining to standing and subject-matter jurisdiction must be "supported *adequately* by the evidence *adduced at trial.*"  Gladstone, 441 U.S. at 115 n. 31 cited in Tinton, 800 F.3d at 1364.  The use of RCFC 11 is

12

usually unconstitutional when applied before an actual, justice trial attempting to seek adequate evidentiary support or before a motion for summary judgment.  Id. Accordingly, if a plaintiff alleges breach of a contract with the government, the allegation itself confers subject-matter jurisdiction on the C.F.C.  Id. accord Hanlin, 214 F.3d at 1321-22.

Here, the C.F.C. because had sufficient facts that the constitutionally prescribed "bounty" transaction with consideration between the Plaintiff and Defendant has already happened, the C.F.C. clearly errored in the construction of the contract and abused its discretion by dismissing the case, including for being factually frivolous and clearly baseless.  Dkts. 11 & 14.  Unlike in Schirripa, 615 F. App'x 687, where the Schirripa stated that the United States was obligated to buy his national security anti-terrorism technology that he invested four (4) years in but failed to make an offer to the United States, and nor did the United States accept, the court affirmed the C.F.C. dismissal under RCFC 12(b)(6) for failure to state a claim upon which relief can be granted, because the United States did not accept or negotiate, here, the Plaintiff-Patel and the Defendant-United States with actual authority went back and forth with offers, acceptances, and considerations under norms of fair bargain and negotiation sufficiently for this court to reverse the C.F.C.  See Schirripa, 1:14-cv-01031-SGB, Dkt. 27, aff'd, 615 F. App'x at 687 * 2-3.  Columbus, 990 F.3d at 1339 and Balt., 261 U.S. at 598.  See also Emery, 264 F.3d at 1078 citing Heyer, 140 F.Supp. at 409 (bargain is an implied contract, which the C.F.C. must *sua sponte* attach as a claim to *pro se*-filed and attorney-filed complaints and must consider fairly).  Also, whereas Schirripa's antiterrorism technology was eventually seized by the United States under a not-money demanding statute, here, Patel's alleged injury is legally cognizable under money-mandating provisions of the Fifth Amendment of the United States and statute, 42 U.S.C. §§ 1981-82, because the lawfully-formed

contract is a property right subject to "just compensation," with money, because the possibly lawfully Taken contract includes a compensation provision, possibly unlawfully Taken contract is an "illegal 'exaction,'" or might be an effectual recession (or even an efficient breach). Lynch, 292 U.S. at 579 ("The Fifth Amendment commands that property be not taken without making just compensation. Valid contracts are property, whether the obligor be a private individual, a municipality, a state, or the United States.") cited in Taylor, 959 F.3d at 1086-87 ("There is "ample precedent for acknowledging a property interest in contract rights under the Fifth Amendment.") (complaint may be both a Taking and a federal tort subject to litigation in district court); 42 U.S.C. §§ 1981-82 (contract rights and illegal exactions); see Crocker, 125 F.3d at 1447 (lawful seizure under the Control Substance Act not subject to Fifth Amendment "just compensation."); and see Milton, No. 21-1331, Dkt. 120 * 8 (explaining the two (2) prongs for Taking legally cognizable claims); see also Milton, No. 2021-1338; and Starr, 121 Fed. Cl. at 435 (unlawful taking is illegal exaction claim and lawful Taking is a Taking claim) cited in https://fedcircuitblog.com/2021/03/31/online-symposium-the-federal-circuits-2020-rulings-reviewing-decisions-of-the-court-of-federal-claims-in-tucker-act-cases/ (citing also Norman, 429 F.3d at 1081...). Further, where there is inequality in option as to allow for a "illegal exaction or discontinue its business," like, here, because Plaintiff had to perform identical duties to concurrently preserve his status and image from lawless organized violence, the claim must still continue. Swift, 11 U.S. at 28-29 cited in Starr, 121 Fed. Cl. at 435. See also Starr, 121 Fed. Cl. at 436 citing Auto., 103 Fed.Cl. at 273 ("Where an illegal exaction is alleged, the Tucker Act 'enables suit even in the absence of a money-mandating statute.'). Illegal exactions claims are also permitted to be sealed during or after the trial proceedings, especially to respect constitutionally objectivity, the public discourse, and spaces. Starr, 121 Fed. Cl. at 428-30. Therefore, C.F.C. should have started

the mandated trial, under mandatory rules of Supreme Court and/or Ordered Liberty, on the alleged contract-at-hand which was formed not only to protect Plaintiff but also to hunt and acquire "bounty" under Section 4 of the Fourteenth Amendment, of preventing the United States courts for outright questing the allegation, instead of dismissing the case for lack of subject-matter jurisdiction.  U.S. const. amend. XIV, § 4; <u>Schirripa</u>, 615 F. App'x at 687 * 2; <u>Gladstone</u>, 441 U.S. at 115 n. 31 cited in <u>Tinton</u>, 800 F.3d at 1364 (italics added); <u>cf.</u> RCFC 11; <u>Id.</u> <u>accord</u> <u>Hanlin</u>, 214 F.3d at 1321-22; <u>Swift</u>, 11 U.S. at 28-29 cited in <u>Starr</u>, 121 Fed. Cl. at 435.

Therefore, this court should necessarily reverse the C.F.C. Senior Judge LAS's abuse of discretion and clear error and/or de novo.

## <u>CONCLUSION</u>

REVERSE & ISSUE MANDAMUS; SEAL ALL RELATED MATTERS. This case is ripe:

- Reverse and issue mandamus for unsound use of discretion regarding Ordered Liberty & 5th & 14th Amendment Due Process Clause;

- Reverse & issue mandamus for abuse of discretion and clear error of failing to construe the contract-at-hand for the BOUNTY CL., U.S. const. amend. XIV, § 4;

- Reverse and issue mandamus for "abuse of discretion" want of "'liberally constru[ction]' any "document filed *pro se*,'" for ruling on an Order to Show Cause which causes dismissal of the complaint;

- Reverse and issue mandamus to proceed to Supreme Court-mandated trial or trial to deduce facts pertaining to jurisdiction;

- Reverse and issue mandamus for "abuse of discretion" for issuing a filing bar;

- Reverse and issue mandamus for deeming the complaint factually frivolous and violating this circuit's "low bar" rule aided by the Supreme Court's limited rule limiting the frivolity inquiry; and,

- Reverse and issue mandamus for abuse of discretion or clear error to construe implied contract for fair bid.

- <u>See</u> <u>generally</u> Add. A.

Respectfully submitted,


/s/ Raj K. Patel
T.E., T.E. Raj K. Patel (*pro se*)
6850 East 21st Street
Indianapolis, IN 46219
Marion County
317-450-6651 (cell)
rajp2010@gmail.com
www.rajpatel.live


J.D. Candidate, Notre Dame L. Sch. 2015-2017

T.E. President/Student Body President, Student Gov't Ass'n of Emory U., Inc. 2013-2014 (corp. sovereign 2013-present)

T.E. Student Body President, Brownsburg Cmty. Sch. Corp./President, Brownsburg High Sch. Student Gov't 2009-2010 (corp. sovereign 2009-present)

Rep. from the Notre Dame L. Sch. Student B. Ass'n to the Ind. St. B. Ass'n 2017

Deputy Regional Director, Young Democrats of Am.-High Sch. Caucus 2008-2009

Co-Founder & Vice Chair, Ind. High Sch. Democrats 2009-2010

Vice President of Fin. (Indep.), Oxford C. Republicans of Emory U., Inc. 2011-2012

Volunteer, Barack Obama for America (2008)

Intern, Jill Long Thompson for Governor (2008)

Intern, Marion Cnty. Clerk Elizabeth "Beth" White for Sec'y of St. of the St. of Ind. (2014)

J.D. Candidate, Notre Dame L. Sch.

**CERTIFICATE OF COMPLIANCE WITH TYPE-VOLUME LIMITATIONS**

The foregoing filing complies with the relevant type-volume limitation of the Federal Rules of Appellate Procedure and Federal Circuit Rules because it meets one of the following:

the filing has been prepared using a proportionally-spaced typeface and includes <u>15</u> pages.

Respectfully submitted,

/s/ Raj Patel
T.E., T.E. Raj K. Patel (Pro Se)
6850 East 21st Street
Indianapolis, IN 46219
Marion County
317-450-6651 (cell)
rajp2010@gmail.com
www.rajpatel.live

Dated: March 16, 2023

I

# <u>ADDENDUM A</u>

## <u>RULES</u>

Pro se pleadings should be liberally construed, and the allegations therein "should be construed favorably to the pleader." <u>Haines v. Kerner</u>, 404 U.S. 519, 520 (1972); <u>Scheuer v. Rhodes</u>, 416 U.S. 232, 236 (1974) cited in <u>Baker v. Cuomo</u>, 58 F.3d 814, 818-19 (2d Cir. 1995) and <u>Steffen v. United States</u>, 995 F.3d 1377, 1381 (Fed. Cir. 2021) citing <u>Durr v. Nicholson</u>, 400 F.3d 1375, 1380 (Fed. Cir. 2005).  An "unrepresented litigant should not be punished for his failure to recognize subtle factual or legal deficiencies in his claims." <u>McZeal v. Sprint Nextel Corp.</u>, 501 F.3d 1354, 1356, 1360-63 (Fed. Cir. 2007).  A complaint should not be dismissed simply because a plaintiff is unlikely to succeed on the merits. <u>Baker</u>, 58 F.3d at 818-19.  "Pleadings must be construed so as to do justice." RCFC 8(e). <u>See also</u> <u>Fox v. Rogers Bldg. Ventures</u>, 978 N.E.2d 755 (Ind. Ct. App. 2012) (citing <u>Erickson v. Pardus</u>, 551 U.S. 89, 94 (2007) and Ind. T.R. 8(F)).[4]  <u>Compare</u> Ind. T.R. 8(F) <u>with</u> RCFC 8(e).  <u>Cf.</u> <u>Terry v. United States</u>, No. 09-454 C * 2 (D.C. Cir. Mar. 6, 2012) (citing RCFC 8(e)).  <u>Compare</u> 28 U.S.C. § 1915(e)(2)(B)[5] <u>with</u> 28 U.S.C. § 1915A[6].

Matters regarding Ordered Liberty are reviewed for "abuse," "[un]sound" or "[not] sound" use of discretion.  <u>Teague v. Lane</u>, 489 U.S. 288, 296, 315 (1989) & <u>Precision</u>

---

4. "The Supreme Court and [the Indiana Court of Appeals] ha[ve] said that pro se documents are to be liberally construed and should be held to less stringent standards than formal pleadings drafted by lawyers." <u>Fox</u>, 978 N.E.2d at 755 (citing <u>Erickson</u>, 551 U.S. at 94 & Ind. T.R. 8(F)).  Otherwise, "a pro se litigant is held to the same standards as a trained attorney and is afforded no inherent leniency simply by virtue of being self-represented." <u>Zavodnik v. Harper</u>, 17 N.E.3d 259, 266 (Ind. 2014) (internal citations omitted).

5. "Notwithstanding any filing fee, or any portion thereof, that may have been paid, the court shall dismiss the case at any time if the court determines that- (B) the action or appeal- (i) is frivolous or malicious; (ii) fails to state a claim on which relief may be granted; or (iii) seeks monetary relief against a defendant who is immune from such relief." 28 U.S.C. § 1915(e)(2)(B).

6. "On review, the court shall identify cognizable claims or dismiss the complaint, or any portion of the complaint, if the complaint- (1) is frivolous, malicious, or fails to state a claim upon which relief may be granted; or (2) seeks monetary relief from a defendant who is immune from such relief." 28 U.S.C. § 1915A.

Specialty Metals, Inc. v. United States, 315 F.3d 1346, 1350 & 1354 (Fed. Cir. 2003). Because RCFC 8(e) requires "[p]leadings must be construed so as to do justice," and the Ordered Liberty's purpose to address inequalities in politics and inequalities in power, see e.g., McDonald, 561 U.S. at 880, as an Article I institution, the Court of Federal Claims use of discretion should be reviewed under the standard more likely to welcome subject-matter jurisdiction: abuse of discretion, unsound use of discretion, or not sound use of discretion. Dkts. 11-15. Teague, 489 U.S. at 288, 296 & 315; Precision Specialty Metals, Inc., 315 F.3d at 1350 & 1354; see also Erickson, 551 U.S. at 94; Haines, 404 U.S. at 520; McZeal, 501 F.3d at 1354, 1356, 1360-63; Baker, 58 F.3d at 818-19; and 28 U.S.C. §§ 1981-83. "When a requirement goes to subject-matter jurisdiction, courts are obligated to consider *sua sponte* issues that the parties have disclaimed or have not presented. Subject-matter jurisdiction can never be waived or forfeited," including but not limited to be the court or judge(s) and the parties. Rosario-Fabregas v. Merit Sys. Prot. Bd., 833 F.3d 1342, 1349 (Fed. Cir. 2016) citing Gonzalez v. Thaler, —— U.S. ——, 132 S.Ct. 641, 648 (2012) (internal citation omitted) and 14D Charles Alan Wright et al., Fed. Practice & Procedure § 3801 (4th ed. 2013). Metz v. United States, 466 F.3d 991, 996 (Fed. Cir. 2006). Ford Motor Co. v. United States, 635 F.3d 550, 556 (Fed. Cir. 2011). And, where Congress has consented to suit by waiver of sovereign immunity, such as under Big Tucker Act, 28 U.S.C. § 1491(a), the right to recover damages becomes a part of the party's Fifth and Fourteenth Amendment Due Process rights. LeBlanc v. United States, 50 F.3d 1025, 1030 (Fed. Cir. 1995). U.S. const. amends. V & XIV. Awad v. United States, 301 F.3d 1367, 1371-72 (Fed. Cir. 2002). Facts may be sufficiently supported by affidavit or other evidence for summary judgment, but the Supreme Court requires that dismissal for doubt of the facts pertaining to standing and subject-matter jurisdiction must be "supported *adequately* by the evidence *adduced at trial*." Gladstone Realtors, 441 U.S. at 115 n. 31 cited in Tinton Falls Lodging

Realty, LLC, 800 F.3d at 1364 (italics added).   The use of RCFC 11 is usually unconstitutional when applied before an actual, justice trial attempting to seek adequate evidentiary support or before a motion for summary judgment.   Id.

But for the perils, which execrated each fold in October 2013, May 2014, August 2015, and July 2017, through the stress weapon, Patel would have passed a court-approved bar exam.   See Patel v. United States, No. 23-1325 (Fed. Cir. 202_).

"Rather than seek a categorical understanding of the liberty clause, our precedents have thus elucidated a conceptual core.   The clause safeguards, most basically, "the ability independently to define one's identity,"…"the individual's right to make certain unusually important decisions that will affect his own, or his family's, destiny,"…and the right to be respected as a human being. Self-determination, bodily integrity, freedom of conscience, intimate relationships, political equality, dignity and respect—these are the central values we have found implicit in the concept of ordered liberty."   McDonald, 561 U.S. at 880.

Plaintiff-Patel has the Constitutional privilege of Morally carrying a gun without a permit and without background checks, as his excellency his excellency is a Basis, local official.   Printz, 521 U.S. at 918 quoting Principality of Monaco, 292 U.S. at 322.   Federalist Nos. 42 & 80.   This is because a privilege once attained can never be taken away, cf. the term-in-office limit is to prevent the effects of monarchy; as applied, Patel would be able to carry a gun on campus and in classrooms under his constitutional privileges, including to enforce this court's opinion. Our Framers envisioned this because the Basis provides fundamental and essential checks on the Seat, which is created by us the State, including the   Military.   https://www.comparably.com/salaries/salaries-for-us-army-general ("The salaries of Us [sic] Army Generals in the US range from $19,208 to $521,331, with a median salary of $93,762. The middle 57% of Us Army Generals makes between $93,765

and $236,104, with the top 86% making $521,331.") (therefore, making more than the POTUS and Dr. Fauci). The title The Excellent also means that the Constitution permissively approves me for commercial and monetary success for Patel's level in the state-military-political hierarchy. In other words, our Framers envisioned that the Basis would plead the judiciary under our Ordered Liberty.  U.S. const. amend. V & amend. XIV.  Printz, 521 U.S. at 918 quoting Principality of Monaco, 292 U.S. at 322. Federalist Nos. 42 & 80. The United States (a part of), through ones of its control group, can also be aiding in making me politically ineligible, despite my high levels of favorability, well-likeness, and approval, to run for the Presidency which I have always strived for.  Upjohn Co. v. United States, 449 U.S. 383, 388-9 and 393 (1981) ("zone of silence;" "control group;" and "substantial role" at entity). Loosing this case will also make me, a leader of the United States rather than any sister state, appear weak, in the most "degrad[ing]" and "demean[ing]" proscribed ways, and aid the Constitution's opposition, per the court is to use its jurisdiction in favor of the parties before it.  U.S. const. art. IV, § 2 (applicable to states and the United States) & amend. XIV (applicable to states and the United States; "citizens of the United States");  United States v. Windsor, 570 U.S. 744, 792-93 (2013) (""the Fifth Amendment itself withdraws from Government the power to degrade or demean in the way this law does."...The only possible interpretation of this statement is that the Equal Protection Clause, even the Equal Protection Clause as incorporated in the Due Process Clause, is not the basis for today's holding.");  Hollingsworth v. Perry, 133 S. Ct. 2652, 2667, 2670-72 (U.S. 2013) ("unique legal status");  U.S. Term Limits, Inc. v. Thornton, 514 U.S. 779, 844-45 (1995);  Bridges v. California, 314 U.S. 252, 282 (1941);  Dun & Bradstreet, Inc. v. Greenmoss Builders, Inc., 472 U.S. 749, 769 (1985); and see also Ind. const. art. I, § 1.  "[T]he Court [has] recognized that the due process clauses of the Fifth and Fourteenth Amendments 'have been interpreted to have substantive content,

V

subsuming rights that to a great extent are immune from federal or state regulation or proscription.'...The Court noted that 'rights qualifying for heightened judicial protection...include those fundamental liberties that are 'implicit in the concept of ordered liberty,' such that 'neither liberty nor justice would exist if [they] were sacrificed,''..., or, described otherwise, 'are...those liberties that are 'deeply rooted in this Nation's history and tradition.''" <u>Woodward v. United States</u>, 871 F.2d 1068, 1074 (Fed. Cir. 1989). <u>Schaeffler Grp. U.S., Inc. v. United States</u>, 786 F.3d 1354, 1365 (Fed. Cir. 2015). "Also, by leaving the lie uncorrected, the *New York Times* rule plainly leaves the public official without a remedy for the damage to his reputation. Yet the Court has observed that the individual's right to the protection of *his own good name* is a basic consideration of our constitutional system, reflecting ''our basic concept of the essential dignity and worth of every human being — a concept at the root of any decent system of ordered liberty.''...The upshot is that the public official must suffer the injury, often cannot get a judgment identifying the lie for what it is, and has very little, if any, chance of countering that lie in the public press." <u>Dun & Bradstreet, Inc.</u>, 472 U.S. at 769 (italics added). <u>See also</u> <u>Id.</u>, 472 U.S. at 758 & 787 ("The breadth of this protection evinces recognition that freedom of expression is not only essential to check tyranny and foster self-government but also intrinsic to individual liberty and dignity and instrumental in society's search for truth."). <u>See</u> <u>Illinois v. Allen</u>, 397 U.S. 337, 348 (1970) (dicta). "Due process of law is a summarized constitutional guarantee of respect for those personal immunities which, as Mr. Justice Cardozo twice wrote for the Court, are 'so rooted in the traditions and conscience of our people as to be ranked as fundamental,'...or are 'implicit in the concept of ordered liberty.'" <u>Rochin v. California</u>, 342 U.S. 165, 169 (1952) (Holding that substantive due process prevents the government from engaging in conduct that interferes with rights that are implicit in the concept of ordered liberty). U.S. const.

amend. V & IX.  "License to act...may correspond to one of the many understandings of "liberty," but it is certainly not 'ordered liberty.'  // Ordered liberty sets limits and defines the boundary between competing interests." <u>Dobbs v. Jackson Women's Health Org.</u>, No. 19-1392 * 31, 597 U.S. ___ (U.S. Jun. 24, 2022).  <u>Teague</u>, 489 U.S. at 311 ("Typically, it should be the case that any conviction free from federal constitutional error at the time it became final will be found, upon reflection, to have been fundamentally fair and conducted under those procedures essential to the substance of a full hearing. However, in some situations it might be that time and growth in social capacity, as well as judicial perceptions of what we can rightly demand of the adjudicatory process, will properly alter our understanding of the bedrock procedural elements that must be found to vitiate the fairness of a particular conviction.").  <u>Printz</u>, 521 U.S. at 918 quoting <u>Principality of Monaco</u>, 292 U.S. at 322.  Federalist Nos. 42 & 80.  Necessary for Indo-American or Hindu-Ethnic-American Ordered Liberty which is separate but the same as the Anglo-American, like my name, Ordered Liberty.  <u>Moore v. E. Cleveland</u>, 431 U.S. 494, 504 (1977) (necessary for Anglo-American).  Nevertheless, the right to contract is a power of "self-determination" and "political equality," and Ordered Liberty demands that the "truth" be found.  <u>McDonald,</u> 561 U.S. at 880; <u>Dun & Bradstreet, Inc.</u>, 472 U.S. at 789; U.S. const. art. IV, § 2; and 42 U.S.C. § 1983.  R.C.F.C. 11(b)-(c).

"The United States Court of Federal Claims shall have jurisdiction to render judgment upon any claim against the United States founded...upon any express or implied contract with the United States."  28 U.S.C. § 1491(a).

"Whether the Court of Federal Claims has jurisdiction over a claim is a question of law that we review de novo...We review the court's findings of fact relating to jurisdictional issues for clear error." <u>Jones</u>, 30 F.4th at 1100. <u>Cf.</u> <u>Redondo</u>, 542 F. App'x at 908 * 4 (untimely so there is lack of jurisdiction).

"We review the [Court of Federal Claims]'s denial of a motion for reconsideration for abuse of discretion...An abuse of discretion occurs when a court misunderstands or misapplies the relevant law or makes clearly erroneous findings of fact." <u>Kelly-Leppert</u>, No. 2022-1301 * 2 (Fed. Cir. May. 9, 2022).

"Courts must move cautiously when dismissing a complaint *sua sponte*." <u>Clorox Co. P.R.</u>, 228 F.3d at 30 (citing <u>Baker</u>, 58 F.3d at 818). "We have previously stated that *sua sponte* dismissals without…filing of a response by the opposing party are disfavored." <u>Baker</u>, 58 F.3d at 818-19. <u>See also</u> <u>Hall</u>, 705 F.3d at 1364. <u>Cf.</u> <u>Baker</u>, 58 F.3d at 818-19 ("Rule 12(b)(6) dismissals are especially disfavored in cases where the complaint sets forth a novel legal theory that can best be assessed after factual development."). <u>YP, LLC</u>, 801 S.E.2d at 81 (*sua sponte* relinquishment of personal jurisdiction is clear error) citing <u>C & S Cap. Corp.</u>, 382 S.E.2d 399 (Ga. 1989). <u>Wu</u>, No. 14-CV-5402-CBA-SMG * 3 (E.D.N.Y. Sept. 21, 2015) (the Court also reviews for clear error Magistrate Judge's recommendation that this action be dismissed *sua sponte* for lack of personal jurisdiction.). <u>Clorox Co. P.R.</u>, 228 F.3d at 30 ("Although it is occasionally appropriate for a [trial] court to "note the inadequacy of the complaint and, on its own initiative, dismiss the complaint[,] a court may not do so without at least giving plaintiffs notice of the proposed action and affording them an opportunity to address the issue.") (internal citations omitted). <u>Constant</u>, 929 F.2d at 657 (Holding that due process is not violated by sua sponte dismissal when the underlying claim is without merit and amendment would be futile). <u>Ilor, LLC</u>, 550 F.3d at 1067, 1072, 1075, & 1075 n. 3 (internal citations omitted) ("permitting *sua sponte* dismissals only where the parties have had ample notice of the court's intent to dismiss or have had an opportunity to address the issues raised by the dismissal").

Particularly, this Court of Appeals for the Federal Circuit, "[i]n the absence of an obligation to act sua sponte, we will not sua sponte exercise any discretion to decline to

decide the appeals on the instituted claims and grounds." <u>PGS Geophysical AS</u>, 891 F.3d at 1363.

"Demonstrating [the Court of Federal Claims'] jurisdiction is generally a low bar." <u>Patel v. United States</u>, No. 1:21-cv-02004-LAS (Fed. Cl. 2021), Dkt. 10 (citing <u>See, e.g., Columbus Reg'l Hosp.</u>, 990 F.3d at 1341).

A "non-frivolous" allegation is one that, "if proven, can establish the [tribunal's] jurisdiction insofar as that element is concerned." <u>McLaughlin</u>, No. 2019-1997 * 4 (Fed. Cir. Mar. 23, 2021). "This is a relatively low bar for [a party] to satisfy." <u>McLaughlin,</u> No. 2019-1997 * 4 (Fed. Cir. Mar. 23, 2021). Because of this low bar, courts of appeals, including this court of appeal, have cautioned lower tribunal in dismissing complaints *sua sponte*, but appeals and reversal for this basis are not uncommon. <u>Clorox Co. P.R.</u>, 228 F.3d at 30 (citing <u>Baker</u>, 58 F.3d at 818); <u>Ilor, LLC</u>, 550 F.3d at 1067, 1072, 1075, & 1075 n. 3 (internal citations omitted); and U.S. const. amend. V. "A non-frivolous allegation of jurisdiction is an allegation of fact which, if proven, could establish a prima facie case that the [tribunal] has jurisdiction in the matter." <u>McLaughlin,</u> No. 2019-1997 * 9 (Fed. Cir. Mar. 23, 2021) (internal citations omitted). "When the contents of the complaint non-frivolously support jurisdiction, jurisdiction is established, and the matter devolves to determination of the merits of the complaint." <u>McLaughlin</u>, No. 2019-1997 * 9 (Fed. Cir. Mar. 23, 2021). <u>Digeo</u>, 505 F.3d at 1362 & 1368 n. 10 ("We observe that the 'Ninth Circuit defines a frivolous claim or pleading for Rule 11 purposes as one that is 'legally or factually "baseless" from an objective perspective…[and made without] a reasonable and competent inquiry.'"). In Dkt. 14, CFC Senior Judge Smith ruled that there is subject-matter jurisdiction, in acquiescence with this Court of Appeals for the Federal Circuit in No. 22-1131 (Fed. Cir. 2022). <u>See</u> Dkt. 14 at 1; <u>see</u> <u>Patel</u>, No. 1:21-cv-2004-LAS (C.F.C. 2022), Dkt. 10, <u>modified by</u>, No. 22-1131 (Fed. Cir. 2022), ECF 31 (C.F.C. should have

dismissed under RCFC 12(b)(6) rather than RCFC 12(b)(1); and C.F.C. conclusion was correct).

Facts may be sufficiently supported by affidavit or other evidence for summary judgment, but the Supreme Court requires that dismissal for doubt of the facts pertaining to standing and subject-matter jurisdiction must be "supported *adequately* by the evidence *adduced at trial*." Gladstone Realtors v. Vill. of Bellwood, 441 U.S. 91, 115 n. 31 (1979) cited in Tinton Falls Lodging Realty, LLC v. United States, 800 F.3d 1353, 1364 (Fed. Cir. 2015) (italics added). The use of RCFC 11 is usually unconstitutional when applied before an actual, justice trial attempting to seek adequate evidentiary support or before a motion for summary judgment. Id.

## DISCUSSION

**1. THIS COURT SHOULD REVERSE THE C.F.C. BECAUSE IT ABUSED ITS DISCRETION BY VIOLATING PLAINTIFF'S ORDERED LIBERTY WHICH REQUIRES THAT THE C.F.C. REMEDY THE BREACH OF THE BIG TUCKER ACT, 28 U.S.C. § 1491(A), CONTRACT-AT-HAND, WHICH IS A LEGALLY COGNIZABLE INJURY, INSTEAD OF RELINQUSHING JURISDICTION.**

"Whether the Court of Federal Claims has jurisdiction over a claim is a question of law that we review de novo...We review the court's findings of fact relating to jurisdictional issues for clear error." Jones, 30 F.4th at 1100. Cf. Redondo, 542 F. App'x at 908 * 4 (untimely so there is lack of jurisdiction). Matters regarding Ordered Liberty are reviewed for "abuse," "[un]sound" or "[not] sound" use of discretion. Teague, 489 U.S. at 288, 296 & 315 & Precision Specialty Metals, Inc., 315 F.3d at 1350 & 1354. Because RCFC 8(e) requires "[p]leadings must be construed so as to do justice," and the Ordered Liberty's purpose to address inequalities in politics and inequalities in power, see e.g., McDonald, 561 U.S. at 880, as an Article I institution, the Court of Federal Claims use of discretion should be reviewed under the standard more likely to welcome subject-matter jurisdiction: abuse of discretion, unsound use of discretion, or not sound use of discretion.

Dkts. 11-15.  Teague, 489 U.S. at 288, 296 & 315; Precision Specialty Metals, Inc., 315 F.3d at 1350 & 1354; see also Erickson, 551 U.S. at 94; Haines, 404 U.S. at 520; McZeal, 501 F.3d at 1354, 1356, 1360-63; Baker, 58 F.3d at 818-19; and 28 U.S.C. §§ 1981-83.   "When a requirement goes to subject-matter jurisdiction, courts are obligated to consider *sua sponte* issues that the parties have disclaimed or have not presented. Subject-matter jurisdiction can never be waived or forfeited," including but not limited to be the court or judge(s) and the parties.  Rosario-Fabregas v. Merit Sys. Prot. Bd., 833 F.3d 1342, 1349 (Fed. Cir. 2016) citing Gonzalez v. Thaler, —— U.S. ——, 132 S.Ct. 641, 648 (2012) (internal citation omitted) and 14D Charles Alan Wright et al., Fed. Practice & Procedure § 3801 (4th ed. 2013).  Metz v. United States, 466 F.3d 991, 996 (Fed. Cir. 2006).  Ford Motor Co. v. United States, 635 F.3d 550, 556 (Fed. Cir. 2011).  And, where Congress has consented to suit by waiver of sovereign immunity, such as under Big Tucker Act, 28 U.S.C. § 1491(a), the right to recover damages becomes a part of the party's Fifth and Fourteenth Amendment Due Process rights.  LeBlanc v. United States, 50 F.3d 1025, 1030 (Fed. Cir. 1995).  U.S. const. amends. V & XIV.  Awad v. United States, 301 F.3d 1367, 1371-72 (Fed. Cir. 2002).  Facts may be sufficiently supported by affidavit or other evidence for summary judgment, but the Supreme Court requires that dismissal for doubt of the facts pertaining to standing and subject-matter jurisdiction must be "supported *adequately* by the evidence *adduced at trial*."  Gladstone Realtors, 441 U.S. at 115 n. 31 cited in Tinton Falls Lodging Realty, LLC, 800 F.3d at 1364 (italics added).  The use of RCFC 11 is usually unconstitutional when applied before an actual, justice trial attempting to seek adequate evidentiary support or before a motion for summary judgment.  Id.

But for the perils, which execrated each fold in October 2013, May 2014, August 2015, and July 2017, through the stress weapon, Patel would have passed a court-approved bar exam.  See Patel v. United States, No. 23-1325 (Fed. Cir. 202_).

"Rather than seek a categorical understanding of the liberty clause, our precedents have thus elucidated a conceptual core.  The clause safeguards, most basically, "the ability independently to define one's identity,"..."the individual's right to make certain unusually important decisions that will affect his own, or his family's, destiny,"...and the right to be respected as a human being. Self-determination, bodily integrity, freedom of conscience, intimate relationships, political equality, dignity and respect—these are the central values we have found implicit in the concept of ordered liberty."  McDonald, 561 U.S. at 880.

Plaintiff-Patel has the Constitutional privilege of Morally carrying a gun without a permit and without background checks, as his excellency his excellency is a Basis, local official.  Printz, 521 U.S. at 918 quoting Principality of Monaco, 292 U.S. at 322.  Federalist Nos. 42 & 80.  This is because a privilege once attained can never be taken away, cf. the term-in-office limit is to prevent the effects of monarchy; as applied, Patel would be able to carry a gun on campus and in classrooms under his constitutional privileges, including to enforce this court's opinion. Our Framers envisioned this because the Basis provides fundamental and essential checks on the Seat, which is created by us the State, including the Military.  https://www.comparably.com/salaries/salaries-for-us-army-general ("The salaries of Us [*sic*] Army Generals in the US range from $19,208 to $521,331, with a median salary of $93,762. The middle 57% of Us Army Generals makes between $93,765 and $236,104, with the top 86% making $521,331.") (therefore, making more than the POTUS and Dr. Fauci). The title The Excellent also means that the Constitution permissively approves me for commercial and monetary success for Patel's level in the state-military-political hierarchy. In other words, our Framers envisioned that the Basis would plead the judiciary under our Ordered Liberty.  U.S. const. amend. V & amend. XIV.  Printz, 521 U.S. at 918 quoting Principality of Monaco, 292 U.S. at 322. Federalist

Nos. 42 & 80. The United States (a part of), through ones of its control group, can also be aiding in making me politically ineligible, despite my high levels of favorability, well-likeness, and approval, to run for the Presidency which I have always strived for. Upjohn Co. v. United States, 449 U.S. 383, 388-9 and 393 (1981) ("zone of silence;" "control group;" and "substantial role" at entity). Loosing this case will also make me, a leader of the United States rather than any sister state, appear weak, in the most "degrad[ing]" and "demean[ing]" proscribed ways, and aid the Constitution's opposition, per the court is to use its jurisdiction in favor of the parties before it. U.S. const. art. IV, § 2 (applicable to states and the United States) & amend. XIV (applicable to states and the United States; "citizens of the United States"); United States v. Windsor, 570 U.S. 744, 792-93 (2013) (""the Fifth Amendment itself withdraws from Government the power to degrade or demean in the way this law does."...The only possible interpretation of this statement is that the Equal Protection Clause, even the Equal Protection Clause as incorporated in the Due Process Clause, is not the basis for today's holding."); Hollingsworth v. Perry, 133 S. Ct. 2652, 2667, 2670-72 (U.S. 2013) ("unique legal status"); U.S. Term Limits, Inc. v. Thornton, 514 U.S. 779, 844-45 (1995); Bridges v. California, 314 U.S. 252, 282 (1941); Dun & Bradstreet, Inc. v. Greenmoss Builders, Inc., 472 U.S. 749, 769 (1985); and see also Ind. const. art. I, § 1. "[T]he Court [has] recognized that the due process clauses of the Fifth and Fourteenth Amendments 'have been interpreted to have substantive content, subsuming rights that to a great extent are immune from federal or state regulation or proscription.'...The Court noted that 'rights qualifying for heightened judicial protection...include those fundamental liberties that are 'implicit in the concept of ordered liberty,' such that 'neither liberty nor justice would exist if [they] were sacrificed,''..., or, described otherwise, 'are...those liberties that are 'deeply rooted in this Nation's history and tradition.''" Woodward v. United States, 871 F.2d 1068, 1074 (Fed.

Cir. 1989).  <u>Schaeffler Grp. U.S., Inc. v. United States</u>, 786 F.3d 1354, 1365 (Fed. Cir. 2015).

"Also, by leaving the lie uncorrected, the *New York Times* rule plainly leaves the public

official without a remedy for the damage to his reputation. Yet the Court has observed

that the individual's right to the protection of *his own good name* is a basic consideration

of our constitutional system, reflecting ''our basic concept of the essential dignity and

worth of every human being — a concept at the root of any decent system of ordered

liberty.''...The upshot is that the public official must suffer the injury, often cannot get a

judgment identifying the lie for what it is, and has very little, if any, chance of countering

that lie in the public press." <u>Dun & Bradstreet, Inc.</u>, 472 U.S. at 769 (italics added).  <u>See</u>

<u>also</u> <u>Id.</u>, 472 U.S. at 758 & 787 ("The breadth of this protection evinces recognition that

freedom of expression is not only essential to check tyranny and foster self-government

but also intrinsic to individual liberty and dignity and instrumental in society's search

for truth.").  <u>See</u> <u>Illinois v. Allen</u>, 397 U.S. 337, 348 (1970) (dicta).  "Due process of law is

a summarized constitutional guarantee of respect for those personal immunities which,

as Mr. Justice Cardozo twice wrote for the Court, are 'so rooted in the traditions and

conscience of our people as to be ranked as fundamental,'...or are 'implicit in the concept

of ordered liberty.'" <u>Rochin v. California</u>, 342 U.S. 165, 169 (1952) (Holding that

substantive due process prevents the government from engaging in conduct that

interferes with rights that are implicit in the concept of ordered liberty).  U.S. const.

amend. V & IX.  "License to act...may correspond to one of the many understandings of

"liberty," but it is certainly not 'ordered liberty.'  //  Ordered liberty sets limits and

defines the boundary between competing interests." <u>Dobbs v. Jackson Women's Health</u>

<u>Org.</u>, No. 19-1392 * 31, 597 U.S. ___ (U.S. Jun. 24, 2022).  <u>Teague</u>, 489 U.S. at 311

("Typically, it should be the case that any conviction free from federal constitutional error

at the time it became final will be found, upon reflection, to have been fundamentally fair

and conducted under those procedures essential to the substance of a full hearing. However, in some situations it might be that time and growth in social capacity, as well as judicial perceptions of what we can rightly demand of the adjudicatory process, will properly alter our understanding of the bedrock procedural elements that must be found to vitiate the fairness of a particular conviction."). Printz, 521 U.S. at 918 quoting Principality of Monaco, 292 U.S. at 322. Federalist Nos. 42 & 80. Necessary for Indo-American or Hindu-Ethnic-American Ordered Liberty which is separate but the same as the Anglo-American Ordered Liberty. Moore v. E. Cleveland, 431 U.S. 494, 504 (1977) (necessary for Anglo-American). Nevertheless, the right to contract is a power of "self-determination" and "political equality," and Ordered Liberty demands that the "truth" be found. McDonald, 561 U.S. at 880; Dun & Bradstreet, Inc., 472 U.S. at 789; U.S. const. art. IV, § 2; and 42 U.S.C. § 1983. R.C.F.C. 11(b)-(c).

Here, Ordered Liberty requires that this United States Court of Appeals for the Federal Circuit and the United States Court of Federal Claims to respect PLAINTIFF-APPELLANT THE EXCELLENT THE EXCELLENT MR. RAJ K. PATEL's accusation against the United States and THE HONORABLE PRESIDENT and to use their jurisdiction to allow proving the Big Tucker Act breach of contract and even possibly making HIS EXCELLENCY HIS EXCELLENCY politically ineligible to be commander-in-chief and attack HIS EXCELLENCY HIS EXCELLENCY'S image, or *glorioi,* under constitutionally proscribed glorious warfare. U.S. const. amend. IX. McDonald, 561 U.S. at 880. To the best of my knowledge, there is no one more powerful than me with the titles, although except Her Excellency Hillary Diane Rodham Clinton with only one Excellency. The Executive as well as the Judiciary is assigned the primary constitutional duty to Protect Ordered Liberty which is a part of substantive Due Process and the Privileges and Immunities Clause, as "the Supreme Court held that the Privileges and

Immunities Clause is self-executing." Rochin, 342 U.S. at 169 and https://constitution.congress.gov/browse/essay/artIV-S2-C1-4/ALDE_00013780/.

However, Ordered Liberty requires that the CHIEF OF STATE who is THE HONORABLE PRESIDENT OF THE UNITED STATES who has directly made this contract challenge the jurisdiction on behalf of the UNITED STATES rather than Senior Judge LAS. See generally Marbury, 5 U.S. at 163 & Federalist 78. In fact, this is a political matter and the venue could not be more perfect because by being structured under Congress, with transfer rights to the President and appeal rights to the Judiciary, the C.F.C., as an Article I court, puts all parties on notice that political and state-keeping are inherent in the matters before it. See U.S. const. art. VI, § 1. However, because Congress expected both political inequality and power inequality where the balance was in favor of the sole, mandatory, and statutory defendant, the United States, including but not limited up to the point of and after a RCFC 3 initiation of a new civil action before the United States Court of Federal Claims, Congress created a judicial tribunal with constitutionally vested and inherent powers. McDonald, 561 U.S. at 880; Dun & Bradstreet, Inc., 472 U.S. at 789; U.S. const. art. IV, § 2; and 42 U.S.C. § 1983. Accord with the Founders and Framers, Congress, under its own Fourteenth Amendment duties, and duties to aid the statekeeping functions of the Executive and Judiciary, found it necessary to enact, and the Supreme Court, in order to effectuate legislative intent and has promulgated rules to uphold our Free Civilization. Federalist No. 42 & 80. McDonald, 561 U.S. at 880; Dun & Bradstreet, Inc., 472 U.S. at 789; U.S. const. art. IV, § 2; and 42 U.S.C. § 1983. Only Tyranny will prevail if this court denies reversal. Dobbs, No. 19-1392 * 31, 597 U.S. ___ (U.S. Jun. 24, 2022). U.S. const. art. VI referring to the Decl. of Indep. (1776). Ordered Liberty demands that the lower court allow entrance to litigate the case and

exercise its Moral duty to use non-waivable jurisdiction.[7]  <u>Rosario-Fabregas</u>, 833 F.3d at

1349 citing <u>Gonzalez,</u> 132 S.Ct. at 648.  <u>LeBlanc</u>, 50 F.3d at 1030; <u>Awad</u>, 301 F.3d at 1371-

72; <u>Metz</u> 466 F.3d at 996; and <u>Ford Motor Co.</u>, 635 F.3d at 556.  U.S. const. amends. V &

XIV.

Therefore, Senior Judge Smith abused and unsoundly applied discretion

inconsistent with Ordered Liberty when dismissing the case for want of jurisdiction

under RCFC 11.  <u>Teague</u>, 489 U.S. at 296 & 315 & <u>Precision Specialty Metals, Inc.</u>, 315 F.3d

at 1350 & 1354.

**2. THE C.F.C. SHOULD BE REVERSED BY THIS COURT BECAUSE IT ABUSED ITS DISCRETION BY ITS UNWARRANTED DISMISSAL AFTER CONSTRUING THE RCFC 12(e)-PERMITTED MOTION FOR A MORE DEFINITE STATEMENT AS A SUFFICIENT AND INTENDED TIMELY RESPONSE OR ANSWER TO ITS ORDER TO SHOW CAUSE BY DECEMBER 16, 2022.**

C.F.C. decisions on orders to show cause that cause dismissal of the complaint are

reviewed "for abuse of discretion."  <u>Kadin Corp. v. United States</u>, 782 F.2d 175, 175-77

(Fed. Cir. 1986).  RCFC 12(e).  "A party may move for a more definite statement of a

pleading to which a responsive pleading is allowed but which is so vague or ambiguous

that the party cannot reasonably prepare a response. The motion must be made before

filing a responsive pleading and must point out the defects complained of and the details

desired. If the court orders a more definite statement and the order is not obeyed within

14 days after notice of the order or within the time the court sets, the court may strike the

---

7.  If relief is proper on any one theory in the complaint or here, this court must exercise jurisdiction based on the prayer for relief.  <u>State v. Dexter</u> 32 Wn. 2d 551, 557 (Wash. 1949) (it is unfair and constitutionally immoral not to use police powers); <u>White v. Bd. of Cnty. Com'rs</u>, 524 So. 2d 428, 437 (Fla. Dist. Ct. App. 1988) (aversion towards use of power is also constitutionally immoral); <u>see generally</u> <u>U.S. Dep't of Agric. v. Moreno</u>, 413 U.S. 528, 536 (1973); <u>Barnes</u>, 501 U.S. at 568 ("societal order and morality" are "clearly within the constitutional power of the State"); <u>Roth v. United States</u> 354 U.S. 476, 485 (1957) (contemporary community standards withstands the charge of constitutional infirmity); <u>see</u> <u>Obergefell v. Hodges</u>, 135 S. Ct. 2584, 2596, 2598, 2621, 2625-26, & 2643 (2015) citing <u>Bowers v. Hardwick</u>, 478 U.S. 186 (1986), <u>overruled by,</u> <u>Lawrence v. Texas</u>, 539 U.S. 558, 575 (2003); and U.S. const. amend. IX.

pleading or issue any other appropriate order."  RCFC 12(e).  The C.F.C. has a duty to "liberally construe[]" any "document filed *pro se*."  <u>Erickson</u>, 551 U.S. at 94.  Dkts. 11-15.  Dismissals and filing bars also are seen as too "harsh" of penalties which are not welcomed by the Supreme Court "absent appropriate circumstances."  <u>Nat'l Hockey League v. Metro. Hockey Club</u>, 427 U.S. 639, 643 (1976) cited in <u>Thompson v. The United States</u>, No. 11-170C * 3 (C.F.C. Mar. 8, 2012).  The use of RCFC 11 is usually unconstitutional when applied before an actual, justice trial attempting to seek adequate evidentiary support or before a motion for summary judgment.  <u>Gladstone Realtors</u>, 441 U.S. at 115 n. 31 cited in <u>Tinton Falls Lodging Realty, LLC</u>, 800 F.3d at 1364 (italics added).

Here, CFC abused its discretion when it construed the RCFC 12(e)-permitted Motion for a More Definitive Statement at Dkt. 12 (Nov. 15, 2022) as a response to its Order to Show Cause by December 16, 2022 at Dkt. 11 (Nov. 15, 2022) which ultimately caused the dismissal of the complaint-at-hand at Dkt. 1 because it did not "liberally construe" Dkt. 12.  Order Dismissing Compl., Dkt. 13 (Nov. 17, 2022).  On November 15, the court issued its Order to Show Cause and because this is a second-filing with elaborated facts, Plaintiff-Patel moved for a motion for a more definitive statement.  Dkt. 12.  Not only does Ordered Liberty demand entrance in the CFC but also demonstrating the C.F.C.'s jurisdiction is generally a low bar which has been unequivocally **substantiated** and satisfied too.  *Supra* & *infra*.  The Supreme Court requires that trial court judges "liberally construe[]" "a document filed *pro se*" like Plaintiff-Patel's Motion for a More Definitive Statement at Dkt. 12.  But, CFC Judge Smith failed to show by December 16, 2022 that his honor construed "liberally" Plaintiff-Patel's Motion for a More Definitive Statement at Dkt. 12 because, instead of allowing Plaintiff, who was good standing, complying with the court rules, and never been reprimanded by any court (except for an irrelevant filing bar in the S.D.I.N. based on quashed cases from No. 22-

1131 (Fed. Cir. 2022)), to file a response to the Order to Show Cause by December 16, 2022, C.F.C. Judge Smith outright dismissed the complaint and issued a filing bar at Dkt. 14. See also Final J., Dkt. 15 (Nov. 29, 2022). Then, on November 18, 2022 (entered on Dec. 9, 2022), I submitted a Motion for Reconsideration; on December 9, 2022, Senior Judge Smith updated his anti-filing order at Dkt. 17; and, on December 21, 2022, Senior Judge Smith denied my Motion to Reconsideration. Dkt. 18. Throughout the process, Senior Judge Smith, the Plaintiff, and the Defendant knew and had notice that Dkt. 12 was an intended sufficient response to Dkt. 11. U.S. const. amend. V. The dismissal of the complaint *sua sponte*, especially because the deadline had not expired, was an abuse of discretion. Dkts. 14 & 15. Kadin Corp., 782 F.2d at 175-77. And, under Kadin Corp., 782 F.2d at 175-77, the motion to reconsider is irrelevant where it does not benefit the Plaintiff and was also clearly and convincingly not an intended reply to the Order to Show Cause at Dkt. 11. Id. Dkt. 19 (Notice of Appeal). There is great doubt that the Supreme Court, or regular practice of the C.F.C., would welcome the dismissal or filing bar because there are not "appropriate circumstances" to issue these "harsh" penalties because there is not a track record or even one instance of "continued failings to comply with court orders" to constitute "callous disregard for the rules and regulations." Nat'l Hockey League, 427 U.S. at 641 & 643 cited in Thompson, No. 11-170C * 3 (C.F.C. Mar. 8, 2012); cf. Mendoza v. Merit Sys. Prot. Bd., 966 F.2d 650, 653-54 (Fed. Cir. 1992) (penalty upheld because there was noncompliance to at least three (3) deadlines) cited in Thompson, No. 11-170C * 3 (C.F.C. Mar. 8, 2012); and cf. Kadin Corp., 782 F.2d at 176-77 (penalty not "harsh" because untimely filing and failure to comply with rules). As required by the United States Supreme Court, C.F.C. Senior Judge Smith should have welcomed a sufficient and intended timely response by December 16, 2022 as his honor originally ordered. Erickson, 551 U.S. at 94; Dkts. 11 & 14-15; and Kadin Corp., 782 F.2d at 175-77.

Therefore, under the mandatory rule for liberal construction, Senior Judge Smith abused his discretion by neglecting his duty to welcome a sufficient, intended timely response to the Order to Show Cause at Dkt. 11 by the original deadline of December 16, 2022. Erickson, 551 U.S. at 94. Kadin Corp., 782 F.2d at 175-77.

3. **THE C.F.C. SHOULD BE REVERSED BECAUSE IT UNFAIRLY DISMISSED THE CASE BECAUSE DEMONSTRATING THE JURISDICTION OF THE C.F.C. IS GENERALLY "A LOW BAR" BUT C.F.C. SENIOR JUDGE SMITH HAS TURNED IT INTO A GAME BY ABUSING DISCRETION IN MAKING A LONG, BRIEF, AND UNWARRANTED DEBATE ABOUT SUBJECT-MATTER JURISDICTION WHICH IS ALSO INCONSISTENT WITH INSTRUCTIONS TO TRIAL COURT JUDGES FROM THE SUPREME COURT AND CLEARLY ERRORED BY NOT FINDING THE CLAIMS SUFFICIENT BY A PREPONDERANCE OF EVIDENCE AND BECAUSE THE COMPLAINT CONTAINS A PARTICULARIZED SET OF FACTS WHICH RAISE A REASONABLE DOUBT THAT C.F.C. ABUSED ITS DISCRETION.**

"Demonstrating [the Court of Federal Claims'] jurisdiction is generally a low bar." Patel v. United States, No. 1:21-cv-02004-LAS (Fed. Cl. 2021), Dkt. 10 (citing See, e.g., Columbus Reg'l Hosp., 990 F.3d at 1341). *Pro se* plaintiffs are "not expected to frame issues with the precision of a common law pleading." Roche v. U.S. Postal Serv., 828 F.2d 1555, 1558 (Fed. Cir. 1987). *Pro se* plaintiffs must establish this Court's jurisdiction over their claims by a preponderance of the evidence. See Alston-Bullock v. United States, 122 Fed. Cl. 38, 40 (2015); see also Spengler v. United States, 688 F. App'x 917, 920 (Fed. Cir. 2017). "The fact that [the plaintiff] acted *pro se* in the drafting of his complaint may explain its ambiguities." Minehan v. United States, 75 Fed. Cl. 249, 253 (2007); accord Henke v. United States, 60 F.3d 795, 799 (Fed. Cir. 1995). "Whether the Court of Federal Claims has jurisdiction over a claim is a question of law that we review de novo...We review the court's findings of fact relating to jurisdictional issues for clear error." Jones, 30 F.4th at 1100. "Nonetheless, the plaintiff bears the burden of establishing jurisdiction by a preponderance of the evidence," including if and after the United States C.F.C. puts the

subject-matter jurisdiction in question.  Wagstaff v. United States, 105 Fed. Cl. 99, 108 (2012); Reynolds v. Army & Air Force Exchange Serv., 846 F.2d 746, 748 (Fed. Cir. 1988) cited in Wagstaff, 105 Fed. Cl. at 108; see also A & D Fire Prot., Inc. v. United States, 72 Fed. Cl. 126, 130-31 (2006); Fincke v. United States, 675 F.2d 289, 297 (Ct. Cl. 1982); and Raymark Indus., Inc. v. United States, 15 Cl. Ct. 334, 337 (Ct. Cl. 1988).  The United States of Federal Claims is the "court of general jurisdiction" for Big Tucker Act contracts claims; so, "such jurisdiction over the cause and the parties is to be presumed unless disproved by extrinsic evidence, or by the record itself." Adam v. Saenger, 303 U.S. 59, 62 (1938); 42 U.S.C. § 1491(a)(2); Holmes v. United States, 657 F.3d 1303, 1314 (Fed. Cir. 2011); and Patel v. United States, No. 1:21-cv-2004-LAS (C.F.C. 2022), Dkt. 10, modified by, No. 22-1131 (Fed. Cir. 2022), ECF 31.  Perkins v. Benguet, 342 U.S. 437 (1951) (court of general jurisdiction assumes personal jurisdiction over Defendant) and cf. Shelden v. United States, No. 2018-1381 * 9 (Fed. Cir. Jul. 12, 2018).  Awad v. United States, 301 F.3d 1367, 1371-72 & 1375 (Fed. Cir. 2002) (citing Bowen v. Massachusetts, 487 U.S. 879, 910 n. 48, (1988) ("The United States, as sovereign, is immune from suit save as it consents to be sued." United States v. Sherwood, 312 U.S. 584, 586 (1941)) ("It is often assumed that the [Court of Federal Claims] has exclusive jurisdiction of Tucker Act claims for more than $10,000…That assumption is not based on any language in the Tucker Act granting such exclusive jurisdiction to the [Court of Federal Claims]. Rather, that court's jurisdiction is `exclusive' only to the extent that Congress has not granted any other court authority to hear the claims that may be decided by the [Court of Federal Claims]").  Overall, the "jurisdictional inquiry…is a limited one." V. L., 577 U.S. at 407. Vivint, Inc. v. Alarm.com Inc., No. 2017-2261 (Fed. Cir. Dec. 20, 2018) (Substantial evidence is "such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." Arendi S.A.R.L. v. Apple Inc., 832 F.3d 1355, 1361 (Fed. Cir. 2016); see also Consol. Edison Co. of

N.Y. v. N.L.R.B., 305 U.S. 197, 229 (1938). This same framework applies to claim construction.). Mass. Bay Transp. Auth. v. United States, 254 F.3d 1367, 1372 (Fed. Cir. 2001) (internal citations omitted) ("In reviewing decisions of the Court of Federal Claims, this court reviews conclusions of law, such as contract interpretation, de novo…Findings of fact made by the Court of Federal Claims, however, are reviewed under the "clearly erroneous" standard.). Total Med. Mgmt., Inc. v. United States, 104 F.3d 1314, 1319 (Fed. Cir. 1997). "Consequently, ''the question of whether a contract exists' generally appears not to be 'a jurisdictional one,' unless, however, a plaintiff does 'not plausibly allege the existence of a contract.'" 6601 Dorchester Inv. Grp., LLC v. United States, No. 20-1427C, 154 Fed.Cl. 685 (2021), Dkt. 11 at 7.  Nevertheless, when a particularized set of facts which create a reasonable doubt are pleaded, Plaintiff has demonstrated the "low bar" to require the C.F.C. to use its discretion to effectuate trial, including in Indianapolis or even Atlanta. Columbus Reg'l Hosp., 990 F.3d at 1341.  As a benefit for parties seeking subject-matter jurisdiction, facts may be sufficiently supported by affidavit or other evidence for summary judgment, but the Supreme Court requires that dismissal for doubt of the facts pertaining to standing and subject-matter jurisdiction must be "supported *adequately* by the evidence *adduced at trial*." Gladstone Realtors, 441 U.S. at 115 n. 31 cited in Tinton Falls Lodging Realty, LLC, 800 F.3d at 1364 (italics added).  The use of RCFC 11 is usually unconstitutional when applied before an actual, justice trial attempting to seek adequate evidentiary support or before a motion for summary judgment. Id.

Here, CFC Senior Judge Smith abused his discretion when not opening up the gates of the CFC for adjudication because Plaintiff-Patel had demonstrated the "low bar" needed to enter the CFC on a short and plain statement and not making his subject-matter jurisdiction limited as instructed by the Supreme Court.  Not only was the Order to Show Cause at Dkt. 11 needless but also the complaint-at-hand (summons) included substantial

evidence that the subject-matter jurisdiction was substantiated and mustered as perceived by "reasonable mind[s]." Vivint, Inc., No. 2017-2261 & V. L., 577 U.S. at 407. The Supreme Court also demands that the jurisdiction inquiry be limited because it is prone to corruption if the limitation not be there. V. L., 577 U.S. at 407. The Supreme Court's mandatory rule of limitation also aids the judiciary remain independent and take on where Ordered Liberty is at odds with political and power equality. Id.; Printz, 521 U.S. at 918 (internal citations omitted); Federalist Nos. 42 & 80; McDonald, 561 U.S. at 880; Dun & Bradstreet, Inc., 472 U.S. at 789; U.S. const. art. IV, § 2; and 42 U.S.C. § 1983.

Here, CFC Senior Judge Smith clearly errored when not finding subject-matter jurisdiction over the claims by a preponderance of the evidence. Alston-Bullock, 122 Fed. Cl. at 40; Spengler, 688 F. App'x at 920; Minehan, 75 Fed. Cl. at 253; and accord Henke, 60 F.3d at 799.

- *First*, pro se plaintiffs, like Plaintiff-Appellant Patel, are pardoned by "ambiguities," and the CFC could have either issued a more definitive order to show cause or respond to my RCFC 12(e) permitted Motion for a More Definitive Response to close the "ambiguities." Minehan, 75 Fed. Cl. at 253 accord Henke, 60 F.3d at 799.

- *Second*, CFC Senior Judge Smith should have never entered into a frivolity inquiry, per Fisher, 402 F.3d at 1172 (*en banc*) (frivolity inquiry only applies where Big Tucker Act-complementing contracts-in-fact is not money mandating), because the complaint-at-hand which pleads a Big Tucker Act, 28 U.S.C. § 1491(a), breach of contract claim which is money mandating as explained in No. 22-1131 (Fed. Cir. 2022), unlike other Big Tucker Act claims, came "armed with the presumption that money damages are available, so that

normally no further inquiry is required" which automatically musters subject-matter jurisdiction.  See generally Patel v. United States, No. 22-1131 (Fed. Cir. 2022) citing United States v. Navajo Nation, 556 U.S. 287, 290 & 291 (2009).

- *Third*, whether a contract is "fairly be interpreted" to be money demanding of the Federal Government should happen at the end of the fact-finding stage, consistent with practices of the CFC and Ordered Liberty.  Id.  Mass. Bay Transp. Auth., 254 F.3d at 1372 & Total Med. Mgmt., Inc., 104 F.3d 1319.

- *Fourth*, assuming the C.F.C. has not abused its discretion, Plaintiff-Appellant Patel, in the court below, fulfilled his duty to establish subject-matter jurisdiction by a by a preponderance of the evidence.'"  Reynolds, 846 F.2d at 748 cited in Wagstaff, 105 Fed. Cl. at 108; see also A & D Fire Prot., Inc., 72 Fed. Cl. at 130-31; Fincke, 675 F.2d at 297; and Raymark Indus., Inc., 15 Cl. Ct. at 337.

- *Fifth*, the perpetual frivolity and subject-matter inquiry is an abuse of discretion because it has not been limited in nature, despite the Congressional consent, the elements of the contract being satisfied, and the armed presumption of money damages.  V. L., 577 U.S. at 407 & Fisher, 402 F.3d at 1172.  Shelden v. United States, 7 F.3d 1022, 1031 (Fed. Cir. 1993) (cited in Shelden, No. 2018-1381 * 3 n. 1 ("We reversed and remanded for a determination of just compensation.")).

- *Sixth*, dismissal preceding a sufficient, timely response to the court's order to show cause and an answer from the United States is also an abuse of discretion pursuant to Ordered Liberty.  Rosario-Fabregas, 833 F.3d at 1349 citing Gonzalez, 132 S.Ct. at 648; Metz, 466 F.3d at 996; Ford Motor Co., 635 F.3d at 556; LeBlanc, 50 F.3d at 1030; Printz, 521 U.S. at 918 quoting Principality of

Monaco, 292 U.S. at 322; Federalist Nos. 42 & 80; McDonald, 561 U.S. at 880;

Dun & Bradstreet, Inc., 472 U.S. at 789; U.S. const. art. IV, § 2; and 42 U.S.C. §

1983.

Overall, the lower court docket shows no extrinsic evidence to defeat subject-matter jurisdiction.

Here, CFC Senior Judge Smith abused his discretion and violated Ordered Liberty when dismissing the complaint for lack of jurisdiction because the short and plain statement with the claims was sufficient to await Defendant's answer and even proceed to trial, interrogatories, depositions, and other discovery matters if the Defendant denies the allegations in the complaint. Rosario-Fabregas, 833 F.3d at 1349 citing Gonzalez, 132 S.Ct. at 648; Metz, 466 F.3d at 996; Ford Motor Co., 635 F.3d at 556; LeBlanc, 50 F.3d at 1030; Printz, 521 U.S. at 918 quoting Principality of Monaco, 292 U.S. at 322; Federalist Nos. 42 & 80; McDonald, 561 U.S. at 880; Dun & Bradstreet, Inc., 472 U.S. at 789; U.S. const. art. IV, § 2; and 42 U.S.C. § 1983.

For instance, the Court of Federal Claims has held handwritten complaints and clear extra-Big Tucker Act jurisdiction cases on the public dockets and awaited a response from the Defendant than for the case-at-hand.

- *First*, unlike here, in Lopez v. United States, No. 21-1166 (C.F.C. Jan. 21, 2022), the Plaintiff's handwritten pro se complaint was limited on facts and demanded $550M was sufficient for the Defendant to respond before the C.F.C. dismissed the case for lack of jurisdiction because the C.F.C. was unable to find a money mandating source of law. Lopez v. United States, No. 1:21-cv-1166 (C.F.C. Jan. 21, 2022), Dkts. 14-5, aff'd, No. 2022-1426 (Fed. Cir. Feb. 6, 2023).

Therefore, here, the complaint should be ordered to move past the pleading stage and made ready for Defendant's answer by reversing the C.F.C.

- *Second*, unlike here, in <u>Vargas v. United States</u>, No. 12-508C, 114 Fed. Cl. 226, 236 (2014), the Plaintiff's complaint demanding $15M was not dismissed and the motion to dismiss was denied because the Plaintiff had pled sufficient facts for a contract, which like here was not denied, and formed by an United States official with express or implied authority. <u>Vargas v. United States</u>, No. 12-508C, 114 Fed. Cl. 226, 233-36 (2014). Here, the President has both explicit and implied authority because his honor must constantly run the largest bureaucracy in the world and administer the Constitution, and under Section 1 of Article I the President is Vested with all powers all other executives and contracting officers are concurrently bestowed as agents of the President, and more. <u>Id</u>. The C.F.C. also stated that "reasonable inferences" that the United States was responsible is all it took to begin proving the case and that proving the case is obviously not required at the pleading stage. <u>Id.</u> at 234. Here, the fact that Plaintiff acted pro se only directs the C.F.C. to increase the likelihood to evaluate the case on the merits. <u>Erickson</u>, 551 U.S. at 94. Therefore, the C.F.C. should be reversed, and No. 22-1131 should be in part reversed and in part vacated too, under the demands of the Supreme Court. <u>Compare</u> <u>Vargas</u>, No. 12-508C, 114 Fed. Cl. at 234 (citing <u>Ashcroft v. Iqbal</u>, 556 U.S. 662, 678 (2009) and <u>In re Bill of Lading Transmission & Processing Sys. Patent Litig.</u>, 681 F.3d 1323, 1339 (Fed. Cir. 2012) (internal citations omitted)) <u>with</u> No. 22-1131 (Fed. Cir. 2022). Also, the case is ripe for transfer to a regular judge under RCFC 40.1. <u>Vargas</u>, No. 12-508C (Fed. Cl. 2016), Dkt. 18. <u>See</u> 28 U.S.C. § 1631.

- *Third*, unlike here, in <u>6601 Dorchester Inv. Grp., LLC</u>, No. 20-1427C, 154 Fed.Cl. at 685, the Plaintiff's complaint was dismissed under RCFC 12(b)(6) after an answer from the Defendant for failure to state a claim upon which relief can be granted. <u>6601 Dorchester Inv. Grp., LLC</u>, No. 20-1427C, 154 Fed.Cl. at 685, Dkt. 17. The C.F.C. found subject-matter jurisdiction but stated that it could enforce the contract because, unlike here, Plaintiff had not provided information about the identity of the governmental official. <u>Id.</u> at 8. Unlike here, the C.F.C. also ruled that the Plaintiff will use the discovery process as an information gathering session rather than organize the evidence to prove the case. <u>Id.</u> (citing <u>Brubaker Amusement Co., Inc. v. United States</u>, 304 F.3d 1349, 1361 (Fed. Cir. 2002)). Unlike here, where dismissal was on want of jurisdiction rather than on the merits, the C.F.C. ruled that Plaintiff would not be able to establish a meeting of the minds with any Governmental official after going through Plaintiff-submitted e-mails, because it would be contrary to law. <u>6601 Dorchester Inv. Grp., LLC</u>, No. 20-1427C, 154 Fed.Cl. at 685, Dkt. 17 at 8-9. <u>Id.</u> at 11 (Nevertheless, the Judge Solosmon argued that the claim might be of promissory estoppel which the C.F.C. does not have jurisdiction.). "Consequently, ''the question of whether a contract exists' generally appears not to be 'a jurisdictional one,' unless, however, a plaintiff does 'not plausibly allege the existence of a contract.'" <u>Id</u>. at 7. Here, the fact that Plaintiff acted pro se only directs the CFC to increase the likelihood to evaluate the case on the merits. <u>Erickson</u>, 551 U.S. at 94. Therefore, the C.F.C. should be reversed for dismissal under RCFC 12(b)(1) and ordered to move the case forward under its jurisdiction.

- *Fourth,* see Perry v. United States, 149 Fed.Cl. 1, 12 (2020) (emphasis in original) (quoting and citing Engage Learning, Inc. v. Salazar, 660 F.3d 1346, 1355 (Fed. Cir. 2011)) aff'g Perry, 149 Fed.Cl. 1, 2021 WL 2935075 (Fed. Cir. July 13, 2021). Therefore, the C.F.C. should be reversed for dismissal under RCFC 12(b)(1) and ordered to move the case forward under its jurisdiction.

- *Fifth,* see also Villars v. United States, No. 2014-5124, 590 F. App'x 962 (Fed. Cir. 2014) (F.B.I. complaint; reversed of lack of jurisdiction; contract claim; gov't official had actual authority) and SGS-92-X003, No. 1:97-cv-00579-MCW (Fed. Cl. 1997-2014) (D.E.A. special agent makes complaint; demanded $33.85M; filed by attorney; and awarded money). Therefore, the C.F.C. should be reversed for dismissal under RCFC 12(b)(1) and ordered to move the case forward under its jurisdiction.

- *Sixth,* unlike here, in Shinnecock Indian Nation v. United States, No. 12-836 L, 112 Fed.Cl. 369 (C.F.C. 2013), remanded, No. 2014-5015, 782 F.3d 1345 (Fed. Cir. 2015), the claims were not ripe, but the court did not think that the $1.105B demand for relief was improper but while the harm was "wrong" and "grave," the claim was "disruptive in nature" because the Plaintiff's land was unattended about 154 years, since 1859, and that fact alone "tip[ ] the equity scale in favor of dismissal," but without prejudice. Shinnecock Indian Nation, No. 12-836 L, 112 Fed. Cl. 369 (C.F.C. 2013), remanded, No. 2014-5015, 782 F.3d 1345, 1348 & 1351 (Fed. Cir. 2015). Further, the while the United States was the trust, but, unlike here, there was not a breach of contract claim and the harm was curable by returning the transfer and annexed land. Id. Therefore, the

C.F.C. should be reversed for dismissal with a filing bar and ordered to move the case forward under its jurisdiction.  Id.

- *Seventh*, compare Zoltek Corp. v. United States, 442 F.3d 1345, 1377 (Fed. Cir. 2006) ("If traditional contract-based jurisdiction were required under the Tucker Act, the Court of Federal Claims would be without jurisdiction because there is no contract" because they are a sub-contractor.) with here (Plaintiff-Patel is a gov't contractor; surprisingly, contract-at-hand also aids the Defendant's post-2014 warnings to light-colored racial minorities).

- *Eighth*, In the event Mr. Kiepura cannot faithfully represent the Defendant-THE PRESIDENT and Defendant-FORMER PRESIDENTS, then the C.F.C. should issue summons and subpoenas as requested under Ordered Liberty.  Vargas, 114 Fed.Cl. at 236.  Therefore, the C.F.C. should be reversed for dismissal with a filing bar and ordered to move the case forward under its jurisdiction.

Like this court stated in Patel v. United States, No. 22-1131 (Fed. Cir. 2022), ECF 31, there is a Big Tucker Act, 28 U.S.C. § 1491(a), contract-at-hand and despite its *sua sponte* prejudicial, interpretation of it being possibly unfair, Plaintiff-Patel has a continued Ordered Liberty to enter the C.F.C. to prove otherwise, and possibly even common law right of contracts reconstruction, and have a lawful opinion on the merits, including with statements about fairness from the Defendant-PRESIDENT who exerts control; as Ordered Liberty demands, Plaintiff's statements are correct until proven otherwise after sufficient actual litigation.  Dkt. 14 at 1 (re-file and updated makes "contractual obligations" fairly interpretable to be money mandating of the Federal Government).

Therefore, this court should reverse the C.F.C. and remand with instructions to proceed to receive the submission of the Defendant's answer and trial.

**4.  BECAUSE VENUE IS PROPER IN THE C.F.C., THIS COURT SHOULD REVERSE, BECAUSE IT HAS EXCLUSIVE JURISDICTION OVER THE CONTRACT-AT-HAND OR OVER THE FACTS WHICH ALSO SHOW AN IMPLIED CONTRACT WITH PLAINTIFF AS A PROSPECTIVE BIDDER TO FAIRLY CONSIDER THEIR BIDS OR FAIR NEGOTIATION.**

"Venue" and "[j]urisdiction of this Court is founded upon 28 U.S.C. § 1491 (a) (1) in that this action arises from a contract between the Plaintiff and the Defendant involving an amount in excess of $10,000.00." SGS-92-X003, No. 1:97-cv-00579-MCW (Fed. Cl. 2014), Dkt. 1 at 1 (filed by Att'y G. Douglas Abraham, J.D.). 6601 Dorchester Inv. Grp., LLC, No. 20-1427C, 154 Fed.Cl. at 685, Dkt. 1 at 2 (filed by Att'y Albert G. Bilbrey, Jr., J.D. et al.). "Whether the Court of Federal Claims has jurisdiction over a claim is a question of law that we review de novo...We review the court's findings of fact relating to jurisdictional issues for clear error." Jones, 30 F.4th at 1100. The "jurisdictional inquiry...is a limited one." V. L., 577 U.S. at 407. Vivint, Inc., No. 2017-2261 (Fed. Cir. Dec. 20, 2018) (Substantial evidence is "such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." Arendi S.A.R.L., 832 F.3d at 1361; see also Consol. Edison Co. of N.Y., 305 U.S. at 229. This same framework applies to claim construction.). Mass. Bay Transp. Auth., 254 F.3d at 1372 (internal citations omitted) ("In reviewing decisions of the Court of Federal Claims, this court reviews conclusions of law, such as contract interpretation, de novo...Findings of fact made by the Court of Federal Claims, however, are reviewed under the "clearly erroneous" standard.). Total Med. Mgmt., Inc., 104 F.3d at 1319. Cf. Shelden, No. 2018-1381 * 9. "Consequently, ''the question of whether a contract exists' generally appears not to be 'a jurisdictional one,' unless, however, a plaintiff does 'not plausibly allege the existence of a contract.'" 6601 Dorchester Inv. Grp., LLC, No. 20-1427C, 154 Fed.Cl. at 685, Dkt. 11 at 7. The Supreme Court requires that dismissal for doubt of the facts pertaining to standing and subject-matter jurisdiction must be "supported *adequately* by the evidence *adduced at trial*."

Gladstone Realtors, 441 U.S. at 115 n. 31 cited in Tinton Falls Lodging Realty, LLC, 800 F.3d at 1364 (italics added).  The use of RCFC 11 is usually unconstitutional when applied before an actual, justice trial attempting to seek adequate evidentiary support or before a motion for summary judgment.  Id.  But, when a Big Tucker Act, 28 U.S.C. § 1491(a), express contract is failed to be proven, the United States C.F.C. is required to devolve its merits inquiry to determine whether an implied contract with the United States to consider a prospective bid exists which must also be considered "fairly," as intended by the Administrative Dispute Resolution Act of 1996.  28 U.S.C. § 1491(b) cited in Emery Worldwide Airlines, Inc. v. United States, 264 F.3d 1071, 1082 (Fed. Cir. 2001).  Once a court has determined personal jurisdiction under the United States Court of Federal Claims, the court may transfer to the President or another executive, including but not limited to the Secretary of the Treasury, who may also begin for abuse of authority for violation of administration, preservation, and willful blindness of Ordered Liberty.  28 U.S.C. § 1491(a)(2); Emery Worldwide Airlines, Inc., 264 F.3d at 1082; and cf. Shelden v. United States, No. 1:17-cv-1507-LAS, 2017 WL 5494043 (C.F.C. Nov. 16, 2017), Dkt. 5 (Smith, J., dismissal op.) (plaintiff seeking $24B), aff'd, No. 2018-1381 * 6 (Fed. Cir. Jul. 12, 2018) ("the Claims Court does not possess jurisdiction over claims brought against persons, entities, and territories other than the United States.").

Here, the C.F.C. abused its discretion not only by not fulfilling its jurisdiction inquiry but also by not considering it an "implied contract with prospective bidders to fairly consider their bids." Emery Worldwide Airlines, Inc., 264 F.3d at 1078 citing Heyer Prods. Co. v. United States, 135 Ct.Cl. 63, 140 F.Supp. 409 (1956).  C.F.C. acquired EVEN BEFORE the contract-at-hand was expressly formed because the bargain formed an implied contract to "to fairly consider their [negotiation]." Emery Worldwide Airlines, Inc., 264 F.3d at 1078-80.  See Id. citing United States v. John C. Grimberg Co., 702 F.2d

1362, 1372 (Fed. Cir. 1983) (*en banc*).  <u>Cf.</u> 1491(b)(1) cited in <u>Emery Worldwide Airlines,</u> <u>Inc.,</u> 264 F.3d at 1079.  Nevertheless, because Defendant must constitutionally use norms shared with international law for its relationship with its Basis, much like it must for relationships with the constitutionally sovereign Native American nations, the contract-at-hand was protected by each of Plaintiff's attainments of his Excellencies and Ordered Liberty.  <u>Shinnecock Indian Nation</u>, 782 F.3d at 1348 and Federalist Nos. 42 & 80.  But, President Trump's ratification of the contract-at-hand also protects Ordered Liberty which is fairly due for enforcement.  <u>LeBlanc</u>, 50 F.3d at 1030.  U.S. const. amends. V & XIV.  <u>Awad</u>, 301 F.3d at 1371-72.  The C.F.C. should have followed the Supreme Court's rules of governance of contracts, implied and express, claims to determine jurisdiction.  <u>Gladstone Realtors</u>, 441 U.S. at 115 n. 31 cited in <u>Tinton Falls Lodging Realty, LLC</u>, 800 F.3d at 1364 (italics added); <u>Mass. Bay Transp. Auth.</u>, 254 F.3d at 1372; and <u>6601</u> <u>Dorchester Inv. Grp., LLC</u>, No. 20-1427C, 154 Fed.Cl. at 685, Dkt. 11 at 7.  Further, the C.F.C.'s application of RCFC 11(b)-(c) is also unconstitutional because it did not follow the Supreme Court's mandatory rules for determining jurisdiction under to be adduced at a trial when in doubt by the court.  <u>Gladstone Realtors</u>, 441 U.S. at 115 n. 31 cited in <u>Tinton Falls Lodging Realty, LLC</u>, 800 F.3d at 1364 (italics added).  Therefore, the C.F.C. should have waited for an answer from the Defendant.

Therefore, the C.F.C.'s unwarranted and clearly baseless opinion which violates the strong presumption of "low bar" for jurisdiction should be reversed and remanded with instructions to adduce the proper facts to make a judicious decision of jurisdiction and claims, consistent with the mandatory supervisory rules of the Supreme Court, for an express contract or an implied contract, including interpretation of a fair bargain, which may be reconstructed and which may be also dole out of the same amount of

monetary relief.   In the alternative, the C.F.C. could have transferred venue to the President and Oval Office for relief.

5.   **THE C.F.C. ABUSED ITS DISCRETION AND CLEARLY ERRORED BECAUSE IT FAILED TO CONSTRUE THE CONTRACT-AT-HAND UNDER THE "BOUNTY CLAUSE" OF SECTION 4 OF THE FOURTEENTH AMENDMENT, SUBJECT TO MANDATORY TRIAL AND EXPEDIENT RESOLUTION UPON QUESTION AS INSTRUCTED BY THE SUPREME COURT.**

"The validity of the public debt of the United States, authorized by law, including debts incurred for payment of...bounties for services in suppressing insurrection or rebellion, shall not be questioned."  U.S. amend. XIV, § 4 and <u>Schirripa v. United States</u>, 615 F. App'x 687 * 2 (Fed. Cir. 2015).   The Big Tucker Act, 28 U.S.C. § 1491(a), was originally enacted by Senator Tucker (D) to combat racism and insurgency against the United States and its state and governmental interests, law, and policy.   The Supreme Court not only mandates trial for inquires of jurisdiction and facts but also expects all civil rights matters, such as the one at hand, to be resolved and enforced Expediently and Fully Faithfully, and many times without notice.  <u>Brown v. Bd. of Education of Topeka</u>, 349 U.S. 294, 301 (1955).   The President with actual authority formed, ratified, and re-ratified each contract.   "Whether the Court of Federal Claims has jurisdiction over a claim is a question of law that we review de novo...We review the court's findings of fact relating to jurisdictional issues for clear error."  <u>Jones</u>, 30 F.4th at 1100.   In aid of the party seeking jurisdiction, the Supreme Court requires that dismissal for doubt of the facts pertaining to standing and subject-matter jurisdiction must be "supported *adequately* by the evidence *adduced at trial*."  <u>Gladstone Realtors</u>, 441 U.S. at 115 n. 31 cited in <u>Tinton Falls Lodging Realty, LLC</u>, 800 F.3d at 1364 (italics added).  The use of RCFC 11 is usually unconstitutional when applied before an actual, justice trial attempting to seek adequate evidentiary support or before a motion for summary judgment.  <u>Id</u>.  Accordingly, if a plaintiff alleges breach of a contract with the government, the allegation itself confers

subject-matter jurisdiction on the Court of Federal Claims Court.  Id. accord Hanlin v. United States, 214 F.3d 1319, 1321-22 (Fed. Cir. 2000).

Here, the C.F.C. because had sufficient facts that the constitutionally prescribed "bounty" transaction with consideration between the Plaintiff and Defendant has already happened, the C.F.C. clearly errored in the construction of the contract and abused its discretion by dismissing the case, including for being factually frivolous and clearly baseless.  Dkts. 11 & 14.  Unlike in Schirripa, 615 F. App'x 687, where the Schirripa stated that the United States was obligated to buy his national security anti-terrorism technology that he invested four (4) years in but failed to make an offer to the United States, and nor did the United States accept, the court affirmed the C.F.C. dismissal under RCFC 12(b)(6) for failure to state a claim upon which relief can be granted, because the United States did not accept or negotiate, here, the Plaintiff-Patel and the Defendant-United States with actual authority went back and forth with offers, acceptances, and considerations under norms of fair bargain and negotiation sufficiently for this court to reverse the C.F.C.  See Schirripa, 1:14-cv-01031-SGB (C.F.C. 2015), Dkt. 27, aff'd, 615 F. App'x at 687 * 2-3.  Columbus Reg'l Hosp., 990 F.3d at 1339 (internal citations omitted) and Balt. Ohio R.R. v. United States, 261 U.S. 592, 598 (1923).  See also Emery Worldwide Airlines, Inc., 264 F.3d at 1078 citing Heyer Prods. Co., 135 Ct.Cl. at 63, 140 F.Supp. at 409 (bargain is an implied contract, which the C.F.C. must *sua sponte* attach as a claim to *pro se*-filed and attorney-filed complaints and must consider fairly).  Also, whereas Schirripa's antiterrorism technology was eventually seized by the United States under a not-money demanding statute, here, Patel's alleged injury is legally cognizable under money-mandating provisions of the Fifth Amendment of the United States and statute, 42 U.S.C. § 1981-82, because the lawfully-formed contract is a property right subject to "just compensation," with money, because the possibly lawfully Taken contract includes

XXXIV

a compensation provision, possibly unlawfully Taken contract is an "illegal 'exaction,'"
or might be an effectual recession (or even an efficient breach). <u>Lynch v. United States</u>,
292 U.S. 571, 579 (1934) ("The Fifth Amendment commands that property be not taken
without making just compensation. Valid contracts are property, whether the obligor be
a private individual, a municipality, a state, or the United States.") cited in <u>Taylor v.
United States</u>, 959 F.3d 1081, 1086-87 (Fed. Cir. 2020) ("There is "ample precedent for
acknowledging a property interest in contract rights under the Fifth Amendment.")
(complaint may be both a Taking and a federal tort subject to litigation in district court)
(internal citations omitted); 42 U.S.C. §§ 1981-82 (contract rights and illegal exactions);
<u>see</u> <u>Crocker v. United States</u>, 125 F.3d 1475, 1447 (Fed. Cir. 1997) (lawful seizure under
the Control Substance Act not subject to Fifth Amendment "just compensation."); and <u>see</u>
<u>Milton v. United States</u>, No. 21-1331 (Fed. Cir. Jun. 2, 2022), Dkt. 120 * 8 (explaining the
two (2) prongs for Taking legally cognizable claims); <u>see also</u> <u>Milton v. United States</u>, No.
2021-1338 (Fed. Cir. Jun. 2, 2022); and <u>Starr Int'l Co. v. United States</u>, 121 Fed. Cl. 428, 435
(2015) (unlawful taking is illegal exaction claim and lawful Taking is a Taking claim) cited
in      [https://fedcircuitblog.com/2021/03/31/online-symposium-the-federal-circuits-
2020-rulings-reviewing-decisions-of-the-court-of-federal-claims-in-tucker-act-cases/](https://fedcircuitblog.com/2021/03/31/online-symposium-the-federal-circuits-2020-rulings-reviewing-decisions-of-the-court-of-federal-claims-in-tucker-act-cases/)
(citing also <u>Norman v. United States</u>, 429 F.3d 1081 (Fed. Cir. 2005); <u>Amax Coal Co. v.
United States</u>, 205 F.3d 1369 (Fed. Cir. 2000); and <u>Aerolineas Argentinas v. United States</u>,
77 F.3d 1564 (Fed. Cir. 1996)). Further, where there is inequality in option as to allow for
a "illegal exaction or discontinue its business," like, here, because Plaintiff had to perform
identical duties to concurrently preserve his status and image from lawless organized
violence, the claim must still continue. <u>Swift & Courtney & Beecher Co. v. United States</u>,
11 U.S. 22, 28-29 (1884) cited in <u>Starr Int'l Co.</u>, 121 Fed. Cl. at 435. <u>See also</u> <u>Starr Int'l Co.</u>,
121 Fed. Cl. at 436 citing <u>Auto. Club Ins. Ass'n v. United States</u>, 103 Fed.Cl. 268, 273 (2012)

("Where an illegal exaction is alleged, the Tucker Act 'enables suit even in the absence of a money-mandating statute.'). Illegal exactions claims are also permitted to be sealed during or after the trial proceedings, especially to respect constitutionally objectivity, the public discourse, and spaces. Starr Int'l Co., 121 Fed. Cl. at 428-30. Therefore, C.F.C. should have started the mandated trial, under mandatory rules of Supreme Court and/or Ordered Liberty, on the alleged contract-at-hand which was formed not only to protect Plaintiff but also to hunt and acquire "bounty" under Section 4 of the Fourteenth Amendment, of preventing the United States courts for outright questing the allegation, instead of dismissing the case for lack of subject-matter jurisdiction. U.S. const. amend. XIV, § 4; Schirripa, 615 F. App'x at 687 * 2; Gladstone Realtors, 441 U.S. at 115 n. 31 cited in Tinton Falls Lodging Realty, LLC, 800 F.3d at 1364 (italics added); cf. RCFC 11; Id. accord Hanlin, 214 F.3d at 1321-22; Swift & Courtney & Beecher Co., 11 U.S. at 28-29 cited in Starr Int'l Co., 121 Fed. Cl. at 435

Therefore, this court should necessarily reverse the C.F.C. Senior Judge Smith's abuse of discretion and clear error and/or de novo.

**6. THE C.F.C. ABUSED ITS DISCRETION OR CLEARLY ERRORED WHEN IT SUA SPONTE DISMISSED THIS RE-FILED AND UPDATED COMPLAINT-AT-HAND BECAUSE DEFENDANT HAD ALREADY SUBMITTED ITS NOTICE OF APPEARANCE THROUGH ITS COMPETENT COUNSEL, AVAILING ITSELF TO JURISDICTION OF THE SAID COURT BELOW.**

"It is an elementary principle of jurisprudence, that a court of justice cannot acquire jurisdiction over the person of one who has no residence within its territorial jurisdiction, except by actual service of notice within the jurisdiction upon him or upon some one authorized to accept service in [its] behalf, or by [its] waiver, by general appearance or otherwise, of the want of due service. Whatever effect a constructive service may be allowed in the courts of the same government, it cannot be recognized as valid by the courts of any other government." Bigelow v. Old Dominion Copper Co., 225

U.S. 111, 137 (1912).  Cf. U.S. const. amend. V (not applicable to Defendant here, but maybe to RCFC 19 party joined) & United Keetoowah Band v. RCFC 19, No. 03-1433L (Fed. Cl. Sep. 16, 2005).  "Except as otherwise authorized by law, the conduct of litigation in which the United States, an agency, or officer thereof is a party, or is interested, and securing evidence therefor, is reserved to officers of the Department of Justice, under the direction of the Attorney General."  28 U.S.C. § 516.  See also Id. § 518.  "To serve a complaint on the United States, the clerk must deliver one copy of the complaint to the Attorney General or to an agent designated by authority of the Attorney General by hand delivery or by sending it to an electronic address designated by the Attorney General for this purpose."  RCFC 4.  Notices of appearance, or general appearances, are substantive filings are voluntarily filed by a party *pro se* or a party's counselor with the Clerk of each court, makes "the judgment in the action, whether favorable or not, will apply to and bind [the party]," and the party might be liable for "pro rata share of the costs and expenses of the litigation," but a failure to file a Notice of Appearance by a served party "will not be bound by an unfavorable judgment in the case, nor will [the party] receive any monetary recovery under a favorable judgment."  Quinault Allot. Ass'n Ind. Allot. v. United States, 453 F.2d 1272, 1277 (Fed. Cir. 1972).  Cf. Talasila, Inc. v. United States, 240 F.3d 1064, 1066 (Fed. Cir. 2001) (corporate party must have "competent counsel, either by engaging new counsel or by having [attorney] seek admission to the Court of Federal Claims bar.").  "Whether the Court of Federal Claims has jurisdiction over a claim is a question of law that we review de novo...We review the court's findings of fact relating to jurisdictional issues for clear error."  Jones, 30 F.4th at 1100.  In aid of the party seeking jurisdiction, the Supreme Court requires that dismissal for doubt of the facts pertaining to standing and subject-matter jurisdiction must be "supported *adequately* by the evidence *adduced at trial*."  Gladstone Realtors, 441 U.S. at 115 n. 31 cited in Tinton Falls Lodging

Realty, LLC, 800 F.3d at 1364 (italics added).  The use of RCFC 11 is thus usually unconstitutional when applied before an actual, justice trial attempting to seek adequate evidentiary support or before a motion for summary judgment.  Id.

Here, CFC Senior Judge LAS clearly errored when his honor ignored Defendant's validly filed notice of general appearance and *sua sponte* dismissed the case for failure of jurisdiction.  Op. & Order, Dkts. 14; Entry of Final Judgment, Dkt. 15; and Def.'s Notice of Appearance, Dkt. 9 at 1 (Oct. 19, 2022).  Notices of general appearances are substantive constitutional filings and personal jurisdiction latches onto the person or res at the same moment of filing the appearance.  U.S. const. art. IV, § 1; amend. XIV, § 1.  In the Court of Federal Claims, because of the nature of the Big Tucker Act and the national territorial grant, encompassing Washington, D.C., which is the seat of Government, this rule has been perfunctory when the United States (or a United States named head or defendant) is the only Defendant.  See RCFC 12(h)(1)(B).  Further, the Take Care Clause, Section 5 of the Fourteenth Amendment, the brightened lingering Congressional duties of the Big Tucker Act in need of faithful execution, and the express Privilege and Immunities Clause also requires the Defendant to appear before the court of below and this Court of Appeals as well.        https://constitution.congress.gov/browse/essay/artIV-S2-C1-1/ALDE_00013777/ (U.S. const. amend. XIV, § 1, *privilege and immunities…of the United States*) (access to courts); https://constitution.congress.gov/browse/essay/artIV-S2-C1-4/ALDE_00013780/ ("Congress generally lacks power to enact enforcement legislation under the Clause, which is instead left to the states and the judicial process."); Quinn v. United States, 349 U.S. 155, 160-61 (1955) (the Executive and judiciary have primacy to enforce the Privileges and Immunities Clause); United States v. Harris, 106 U.S. 629, 643-44 (1883); and see also McCoy et al. v. Trump Corp. et al., No. 1:18-cv-9936-LGS (S.D.N.Y. 202_), Dkt. 272 ("substantive filings").  Moreover, Mr. Kiepura's filing of the Notice of

Appearance indicates that President, the Attorney General, Secretary of the Department of the Treasury, or another incumbent United States executive, with or with the command of the armed law enforcement, is willing to oversee the enforcement of opinion and jurisdiction of the CFC, and this Court's.  Quinault Allot. Ass'n Ind. Allot., 453 F.2d at 1277.  Cf. Talasila, Inc., 240 F.3d at 1066.  Marbury, 5 U.S. at 163 & 167. Since jurisdiction has succeed by Mr. Kiepura's filing of the notice of appearance and will be everlasting on the Defendant, CFC Senior Judge LAS clearly errored in dismissing the complaint sua sponte.  See also Texas State Bank v. United States, 423 F.3d 1370, 1380-81 (Fed. Cir. 2005) (change of address filing is substantive due process filing to prevent illegal exactions, 42 U.S.C. § 1981).

Therefore, this Court of Appeals for the Federal Circuit should reverse and remand to the Court of Federal Claims with the instructions to continue the case on the merits and decide the case, and the use of mandamus will be proper if the Court to administer justice.

**7. THE C.F.C. BELOW SHOULD HAVE ALLOWED THIS RE-FILED AND UPDATED COMPLAINT-AT-HAND BECAUSE DEFENDANT HAS CONSENTED TO BE SUED UNDER ITS AUTHORITY AND JURISDICTION THROUGH THE BIG TUCKER ACT, 28 U.SC. § 1491(A), WHICH IS ALSO THE WAVIER OF DEFENDANT'S SOVEREIGN IMMUNITY.  COMPARE NO. 1:22-CV-1446-LAS (C.F.C. 202_) WITH NO. 1:21-CV-2004-LAS (C.F.C. 2021).**

The Court of Federal Claims ("CFC") violates Due Process when it *sua sponte* dismisses a complaint and when the claims are with merit and have substantiated its subject-matter jurisdiction under RCFC 12(b)(1). Cf. Constant, 929 F.2d at 657; https://constitution.congress.gov/browse/essay/artIV-S2-C1-1/ALDE_00013777/ (U.S. const. amend. XIV, § 1, *privilege and immunities…of the United States*) (access to courts) (some italics in original); U.S. const. art. IV, § 1 (access to courts); U.S. const. amend. V; Dkt. 14 at 1, para. 2; and Dkt. 18.  The Court of Federal Claims further violates

Due Process "where the parties have [not] had ample notice of the court's intent to dismiss or have [not] had an opportunity to address the issues raised by the dismissal." Ilor, LLC, 550 F.3d at 1067, 1072, 1075, & 1075 n. 3 (internal citations omitted) and U.S. const. amend. V. "Whether the Court of Federal Claims has jurisdiction over a claim is a question of law that we review de novo...We review the court's findings of fact relating to jurisdictional issues for clear error." Jones, 30 F.4th at 1100. Facts may be sufficiently supported by affidavit or other evidence for summary judgment, but the Supreme Court requires that dismissal for doubt of the facts pertaining to standing and subject-matter jurisdiction must be "supported *adequately* by the evidence *adduced at trial*." Gladstone Realtors, 441 U.S. at 115 n. 31 cited in Tinton Falls Lodging Realty, LLC, 800 F.3d at 1364 (italics added). The use of RCFC 11 is usually unconstitutional when applied before an actual, justice trial attempting to seek adequate evidentiary support or before a motion for summary judgment. Id.

Here, CFC Senior Judge Smith chose to relinquish jurisdiction for lack of personal jurisdiction for support jurisdiction facts being either "factually frivolous" and "unwarranted," whereas in No. 1:21-cv-2004-LAS, CFC dismissed for lack of subject-matter jurisdiction and made no mention of personal jurisdiction. Dkt. 14 at 1 (re-file and updated makes "contractual obligations" fairly interpretable to be money mandating of the Federal Government) (compare Id. with No. 22-1131, ECF 31 (Fed. Cir. Feb. 2022)); Due Process Cl.-U.S. const. amend. V; Adam, 303 U.S. at 62 ("If it appears on its face to be a record of a court of general jurisdiction, such jurisdiction over the cause and the parties is to be presumed unless disproved by extrinsic evidence, or by the record itself."); see Patel v. United States, No. 1:21-cv-2004-LAS (C.F.C. 2022), Dkt. 10, modified by, No. 22-1131 (Fed. Cir. 2022), ECF 31 (CFC should have dismissed under RCFC 12(b)(6) rather than RCFC 12(b)(1); CFC conclusion was correct); and cf. Shelden, No. 2018-1381 * 9 (Fed.

Cir. Jul. 12, 2018).  The Constitution warrants all United States natural-born citizens, including me, to file suit in any court of the United States to seek the Protection of its laws, including in the CFC borne out of the Civil War and the Reconstruction Era.  U.S. const. art. IV, § 1 & amend. XIV, § 1; https://constitution.congress.gov/browse/essay/artIV-S2-C1-1/ALDE_00013777/ (U.S. const. amend. XIV, § 1, privilege and immunities of the United States); and see Marbury, 5 U.S. at 163.

As the court of general jurisdiction for claims over $10,000.00 against the Defendant, the CFC has personal jurisdictional.  Further, in support of jurisdiction, and Congress has waived sovereign immunity and statutorily consented the Defendant-United States to get sued in the CFC, and on appeal to this Court.  See No. 22-1131 (ECF ___).                     https://constitution.congress.gov/browse/essay/artIV-S2-C1-1/ALDE_00013777/ (U.S. const. amend. XIV, § 1, privilege and immunities of the United States); U.S. const. amend. XIV, § 5; and 28 U.S.C. § 1491(a).  Youngstown Sheet & Tube Co. v. Sawyer, 349 U.S. 579, 635-55 & 646 (1952).  Cf. Shelden, No. 2018-1381 * 9 (Fed. Cir. Jul. 12, 2018).

Personal jurisdiction refers to the power that a court has to make a decision regarding the party being sued in a case.  Adam, 303 U.S. at 65 ("to determine the matter and render judgment in the case.").  In order to be faithful a trial court's duties and obligations to the "presumption of constitutionality," it must be jurisdiction seeking. *See* https://constitution.congress.gov/browse/essay/amdt14-S1-7-1-3/ALDE_00013034/.

To the extent the Defendant-President may be prevented from appearing before the C.F.C., the C.F.C.'s strong presumption of personal jurisdiction, created by Congress' Act and signed by the President to waive sovereign immunity and consent to suit, must be "must be rebutted by records evidence suggesting that the executive's decision is

arbitrary and capricious." <u>Richey v. United States</u>, 322 F.3d 1317, 1323 & 1327 (Fed. Cir. 2003) & <u>V. L. v. E. L.</u>, 577 U.S. 404, 407 (2016) ("[I]f the judgment on its face appears to be a 'record of a court of general jurisdiction, such jurisdiction over the cause and the parties is to be presumed unless disproved by extrinsic evidence, or by the record itself.") (cleaned up) (internal citations omitted).  If a rebuttal is submitted, both the CFC and this Court must nevertheless support the presumption of constitutionality of personal jurisdiction because judges of these courts are appointed by the advice and consent of Congress "administer justice without respect to persons" and to "faithfully and impartially discharge and perform all the duties incumbent upon [them] under the Constitution and laws of the United States," including the including the Privileges and Immunities Clause, the law which every injured person, and when a United States natural-born citizen, a constituent of the judges' and the appointer's, may call to "remedy" themselves by "properly redressing" the injury.  28 U.S.C. §§ 453 & 455; <u>Marbury</u>, 5 U.S. at 163 ("The very essence of civil liberty certainly consists in the right of every individual to claim the protection of the laws, whenever he receives an injury. One of the first duties of government is to afford that protection. In Great Britain the king himself is sued in the respectful form of a petition, and he never fails to comply with the judgment       of       his       court.").       Federalist       42       &       80. https://constitution.congress.gov/browse/essay/artIV-S2-C1-3/ALDE_00013779/; https://constitution.congress.gov/browse/essay/artIV-S2-C1-1/ALDE_00013777/ (U.S. const. amend. XIV, § 1, privilege and immunities of the United States); https://constitution.congress.gov/browse/essay/artIV-S2-C1-2/ALDE_00013778/.

Here, on *de novo* review, CFC Judge LAS abused his discretion and clearly errored because personal jurisdiction is not disputed but his honor still relinquished jurisdiction. <u>Dainippon Screen Mfg. Co. v. CFMT, Inc.</u>, 142 F.3d 1266, 1270 (Fed. Cir. 1998) ("Whether

a court has personal jurisdiction over a defendant is a question of law that we review de novo…Disputed facts underlying this legal determination, however, are reviewed for clear error.") and Frank's Casing Crew & Rental Tools, Inc. v. PMR Technologies, Ltd., 292 F.3d 1363, 1371 (Fed. Cir. 2002) ("We review questions of personal jurisdiction without deference.").  Therefore, this Court of Appeals for the Federal Circuit should reverse and remand.

First, for instance, the U.S. DOJ did not dispute personal jurisdiction in neither No. 1:21-cv-2004-LAS nor No. 1:22-cv-1446-LAS.  28 U.S.C. § 516.  Therefore, CFC Judge LAS should have allowed the case to continue on the merits.

Second, CFC Judge Smith spent too much time accessing jurisdiction by himself, as the presumption of the constitutionality of personal jurisdiction is inherited and vested from the Old World, but clearly errored when his honor "sua sponte" found that the record of the complaint does not have not-frivolous facts to support personal jurisdiction, because Senior Judge LAS unlawfully equivocated by calling the facts "irrational" and "wholly incredible," and concluded lack of jurisdiction. Dkt. 14 at 1-2 (citing Spencer v. United States, 98 Fed. Cl. 349, 356 (2011) (citing Denton, 504 U.S. at 33); see also Compl. at 1; V. L., 577 U.S. at 407 ("That jurisdictional inquiry, however, is a limited one."); https://constitution.congress.gov/browse/essay/artIV-S2-C1-2/ALDE_00013778/; and Dkt. 17 at 7-10. It can never be reasonably disputed, cf. Hollingsworth, 133 S.Ct. at 2652, 2665 & 2673-74, that styled or titled statescraftspersons have power and authority from the Constitution do not have the power enforce the Protection of the United States. Federalist 42 & 80; U.S. const. art. IV, § 2 & amend. XIV, § 1; cf. Quinn v. United States, 349 U.S. 155, 160-61 (1955) (the Executive and judiciary have primacy to enforce the Privileges and Immunities Clause) & Harris, 106 U.S. at 643-44; https://constitution.congress.gov/browse/essay/artIV-S2-C1-4/ALDE_00013780/

(Congress lacks the power to generally enforce the Privileges and Immunities Clause). Therefore, CFC Judge LAS should have allowed the case to continue on the merits.

Third, although, the Clerk of CFC might benefit by serving the President of the United States (and the Oval Office) counselor's, Mr. Steve Ricchetti, J.D., or maybe even the Office of the Attorney General (The Hon. Merrick Garland, J.D.), which might have the institutional records for the case-on-hand.  Cf. White House General Counselor (Mr. Stuart F. Delery, J.D.).  In re Lindsey, 158 F.3d 1263, 1280-82 (D.C. Cir. 1998) (White House General Counsel under the command of the incumbent President v. U.S. DOJ).  See also Hollingsworth, 133 S.Ct. at 2652, 2665 & 2673-74 (referring to United States v. Providence Journal Co., 485 U.S. 693, 700 (1988)).  Federalist 78 & 80.  Maine Cmty. Health Options v. United States, 140 S. Ct. 1308, 1334 (2020) (Alito, J., dissenting) (Head of Washington, D.C. should direct its national State and Government, an ordinary federal common law matter).  Therefore, CFC Judge LAS should not have relinquished jurisdiction via dismissal before his honor could access and weigh any new evidence.

Fourth, because of the strong presumption of the personal jurisdiction, CFC Judge LAS should have supported its jurisdiction by allowing a discovery process to begin, such as subpoenas to the Honorables Biden, Trump, Obama, G.W. Bush, and maybe even Carter, who I had dinner with when I was the incumbent Student Body President of Emory University, Inc. in 2013 prior to introducing him to the annual Carter Town Hall. See 44 U.S.C. § 2202 (Defendant owns the records and knowledge of the happenings). Therefore, CFC Judge LAS should not have relinquishment jurisdiction via dismissal.

Further, The Master Archivist and the National Archives and Records Administration (NARA) of the Defendant may also be subpoenaed, or the any of the delegates who aided in the contract-at-hand. See 44 U.S.C. § 2203.  Therefore, CFC Judge LAS should have allowed the case to continue on the merits.

Therefore, this Court of Appeals should reverse and remand, either with or without mandamus to aid this court's jurisdiction to determine the Framer's will of the complaint-at-hand and to supervise its own precedent and even the vertical precedent of the Supreme Court, or decide the matter and order the specifics of damages proceedings to start at $15,000,000,000.00.  See e.g., Shelden, 7 F.3d at 1031 (cited in Shelden, No. 2018-1381 * 3 n. 1 ("We reversed and remanded for a determination of just compensation.")).

**8. THE C.F.C. CLEARLY ERRORED BECAUSE THE UNDERLYING JURISDICTIONAL FACTS ARE NOT FACTUALLY FRIVOLOUS, AND THE CONTRACT-AT-HAND DEMONSTRATES A PRIMIA FACIE CASE THAT THE C.F.C. HAS JURISDICTION OVER THE MATTER.**

"The United States Court of Federal Claims shall have jurisdiction to render judgment upon any claim against the United States founded…upon any express or implied contract with the United States."   28 U.S.C. § 1491(a).   A "non-frivolous" allegation is one that, "if proven, can establish the [tribunal's] jurisdiction insofar as that element is concerned."  McLaughlin, No. 2019-1997 * 4 (Fed. Cir. Mar. 23, 2021).  "This is a relatively low bar for [a party] to satisfy."  McLaughlin, No. 2019-1997 * 4 (Fed. Cir. Mar. 23, 2021).  Because of this low car, courts of appeals, including this court of appeal, have cautioned lower tribunal in dismissing complaints *sua sponte*, but appeals and reversal for this basis are not uncommon.  Clorox Co. P.R., 228 F.3d at 30 (citing Baker, 58 F.3d at 818); Ilor, LLC, 550 F.3d at 1067, 1072, 1075, & 1075 n. 3 (internal citations omitted); and U.S. const. amend. V.  "A non-frivolous allegation of jurisdiction is an allegation of fact which, if proven, could establish a prima facie case that the [tribunal] has jurisdiction in the matter."  McLaughlin, No. 2019-1997 * 9 (Fed. Cir. Mar. 23, 2021) (internal citations omitted).  "When the contents of the complaint non-frivolously support jurisdiction, jurisdiction is established, and the matter devolves to determination of the merits of the complaint."  McLaughlin, No. 2019-1997 * 9 (Fed. Cir. Mar. 23, 2021).  In Dkt. 14, it is one

possible construction that CFC Senior Judge Smith's opinion incorrectly concluded that this is no subject-matter jurisdiction, inconsistent with this Court of Appeals for the Federal Circuit in No. 22-1131 (Fed. Cir. 2022) which only affirmed in part that there was failure to state a claim upon which relief can be granted and the conclusion was reasoned correctly. See Dkt. 14 at 1. Nevertheless, "[w]hether the Court of Federal Claims has jurisdiction over a claim is a question of law that we review de novo...We review the court's findings of fact relating to jurisdictional issues for clear error." Jones, 30 F.4th at 1100. Facts may be sufficiently supported by affidavit or other evidence for summary judgment, but the Supreme Court requires that dismissal for doubt of the facts pertaining to standing and subject-matter jurisdiction must be "supported *adequately* by the evidence *adduced at trial*." Gladstone Realtors, 441 U.S. at 115 n. 31 cited in Tinton Falls Lodging Realty, LLC, 800 F.3d at 1364 (italics added). The use of RCFC 11 is usually unconstitutional when applied before an actual, justice trial attempting to seek adequate evidentiary support or before a motion for summary judgment. Id. and Digeo, 505 F.3d at 1368 n. 10. Claims and facts which are arguable on the merits should not be dismissed as "factually frivolous" at the complaint screening stage. Mohammed v. United States, No. 2022-1543 * 2-3 (Fed. Cir. Aug. 26, 2022). And, according to the Supreme Court, a complaint cannot be "factually frivolous" or "wholly incredible or irrational" only because it pleads a large dollar amount, as also known to our blind Lady Liberty. Denton, 504 U.S. at 32 and contra. Dkts. 11 & 14.

Here, the C.F.C. should have acquiesced with subject-matter jurisdiction and reassessed jurisdiction after a Supreme Court-mandatory trial before its Denton dismissal at Dkt. 11 based on the gravity of the breach-at-hand. See No. 22-1131 (Fed. Cir. 2022), ECF 31. Because Plaintiff is a social science degree along with a business minor, Plaintiff is able to truly and credibly calculate monetary and other damages. See Certificate of

Interest.  Plaintiff, who would have been a member of the bar and completed law school but for a contributory breach-at-hand, is also aided by his law school courses in calculating damages, and Plaintiff's religion degree helps him spot legal, unseen but material breaches and expert witness testimony will very likely objectively and legally support if Defendant doubts me.  See Id. and Madison; Madison; & Yates.  Ordered Liberty requires the judiciary to factor into its opinion Plaintiff's privileges and statements when weigh the scale, which should have tipped in favor in jurisdiction and/or trial but for the abuse of discretion or clear error, and also because the claims and facts are "arguable on the merits."  _____; Mohammed, No. 2022-1543 * 2-3 (Fed. Cir. Aug. 26, 2022).  For instance, the case-at-hand is unlike the following cases:

- Joshua v. United States, 17 F.3d 378, 379-80 (Fed. Cir. 1994) (summary affirmance granted because appeal was "frivolous," as the C.F.C. does not have jurisdiction to review the criminal statutes).

- Engel v. Facebook, No. 4:20-CV-1924-MTS (E.D. Mo. Jan. 15, 2021) ("factually frivolous" as asked for $500 trillion and $1,000,000,000 stocks for being hacked).

- Engel v. F.B.I., No. 4:20-CV-1636-SRW * 7 (E.D. Mo. May. 3, 2021) ("Furthermore, this action is also subject to dismissal as factually frivolous because plaintiff's allegations lack an arguable basis in either law or in fact. In the complaint, plaintiff alleges he is entitled to recover more than "$500,000,000 trillion billion dollars" in damages from each defendant for a claim that entirely lacks factual support. Such demands and allegations rise to the level of the irrational or wholly incredible. The Court therefore concludes that plaintiff's allegations and requested relief are "clearly baseless" under the standard articulated in Denton. 504 U.S. at 31.).

- <u>Compare</u> <u>Mohammed</u>, No. 2022-1543 * 2 (Fed. Cir. Aug. 26, 2022)[8] (citing <u>Navajo Nation</u>, 556 U.S. at 290) <u>with</u> <u>Patel v. United States</u>, No. 22-1131 (Fed. Cir. 2022), ECF 31 (citing <u>Navajo Nation</u>, 556 U.S. at 290).

- <u>Compare</u> <u>Jackson v. United States</u>, No. 2014-5121 * 4 (Fed. Cir. 2015) ("Finally, we conclude that the [C.F.C.] properly dismissed Jackson's claim seeking $10 billion from the United States for the use of his purported hurricane prevention device. Courts are obligated to dismiss "claims whose factual contentions are clearly baseless." <u>Neitzke</u>, 490 U.S. at 327. As the [C.F.C.] correctly determined, Jackson's allegations regarding his purported hurricane prevention device were factually frivolous. <u>See</u> <u>Denton</u>, 504 U.S. at 33 (explaining that "a finding of factual frivolousness is appropriate when the facts alleged rise to the level of the irrational or the wholly incredible")) <u>with</u> *supra*, <u>Schirripa</u>, 1:14-cv-01031-SGB (C.F.C. 2015), Dkt. 27, <u>aff'd</u>, 615 F. App'x at 687 * 2-3.

- <u>Compare</u> Dkts. 11-14 <u>with</u> <u>Schirripa</u>, 615 F. App'x 687 * 3 ("We find that the [C.F.C.] properly held that the complaint fails to state a claim upon which relief can be granted. In particular, we agree that the allegations are speculative and lack a specific prayer for relief. <u>See</u> <u>Denton</u>, 504 U.S. at 32 (proper to dismiss complaint as factually frivolous if facts alleged are "clearly baseless,...a category

---

8. <u>Contra.</u> <u>Mohammed</u>, No. 2022-1543 (Fed. Cir. Aug. 26, 2022) (We therefore conclude that Mr. Mohammed's appeal has no arguable basis in law and dismiss it as frivolous. <u>See</u> <u>Neitzke v. Williams</u>, 490 U.S. 319, 325 (1989) (holding that "an appeal on a matter of law is frivolous where '[none] of the legal points [are] arguable on their merits'" (citation omitted, brackets in the original)).). * 2 ("On April 10, 2014, Jackson, acting pro se, filed suit in the Court of Federal Claims. He alleged that he had been improperly denied Social Security benefits, as well as vocational rehabilitation benefits from the Department of Veterans Affairs ("VA"). Jackson further alleged that he had been falsely imprisoned, and that the State of Florida had wrongfully suspended his driver's license for speeding. In addition, Jackson alleged that he had devised a system for using "solar powered upwelling pipes" to prevent hurricanes, and asserted that the United States was obligated to pay him $10 billion for the use of this system. Jackson also asked the Court of Federal Claims to issue a declaration stating that he was mentally competent.").

encompassing allegations that are fanciful,…,fantastic,…and delusional") (internal quotation marks and citations omitted).").

Sufficient to withstand *sua sponte* dismissal under <u>Denton</u>, <u>Twombly</u>, and <u>Iqbal</u>, Plaintiff's tactics are also not frivolous for five main reasons: (1) Plaintiff was not idle about the breach originating from the same transaction or occurrence, <u>cf.</u> <u>supra</u> Related Cases, before coming to the C.F.C. and regularly engaged with the White House, (2) Plaintiff's cases were never mandatorily transferred to the C.F.C. under Ordered Liberty by district court judges, (3) Plaintiff failed to acquire legal counsel from qualified attorneys after approach countless of them, (4) Plaintiff was under direct and much more severe stress and mental disability before coming to the C.F.C., (5) Plaintiff engagement about contract-at-hand which lasted over 15 years with the very busy Defendant was too much time too wait before filing the law suit, and (6) Plaintiff has safely filed the case before the six (6)-year statute of limitation proscribing litigation as unwarranted.  <u>Cf.</u> <u>Romala Corp. v. United States</u>, 927 F.2d 1219 (Fed. Cir. 1991) (Frivolity in argument is no doubt attributable at least as much to tactical decisions made by an attorney in writing briefs as to the overall appellate strategy to which the client may specifically consent).  <u>See also</u> <u>Schirripa</u>, 615 F. App'x at 687 * 3.  <u>See</u> 28 U.S.C. § 2517.  The government's policy of personal stimulus is also *sub silento* aided at relief, which would have happened anyway should the contract-at-hand not have been breached by the Plaintiff and compensation duly paid.  <u>LeBlanc</u>, 50 F.3d at 1030; U.S. const. amends. V & XIV; <u>Awad</u>, 301 F.3d at 1371-72.

Here, CFC Senior Judge Smith clearly errored in not buttressing the presumption of jurisdiction by the Big Tucker Act because its underlying contract-at-hand, authorized by the Defendant's most "chief [executive and] constitutional officer," readily establishes

a "prima facie case that the [CFC] has jurisdiction in the matter," that is because of the Congressional mandate remedying the carryovers from the Civil War. <u>Motions Sys. Corp. v. Bush</u>, 437 F.3d 1356 (Fed. Cir. 2006); Big Tucker Act, 28 U.S.C. § 1491(a); 42 U.S.C. § 1981; and <u>Arthrex, Inc.</u>, 594 U.S. ___, 141 S. Ct. 1970, No. 19-1434 * 23 (2021) (Roberts, C.J., op.) ("[T]he President remains responsible for the exercise of executive power—and through him, the exercise of executive power remains accountable to the people."). The Defendant is allowed to form a contract with anyone in the world, under the Big Tucker Act, 28 U.S.C. § 1491(a). For the individuals of the Free World, a corollary is also that they can form a contract with the Defendant. _____. Particularly, for me, a natural-born citizen, the United States Constitution and Acts of Congress demands that I be granted access to all civilian courts to be remedied for a breach by the Defendant. U.S. const. art. IV, § 1 & amend. XIV, §§ 1 & 5; https://constitution.congress.gov/browse/essay/artIV-S2-C1-1/ALDE_00013777/ (U.S. const. amend. XIV, § 1, privilege and immunities of the United States); and <u>see</u> <u>Marbury</u>, 5 U.S. at 163. And, C.F.C. Senior Judge Smith has already found that the CFC has subject-matter jurisdiction under the Big Tucker Act, 28 U.S.C. § 1491(a) by applying this court's <u>Holmes</u> rule, there is an "armed…presumption…of money damages, are available, so that normally no further inquiry is required." <u>Holmes</u>, 657 F.3d at 1314. Therefore, on remand, the C.F.C. maybe need not enter the "determination of the merits of the complaint." <u>McLaughlin</u>, No. 2019-1997 * 9 (Fed. Cir. Mar. 23, 2021).

Therefore, this United States Court of Appeals for the Federal Circuit should overturn the C.F.C. because it clearly errored, and remand, with or without mandamus, to continue the case on the merits.

To avoid unconstitutionally prejudicial conflict or delay and to the pursue the Framer's will, this Court could expand <u>Holmes'</u> rule of the "armed…presumption" to

include both subject-matter jurisdiction and personal jurisdiction for well-pleaded complaints alleging a contract claim under the Big Tucker Act, 28 U.S.C. § 1491(a). Holmes, 657 F.3d at 1314.  See App. A.  Federalist No. 78 ("The judiciary…has no influence over…the purse; no direction…of the wealth of the society; and can take no active resolution whatever. It may truly be said to have neither FORCE nor WILL, but merely judgment.").  See generally Quinault Allot. Ass'n Ind. Allot., 453 F.2d at 1277 (Holding class actions permissible in C.F.C. even though the C.F.C. had not adopted RCFC 23 or a parallel rule).

9. **THE C.F.C. BELOW SHOULD HAVE ALLOWED THIS RE-FILED AND UPDATED COMPLAINT-AT-HAND BECAUSE IT HAS JURISDICTION OVER THE DEFENDANT VIA ITS PROPERTY, *RES*, WHICH IS THE CONTRACT-AT-HAND.**

The contract-at-hand itself is a devisable property of the Plaintiff and Defendant. 42 U.S.C. §§ 1981-82; U.S. const. art. I, § 1, IV, § 2, & amend. XIV, § 1; and see also U.S. const. art. VI, § 1.  Therefore, when jurisdiction cannot be assert over a party, courts, including the Court of Federal Claims., may assert jurisdiction over a party's property, *res*, which is an immovable, intangible real property, including but not limited to the contract-at-hand.  https://www.carealtytraining.com/blogs/real-property-vs-personal-property (i.e., homeowners insurance & marriage contracts, written & oral) (marriage is a privilege under the United States Constitution). https://constitution.congress.gov/browse/essay/artIV-S2-C1-1/ALDE_00013777/ (U.S. const. amend. XIV, § 1, "*privilege and immunities of the United States*").  The court may also assert jurisdiction over the *res*' written instruments, instruments of memorialization, and other material things.  The common law refers to this as *in rem* jurisdiction.  Boswell's Lessee v. Otis, 50 U.S. 336, 348 (1849) (two types of jurisdictions: *in personam* and *in rem*).

Hanson v. Denckla, 357 U.S. 235, 246 (1958) (*in rem*: *in rem* and *quasi in rem*).[9]  Federal

courts are courts of limited jurisdiction, and Congress has determined the nature of the

contract will determine if a federal court will be able to assert *in rem* jurisdiction (and *in*

*personam* jurisdiction) over a *res*. 28 U.S.C. § 1491(a); Sampson v. United States, 529 F.2d

1299, 1310-11 (Fed. Cir. 1976) (Nicholas, J., dissenting) ("It is an award of damages for

breach of a Government contract…as quoted by the court, since…[real, immovable

property contract] awards are made *in rem* to any and all owners, as their interests may

appear, and no others…The taker initiates and controls the action and an [contract] award

to an owner in some amount is assured…The claimant doesn't have to prosecute…as

owner or one of the owners. The draftsman…may have been intentionally vague as to

what else was covered, whether, specifically, *in personam* claims the claimant has full

control of and must prosecute throughout if they are to ripen into [contract] awards.");

cf. Phang v. United States, No. 2008-cv-647 (C.F.C. 2009), aff'd, 388 F. App'x 961, 962-63

(Fed. Cir. 2010) (if contract, like the one-at-hand, with the Defendant was money

demanding, then there would have been *in rem* jurisdiction); and see also Marine

Logistics, Inc. v. England, 265 F.3d 1322, 1324 (Fed. Cir. 2001) (citing Morewood v.

Enequist, 64 U.S. 491, 493-94 (1859) ("[C]harter-parties and contracts of affreightment are

'maritime contracts' within the true meaning and construction of the Constitution and

act of Congress, and cognizable in courts of admiralty by process either *in rem* or *in*

*personam*.").  Awad, 301 F.3d at 1375 (discussion of contracts exclusive jurisdiction in

---

9. "A judgment in personam imposes a personal liability or obligation on one person in favor of
another. A judgment in rem affects the interests of all persons in designated property. A judgment quasi in
rem affects the interests of particular persons in designated property. The latter is of two types. In one the
plaintiff is seeking to secure a pre-existing claim in the subject property and to extinguish or establish the
nonexistence of similar interests of particular persons. In the other the plaintiff seeks to apply what he
concedes to be the property of the defendant to the satisfaction of a claim against him. Restatement,
Judgments, 5-9. For convenience of terminology this opinion will use "in rem" in lieu of " in rem and quasi
in rem."

C.F.C.).  Cf. Innovair Aviation Ltd. v. United States ("Innovair III"), 72 Fed.Cl. 415, 416 (C.F.C. 2006) (Defendant had taken Plaintiff's property without just compensation under the Fifth Amendment), rev'd, 632 F.3d 1336, 1341-43, 1345 (Fed. Cir. 2011) (Gajarsa, Linn, & Prost, JJ.) (Gajarsa, Cir. J., op.) (*in rem* jurisdiction for Court of Federal Claims is preempted by another Federal statute and agency review assigned to Federal district courts; want of subject matter jurisdiction).  Knapp, Stout Co. v. McCaffrey, 177 U.S. 638, 645 & 647-48 (1900) (*in rem* contract over *res* is enforceable by court even when the *res* itself is not within the subject-matter jurisdiction of that court).  Enercon GMBH v. Int'l Trade Comm., 151 F.3d 1376, 1383 (Fed. Cir. 1998) (*in rem* in relations to commercial goods).  Logan v. Dupuis, 990 F. Supp. 26 (D.D.C. 1997) (distinguishing Agostini v. De Antueno, 199 Misc. 191, 99 N.Y.S.2d 245 (N.Y. App. Div. 1950) (holding that court has *in rem* jurisdiction over action to recover possession of real property held by a diplomat)).  Sanders v. Wiltemp Corp., 465 F. Supp. 71 (S.D.N.Y. 1979) (when unsure, court may grant quasi in rem proceeding; if defendant-party-to-contract is not liable, then jurisdiction fails).

Here, Senior Judge LAS abused his discretion when his honor did not allow the gates of the Court of Federal Claims to open in order for Plaintiff to take control of the ownership rights of the contract-at-hand because of a pre-mature *sua sponte* dismissal and stating that the complaint was "factually frivolous" or "unwarranted."  42 U.S.C. §§ 1981-82;            Sampson,            529            F.2d            at            1310-11; https://constitution.congress.gov/browse/essay/artIV-S2-C1-1/ALDE_00013777/ (U.S. const. amend. XIV, § 1, "*privilege and immunities of the United States*"); and Sanders, 465 F. Supp. at 71.  Independent from the Big Tucker Act, 28 U.S.C. § 1491(a), Defendant is prevented from claiming immunity via the *res*' covenant of good faith and fair dealing. Nat'l Bank v. Republic of China, 348 U.S. 356, 362-63 & 365 (1955) (fair dealing prevents

a Presidentially recognized sovereign from claiming immunity) & <u>Marbury</u>, 5 U.S. at 163 (as dicta, fair dealing in contract, contract-in-law). The power to form contracts is inherited from the Old World and a part of the privileges and immunities individuals under the protection of a head of state enjoy, and neither the Union nor the Sister States have elaborated on the list of privileges or immunities, especially because the legislative authority of each ratifying and forming sovereign of the United States Constitution generally lacks the authority to amend the privileges and immunities or to make law from it. Quinn. The individual's right to form contracts is seen as fundamental rights by our Founders and Framers. U.S. const. art. VI, § 1 referring to _____; <u>Metcalf Constr. Co. v. United States</u>, No. 07-777C * 14 (D.C. Cir. Nov. 30, 2011) (citing <u>Mobil Oil Expl. & Producing Se. v. United States</u>, 530 U.S. 604, 607-8 (2000) (holding "[w]hen the United States enters into contract relations, its rights and duties therein are governed generally by the law applicable to contracts between private individuals.") (internal quotation marks omitted). The monarchs' power to adjudge contracts claim, it has been held, Vested in the judiciary. U.S. const. art. III; <u>Marbury</u> at 163; and <u>Comm</u>. It was not until the Fourteenth Amendment that the "privilege and immunities of the United States" were mentioned. CONGRESS WEBSITE; U.S. const. amend. XIV, § 1. Section 5 of the Fourteenth Amendment gave the Congress the explicit power to oversee enforcement of the "privilege and immunities of the United States." U.S. const. amend. XIV, § 5. But, at ratification of the Fourteenth Amendment, a new explicit duty -- to interpret and enforce the "privilege and immunities of the United States" -- was created for all oath-bound judges of the United States. 28 U.S.C. § 453; <u>Quinn</u>; Congress website. Therefore, even without the Big Tucker Act, the Defendant would not be able to claim immunity from the national jurisdiction of the Court of Federal Claim because the *res* creates obligations of good faith and fair dealing and the Defendant cannot interfere with the contractual and

property rights of the *res*, for proceedings *in personam* and *in rem*. Metcalf Constr. Co.,
No. 07-777C * 14 (D.C. Cir. Nov. 30, 2011) (citing Mobil Oil Expl. & Producing Se., 530
U.S. at 607-8). Scott Timber Co. v. United States, 692 F.3d 1365, 1372 (Fed. Cir. 2012)
("Every contract imposes upon each party a duty of good faith and fair dealing in its
performance and its enforcement.") (citing Restatement (Second) of Contracts § 205
(1981)). See also Restatement (Second) of Contracts § 205, cmt. e (1981).[10] G4S Tech. LLC
v. United States, 779 F.3d 1337, 1345 (Fed. Cir. 2015) ("The United States, like other parties
in contractual relationships, may be liable for benefits solicited and received, for which
compensation was promised and expected….'[e]very contract imposes upon each party
a duty of good faith and fair dealing in its performance and enforcement.'…This principle
applies to contracts with the federal government.") (citing Restatement (Second) of
Contracts § 205 (1981)). Metcalf Constr. Co., 742 F.3d at 991 ("Both the duty not to hinder
and the duty to cooperate are aspects of the implied duty of good faith and fair dealing.").
Future Forest, LLC v. Sec'y of Agric., No. 2020-2039 (Fed. Cir. Apr. 15, 2021) ("The duty
of good faith and fair dealing is inherent in every contract."). Centex Corp. v. United
States, 395 F.3d 1283 (Fed. Cir. 2005) ("The covenant of good faith and fair dealing is an
implied duty that each party to a contract owes to its contracting partner. The covenant
imposes obligations on both contracting parties that include the duty not to interfere with
the other party's performance and not to act so as to destroy the reasonable expectations
of the other party regarding the fruits."). Metcalf Constr. Co., No. 07-777C * 15 (D.C. Cir.
Nov. 30, 2011) (citing Spezzaferro v. Fed. Aviation Admin., 807 F.2d 169, 173 (Fed. Cir.

---

10. "Good faith in enforcement. The obligation of good faith and fair dealing extends to the assertion,
settlement and *litigation of contract claims and defenses*…The obligation is violated…[and] have been
recognized in judicial decisions: harassing demands for assurances of performance, *rejection of performance
for unstated reasons, willful failure to mitigate damages, and abuse of a power to determine compliance or to terminate
the contract*." (emphasis added).

1986) ("Government officials are presumed to carry out their duties in good faith.")).  Cf. Restatement (Second) of Contracts § 313 (1981) (Government Contracts) (applicable to contracts under Contracts Dispute Act, but not usually the Big Tucker Act).  Further, the covenant of good faith and fair dealing requires that the Defendant-President not claim plead executive privilege and prevent a remedy, and good faith requires that Defendant uphold this contract-at-hand against other contracts made by the Defendant with other parties, when they conflict, because good faith requires that the Defendant honor the power and authority and title of the parties forming and owning the contractual rights. To the extent needed to administer justice and to prevent clear error, the Court of Federal Claims might on remand shift the adversarial method to that of the inquisitorial model to determine the specifics of the *res*, and, in future proceedings, make more use of orders to show cause or orders for more definitive statements rather than *sua sponte* dismissal.

Therefore, this Court of Appeals for the Federal Circuit should overturn the CFC because it abused its discretion, clearly errored, and remand, with or without mandamus, to continue the case on the merits and/or shift to the inquisitorial model to determine the specifics of the *res*, which the contract-at-hand owned by the Defendant (and the Plaintiff).    44  U.S.C.  §  2202  &  42  U.S.C.  §  1981-82. https://constitution.congress.gov/browse/essay/artIV-S2-C1-1/ALDE_00013777/ (U.S. const. amend. XIV, § 1, "*privilege and immunities of the United States*").

Furthermore, to prevent unconstitutional delay and mistake, promote efficiency, and further vested covenant of good faith and fair dealing, this Court of Appeals for the Federal Circuit, in order to aid (1) in the enforcement of the "privileges and immunities of the United States," (2) in the faithful discharge of the inherent supervisory and judicial review powers of this Court of Appeals for the Federal Circuit over the Court of Federal Claims, (3) in recommendation and participation powers to the Judicial Conference of the

United States, the Federal Judicial Center, State Justice Institute, the judicial council of this circuit, and judicial conferences of this circuit, (4) in legislation proposals to Congress, and (5) in administrating substantial justice, may find it appropriate to enact a policy and electable rule like Interpleader, <u>see</u> <u>e.g.</u> Fed. R. Civ. P. 22 and 28 U.S.C. § 1335, for Big Tucker Act, 28 U.S.C. § 1491(a), contracts. https://constitution.congress.gov/browse/essay/artIV-S2-C1-4/ALDE_00013780/; <u>Quinn</u>, 349 U.S. at 160-61; U.S. const. art. IV, § 2 & amend. XIV, § 1; and 42 U.S.C. §§ 1981-82. A multi-part, severable writ of mandamus (or an alternative writ or rules nisi) to the lawfully commissioned judges of the Court of Federal Claims (and even lawfully commissioned judges of this Court of Appeals for this Federal Circuit), under 28 U.S.C. §§ 1651(a)-(b), to convene (as ad hoc committee), under an ordered agenda, by this Court of Appeals for the Federal Circuit, for the discussion and promulgation of the said Big Tucker Act interpleader rule and writ to faithfully amend the RCFC with the new said interpleader rule, after transmitting a satisfactory deliverable to this Court of Appeals for the Federal Circuit, is appropriate, including with orders to cast a certain vote. United Nations Decl. of Hum. Rgts., Arts. 21 & 28. 42 U.S.C. §§ 1981-82. 28 U.S.C. §§ 331 <u>et seq</u>. & §§ 2071 <u>et seq</u>.

10. **THE C.F.C. BELOW SHOULD HAVE ALLOWED THIS RE-FILED AND UPDATED COMPLAINT BECAUSE IT HAS JURISDICTION OVER THE DEFENDANT THROUGH THE SUBSTANTIATING CONTRACT-AT-HAND, WHICH PREVENTS DEFENDANT FROM CLAIMING SOVEREIGN IMMUNITY, ABSOLUTE SOVEREIGN IMMUNITY, EXECUTIVE PRIVILEGE, SECRECY, ETC. BECAUSE THE CONTRACTS LAW'S COVENANT OF GOOD FAITH AND FAIR DEALING, AND UNFETTERED BY THE PUBLIC POLICY OF THE BIG TUCKER ACT, 28 U.S.C. § 1491(A).**

Independent from the Big Tucker Act, 28 U.S.C. § 1491(a), Defendant is prevented from claiming immunity imputed covenant of good faith and fair dealing. <u>Nat'l Bank</u>, 348 U.S. at 362-63 & 365 (fair dealing prevents a Presidentially recognized sovereign from

claiming immunity) & <u>Marbury</u>, 5 U.S. at 163 (as dicta, fair dealing in contract, contract-in-law). <u>Scott Timber Co.</u>, 692 F.3d at 1372 ("Every contract imposes upon each party a duty of good faith and fair dealing in its performance and its enforcement.") (citing Restatement (Second) of Contracts § 205 (1981)). <u>See also</u> Restatement (Second) of Contracts § 205, cmt. e (1981).[11] <u>G4S Tech. LLC</u>, 779 F.3d at 1345 ("The United States, like other parties in contractual relationships, may be liable for benefits solicited and received, for which compensation was promised and expected….'[e]very contract imposes upon each party a duty of good faith and fair dealing in its performance and enforcement.'…This principle applies to contracts with the federal government.") (citing Restatement (Second) of Contracts § 205 (1981)). <u>Metcalf Constr. Co.</u>, 742 F.3d at 991 ("Both the duty not to hinder and the duty to cooperate are aspects of the implied duty of good faith and fair dealing."). <u>Future Forest, LLC</u>, No. 2020-2039 ("The duty of good faith and fair dealing is inherent in every contract."). <u>Centex Corp.</u>, 395 F.3d at 1283 ("The covenant of good faith and fair dealing is an implied duty that each party to a contract owes to its contracting partner. The covenant imposes obligations on both contracting parties that include the duty not to interfere with the other party's performance and not to act so as to destroy the reasonable expectations of the other party regarding the fruits."). <u>Metcalf Constr. Co.</u>, No. 07-777C * 15 (D.C. Cir. Nov. 30, 2011) (citing <u>Spezzaferro</u>, 807 F.2d at 173 ("Government officials are presumed to carry out their duties in good faith.")). <u>Cf.</u> Restatement (Second) of Contracts § 313 (1981) (Government Contracts) (applicable to contracts under Contracts Dispute Act, but not usually the Big

---

11. "Good faith in enforcement. The obligation of good faith and fair dealing extends to the assertion, settlement and *litigation of contract claims and defenses*…The obligation is violated…[and] have been recognized in judicial decisions: harassing demands for assurances of performance, *rejection of performance for unstated reasons, willful failure to mitigate damages, and abuse of a power to determine compliance or to terminate the contract.*" (emphasis added).

Tucker Act) and <u>Milton v. United States</u>, No. 2020-1130 * 7 (Fed. Cir. Mar. 5, 2020) ("Government contracts impose on the government an implied duty of good faith and fair dealing."). The power to form contracts and contracts law are inherited from the Old World and a part of the privileges and immunities individuals under the protection of a head of state enjoy. **CONGRESS WEBSITE**; 42 U.S.C. §§ 1981-82. The Framers and Founders saw the power to form contracts as a fundamental human right, especially since the United States Constitution, unlike the English, is a written social contract. U.S. const. art. IV, § 2, amend. V[12], art. VI, § 1 referring to _____; <u>Metcalf Constr. Co. v. United States</u>, No. 07-777C * 14 (D.C. Cir. Nov. 30, 2011) (citing <u>Mobil Oil Expl. & Producing Se.</u>, 530 U.S. at 607-8 (holding "[w]hen the United States enters into contract relations, its rights and duties therein are governed generally by the law applicable to contracts between private individuals.") (internal quotation marks omitted). It was not until the Fourteenth Amendment that the "privilege and immunities of the United States" were mentioned. <u>Quinn</u>; Congress website; U.S. const. art. III & amend. XIV, § 1. Because the monarchs' power to adjudge contracts claim, it has been held, Vested mainly in the judiciary, a new explicit duty -- to interpret and enforce the "privilege and immunities of the United States" -- was created for all oath-bound judges of the United States -- that is to protect contractual rights at the national level. 28 U.S.C. § 453; <u>Quinn</u>; Congress website; U.S. const. art. III & amend. XIV, § 1; <u>Marbury</u> at 163; and <u>Comm</u>. U.S. const. amend. XIV, § 5.[13] Therefore, a party is not able to claim immunity, absent a choice of forum clause, from the national jurisdiction of the Court of Federal Claim the obligations of good faith

---

12.                            https://constitution.congress.gov/browse/essay/amdt5-1/ALDE_00000056/; https://constitution.congress.gov/browse/essay/amdt5-5-1/ALDE_00013721/;               and https://constitution.congress.gov/browse/essay/amdt5-7-1/ALDE_00013728/.

13. Congress has codified a main substantive right the covenant of good faith and fair dealing citizens of the United States are to enjoy, which is the privilege to seek contracts enforcement in a court or officer of law via the enactment of the Big Tucker Act, 28 U.S.C. § 1491(a). U.S. const. amend. XIV, § 5.

and fair dealing and the Defendant cannot interfere with the contractual rights to litigate disputes before a court of law.  See 42 U.S.C. §§ 1981-92 & Nw, Inc. v. Ginsberg, 572 U.S. 273, 287 (2014) ("The general rule [regarding the covenant of good faith] is plainly subject to the exception that the parties may, by express provisions of the contract grant the right to engage in the very acts and conduct which would otherwise have been forbidden by an implied covenant of good faith and fair dealing.").  See also Macom Tech. Sols. Holdings, Inc. v. Infineon Techs. AG, 881 F.3d 1323, 1328-29 (Fed. Cir. 2018) ("The covenant of good faith and fair dealing 'is read into contracts in order to protect the express covenants or promises of the contract."…But it 'cannot impose substantive duties or limits on the contracting parties beyond those incorporated in the specific terms' of the contract.").  Furthermore, the covenant of good faith and fair dealing requires that the Defendant-President not claim plead executive privilege and prevent a remedy.  Sun Oil Co. v. United States, 514 F.2d 1020, 1024-26 (Ct. Cl. / Fed. Cir. 1975) ("the rule has long been established that where a demonstrated need for documents sought is clearly sufficient, on balance, to override a claim of privilege, the documents must be produced….This follows logically from the fact that since executive privilege is merely presumptive, the presumption may be overcome on a proper showing…Since a President is not absolutely immune from court process, a former President can claim no greater immunity, and the court must determine whether his claim of privilege, assuming his right to assert it, is overcome by a plaintiff's need in litigation…Plaintiff'" generally always has requisite for breach of contract claim, which can happen *in camera* or confidentially).

Here, C.F.C. Senior Judge LAS abused his discretion and maladministered justice when his honor *sua sponte* dismissed the breach of contracts claims and accompanying claims because his honor deprived Plaintiff of his privileges and rights of day in this

national territorial court against the Defendant because his honor ignored the imputed covenant of good faith and fair dealing, which was not contravened by an express valid forum selection clause, which contractually and lawfully mandates both parties to litigate and settle in the C.F.C.  Senior Judge Smith's actions are not like Judge Braden's action in Caraballo v. United States, where dismissal was proper and affirmed by this Court of Appeals for the Federal Circuit because the Defendant had already tendered payment of the settlement agreement to a trustee at $232.5 million.  Caraballo v. United States, No. 1:15-cv-00223-SGB (C.F.C. Jan. 29, 2016), Dkt. 18 (Mem. Op. & Final Order Regarding the Gov't's Mot. to Dismiss) at 2 & 13-16, aff'd, No. 2016-1628 * 18 & 7 (Fed. Cir. May 30, 2017).  This court reasoned that Plaintiff failed "to state a claim for breach of the [agreement] and failed to state a claim for breach of the duty of good faith and fair dealing" because Defendant did not "violate contract's purpose nor did they deprive Plaintiffs of the contemplated value of settlement [under the implied]…covenant of good faith and fair dealing." Caraballo, No. 2016-1628 * 18 & 7.  In addition, Senior Judge Smith gave a premature *sua sponte* ruling of dismissal because his honor did not entertain an answer or potential motion as to why personal jurisdiction was not proper from Defendant, whereas, over one year ago, in Patel v. United States, No. 1:21-cv-02004-LAS (C.F.C. Nov. 5, 2021), Senior Judge Smith *sua sponte* dismissed for want of subject-matter jurisdiction.  28 U.S.C. § 516; RCFC ___; _____.  Mind you, Robert Kiepura, a trial lawyer at the US DOJ, had already submitted a substantive filing of a notice of appearance, when Senior Judge Smith dismissed for lack of personal jurisdiction.  Dkt. _____.  Senior Judge LAS should have allowed the Defendant to submit an answer and either move for lack of personal jurisdiction or invoke claims of executive privilege.  RCFC 12_____.  Needless to say, a judge cannot claim or invoke executive privilege, as the privilege does not belong to the judge, in the interest of the plaintiff, substantial justice, and in upholding separation

of powers of executive privilege and judicial review. Federalist No. 78 & Marbury, ____.

United States v. Nixon, 418 U.S. 683, 693 (1974) ("he has not 'waived nor delegated to the

Special Prosecutor the President's duty to claim privilege as to all materials…which fall

within the President's inherent authority to refuse to disclose to any executive officer.").

Likewise, secrecy claims by the Defendant sufficient for personal jurisdiction to fail

because the case can continue *in camera*. See. e.g., Comm. on Judiciary, United States

House of Representatives v. United States Dep't of Justice (In re Comm. on Judiciary), 951

F.3d 589, 608 (D.C. Cir. 2020). Therefore, Senior Judge LAS has not provided a sufficient

reason to dismiss the case for lack of personal jurisdiction under RCFC 12(h)(3). See Dkt.

___.

But now, both a new claim and a new (offensive) defense arises that Senior Judge

LAS has unduly burden my free exercise of religion, which politically aids in my state

affairs, by *sua sponte* dismissal of the claim for want of personal jurisdiction in this

national territorial court. See 42 U.S.C. § 2000bb-1(c) ("government" used ambiguously

to include "state" actors). See also (VP Pence stealing). Therefore, this Court of Appeals

for the Federal Circuit should include mandamus to the CFC to allow the amendment of

the complaint-at-hand.

Therefore, this Court of Appeals for the Federal Circuit should reverse and

remand to the CFC with mandamus to allow amendment to the complaint.

**11. THE C.F.C. BELOW SHOULD HAVE ALLOWED THIS RE-FILED AND UPDATED THE COMPLAINT BECAUSE IT HAS JURISDICTION OVER THE DEFENDANT AND THE CLAIMS ARE CONSTITUTIONALLY WARRANTED AND ALSO BECAUSE CONTRACTS LAW'S COVENANT OF GOOD FAITH AND FAIR DEALING, NOT ONLY UNFETTERED BUT ALSO AIDDED BY THE PUBLIC POLICY OF THE BIG TUCKER ACT, 28 U.S.C. § 1491(A), PREVENTS THE DEFENDANT-PRESIDENT FROM CLAIMING EXECUTIVE PRIVILEGE OR ABSOLUTE SOVEREIGN IMMUNITY, ESPECIALLY SINCE THE COURT CAN CONTINUE PERMISSIVELY *EN CAMERA*, UNFETTERED BY CONTRACT'S LAW PUBLIC POLICY INQUIRY.**

In reviewing the judgments of the Court of Federal Claims, this court reviews legal conclusions de novo. Holland v. United States, 621 F.3d 1366, 1374 (Fed. Cir. 2010). Whether the C.F.C. has jurisdiction is a question of law. Vereda, Ltda. v. United States, 271 F.3d 1367, 1374; Adkins v. United States, 68 F.3d 1317, 1321 (Fed. Cir. 1995); and Apple Inc. v. Zipit Wireless, Inc., 30 F.4th 1368, 1380 (Fed. Cir. 2022). This court reviews already disfavored *sua sponte* dismissals for lack of jurisdiction, under RCFC 12(h)(3), for want of general personal jurisdiction. Cf. Clorox Co. P.R., 228 F.3d a 30 (citing Baker, 58 F.3d at 818-819) (specific personal jurisdiction). "Demonstrating [the Court of Federal Claims'] jurisdiction is generally a low bar." Patel v. United States, No. 1:21-cv-02004-LAS (Fed. Cl. 2021), Dkt. 10 (citing See e.g., Columbus Reg'l Hosp., 990 F.3d at 1341). In reviewing a RCFC 12(b)(2) dismissal for lack of personal jurisdiction, the Court of Appeals for the Federal Circuit "accept[s] the uncontroverted allegations in…complaint as true and resolve any factual conflicts in the affidavits in [Plaintiff's] favor." Cf. Apple Inc., 30 F.4th at 1380 (quoting Mavrix Photo Inc. v. Brand Techs. Inc., 647 F.3d 1218, 1223 (9th Cir. 2011)) (internal citations omitted). In opposing a RCFC 12(b)(2) & 12(h)(3) dismissal, possibly through an order to cause, "the plaintiff bears the burden of establishing that jurisdiction is proper…Where…[a] motion is based on written materials…, the plaintiff need only make a prima facie showing of jurisdictional facts to withstand the motion to dismiss…The plaintiff cannot 'simply rest on the bare allegations of its complaint,' but uncontroverted allegations in the complaint must be taken as true…"[W]e may not assume the truth of allegations in a pleading which are contradicted by affidavit, but we resolve factual disputes in the plaintiff's favor." Cf. Apple Inc., 30 F.4th at 1380 (quoting Mavrix Photo Inc., 647 F.3d at 1223 (internal citations omitted)). A court may dismiss a complaint for lack of personal jurisdiction when a complaint is unwarranted. _____. A complaint is unwarranted when there are not related minimum contacts for personal

jurisdiction over Defendant, see, e.g., Clorox Co. P.R., 228 F.3d a 30 (citing Baker, 58 F.3d at 818-819) (specific personal jurisdiction), when an applicable statute of limitations is running, see, e.g., Dagupion v. Green Tree Servicing, No. 1:11-cv-00120-SOM-KSC * 9 (D. Haw. Dec. 7, 2011), when an "underlying suit[] [is brought] maliciously and without probable cause," see, e.g., Smart v. Local 702 Intern, 562 F.3d 798, 810 (7th Cir. 2009), when a material statute requires identification number or certification to accompany an issue or claim, such as under the Contracts Dispute Act, cf. Big Tucker Act, 28 U.S.C. § 1491(a) and RCFC 9(k), and it is not attached to the complaint, see, e.g., United States v. Turner Const. Co., 827 F.2d 1554, 1562 (Fed. Cir. 1987) ("it was not designed to be nor is it the exclusive method"), or when a party pleads disability.  Cf. Paul E. Lehman, Inc. v. United States, 673 F.2d 352, 354 (Fed. Cir. 1982) (when contract falls under both CDA and Big Tucker Act, certification is generally necessary).  See M.A. Mortenson Co. v. United States, 996 F.2d 1177, 1184 (Fed. Cir. 1993) ("As a practical matter, the United States seeks to deny to a private litigant that which Congress freely gave. In creating the Claims Court and enacting the Tucker Act…, Congress provided a forum in which the public could bring suit against the government and expect the opportunity for a fair fight over the merits of the claims. We cannot accept the government's position that it can consent to suit in the Claims Court under the Tucker Act…, and yet simultaneously may abuse the litigative process to the impairment of fair adjudication.  We reject the notion that the government can frustrate and undermine the goals in creating such a tribunal, leaving the Claims Court itself helpless to preclude such conduct on the government's part, and thereby eliminating the possibility of achieving a "fair" result.).  See Bright v. United States, 603 F.3d 1273, 1286 (Fed. Cir. 2010) ("In M.A. Mortenson we rejected the government's argument that the court lacked jurisdiction to enforce its own rules of procedure, finding "no basis on which to differentiate between the abilities of the federal

district courts and the [C.F.C.] to [enforce a rule] against the United States pursuant to either the FRCP or the [RCFC].").  See also M.A. Mortenson Co., 996 F.2d at 1180 (other waivers of sovereign immunity).

Here, Senior Judge LAS abused his honor's discretion and clearly errored when his honor actively dismissed the complaint-at-hand *sua sponte* for being "unwarranted" because all necessary details and necessary terms of the contract were attached to the complaint, pursuant to RCFC 9(k),[14] and no other fact is necessary to warrant a Big Tucker Act, 28 U.S.C. § 1491(a), complaint. _____.  But cf. RCFC 8.  **RCFC 11.**

First, the complaint is agreed upon by the CFC and plaintiff as being well-pleaded. RCFC 8; Dkt. 14.  Therefore, CFC Senior Judge LAS clearly errored.  **PoE**.

Second, the respective statutes of limitations in its entirety to fail personal jurisdiction in the Court of Federal Claims below is not running.  28 U.S.C. § 2501, paras. 1 & 3.  This is because the claim was timely filed within the six (6) year statutes of limitations since the claim first accrues.  Id., para. 1.  This is also because to the extent the six (6) year statutes of limitations is running it is overcome by the legal disability I am still under due to the ringing stress weapon.  Id., para. 2.  Therefore, CFC Senior Judge LAS abused his honor's discretion and clearly errored in sua sponte dismissal, because Ilor, LLC requires CFC Senior Judge LAS to issue a notice of a missing petition, or an order to show cause.  Ilor, LLC, 550 F.3d at 1067, 1072, 1075, & 1075 n. 3.

Third, the claims here are not preempted by jurisdictional grant via Congressional statute to another court or board to make the complaint unwarranted, which would also divests subject-matter jurisdiction.  Awad, 301 F.3d at 1371-72 (citing Bowen, 487 U.S. at

---

14. "Contract or Treaty. In pleading a claim founded on a contract or treaty, a party must identify the substantive provisions of the contract or treaty on which the party relies. In lieu of a description, the party may annex to the complaint a copy of the contract or treaty, indicating the relevant provisions." RCFC 9(k).

910 n. 48, (1988) and <u>cf.</u> <u>Bowers Inv. Co. v. United States,</u> 695 F.3d 1380, 1383 (Fed. Cir. 2012).  <u>Patel v. The Executive Offices of the President</u>, No. 7419 (CBCA June 24, 2022) (arguing that *Presidency is an executive agency*, and President is an "executive…official"/agent, as well as that *The Oval Office is an executive agency*; the Political Question Doctrine aids in construction) (emphasis added), <u>appeal denied</u>, <u>Patel v. White House Chief of Staff</u>, No. 2022-1962 (Fed. Cir. Aug. 29, 2022), ECF 24 (holding that the *Executive Offices of the President are not an executive agency* or that contract was not made with the Executive Offices of the President, so the claim is factually frivolous) (emphasis added).  Therefore, CFC Senior Judge clearly errored and abused his honor's discretion in sua sponte dismissing the complaint at hand.

Fourth, the claim is not brought "maliciously" towards the Defendant, as the claim satisfactory alleges a breach of contract, and there is "probable cause" that the Defendant will be liable for at least the breach of contract claim as the Defendant's breach of contractual duty is the but for cause and both the substantial casual factor and the proximate cause, including because the Defendant agreed to accept liability of the harm caused by the third-party stressors/terrorists.  <u>Smart</u>, 562 F.3d at 810; <u>Patel v. United States</u>, No. 22-1131 (Fed. Cir. 2022), ECF ____; and **PoE.**  Therefore, CFC Senior Judge LAS clearly errored in his honor's sua sponte dismissal.

Fifth, unlike contracts pleading and substantiating jurisdiction under the Contracts Dispute Act claims, contracts pleading and substantiating jurisdiction under the Big Tucker Act, claims, like here, are not subject to a certification number or identification number but only need to the follow RCFC 9(k) to the extent that a plaintiff at the time of initiating a new civil action.  <u>Compare</u> 28 U.S.C. §§ 1491 <u>et seq</u>. <u>and</u> 41 U.S.C. §§ 7101-7109 (CDA); <u>cf.</u> <u>BASF Corp. v. United States</u>, 497 F.3d 1309, 1315 (Fed. Cir. 2007) (internal citations omitted); and <u>cf.</u> <u>Turner Const. Co.,</u> 827 F.2d at 1562.  Hypothetically,

the jurisdictional regulatory difference between the two acts is primarily because of the differences in power and privileges individual with actual authority carry. Under the Contract Disputes Act, not only elected officials and appointed-heads of departments but also for-hire bureaucrats have actual authority to form contracts, whereas, under the Big Tucker Act at least any elected official, their commissioned appointees or selected staff, have actual authority to make a mutually intended contract. 28 U.S.C. § 1491(a). Compare 28 U.S.C. §§ 1491 et seq. and 41 U.S.C. §§ 7101-7109 (CDA). The Big Tucker Act was enacted for the purpose of state affairs, this reconstruction era and war-curing act can be used for all contractual purposes, whereas the Contract Disputes Act was formed by National Defense Authorization Act for Fiscal Year 2006 for the purpose of national security. Id.; https://www.cbca.gov/board/index.html; U.S. const. amend. XIV, §§ 1 & 5; and see U.S. const. art. VI, § 1; and _____ (actual authority without need of respondent superior). Further, under the Big Tucker Act, newly elected officials in succession have a more efficient right of breach, due to change in government, but the contractors are still given full compensation. Id. & _____. And, the significantly premature early *sua sponte* dismissal, possibly did not allow the Attorney General to through investigate, advise the President on the questions of law, and to command the Defendant's Mr. Kiepura to judiciously and validly answer. **28 U.S.C. § 2504; RCFC ____; Mr. Kiepura giving sassy or aversive answer?** To cure doubt, in the interest of the judicial economy, administering procedural and substantial justice, and needed fairness to the Plaintiff, especially since the CFC's vertical appeals court, this court in Patel v. United States, No. 2022-1131 (Fed. Cir. 2022), ECF 31, QUASHED, under 28 U.S.C. §§ 1295(a)(3), 1631, 1346(a) and 1651 and the Fifth (and Fourteenth) Amendment, over 40 unconstitutional opinions of its sister trial courts, mainly federal district courts, for want of jurisdiction which should have been transferred to the CFC, 28 U.S.C. § 1631, CFC

Senior Judge LAS could have *sua sponte* ordered the issuance of subpoenas and used other incidental powers.  28 U.S.C. §§ 1651 & 2521.  Therefore, this Court of Appeals for the Federal Circuit should reverse for abuse of discretion in *sua sponte* dismissal of complaint for claiming the complaint to be unwarranted and issue mandamus to the CFC to aid this Court of Appeals for the Federal Circuit's jurisdiction.  28 U.S.C. § 1651.[15]

Sixth, the Defendant has not pleaded legal disability, such as inability to pay, especially since it is charge of the currency demanded and is the most advanced military, state, and government on planet earth and is presumed by Defendant to have control over the police powers and is internationally recognized as such.  See Compl.  28 U.S.C. § 2504.  Therefore, CFC Senior Judge LAS abused his honor's discretion or clearly errored in sua sponte dismissing the case.  See U.S. const. pmbl., art. IV, § 1, & 28 U.S.C. § 453.

Overall, therefore, CFC Senior Judge LAS, Former CFC Chief Judge, merits being reversed for clear error in sua sponte dismissing the complaint as unwarranted because there are no brightened hard-and-fast rules preventing the grant of jurisdiction, and this Court of Appeals may find it proper to issue mandamus since his honor abused his discretion is doing something which vertical precedential strongly discourages.  28 U.S.C. § 1651.

**12. THE C.F.C. BELOW SHOULD HAVE ALLOWED THIS RE-FILED AND UPDATED THE COMPLAINT BECAUSE IT HAS JURISDICTION OVER THE DEFENDANT AND THE CLAIMS ARE CONSTITUTIONALLY WARRANTED BECAUSE THEY ARE PROPERLY STATE AFFAIRS OF THE UNITED STATES RATHER THAN NATIONAL SECURITY MATTERS, AND IS AIDDED AND UNFETTERED BY CONTRACT LAW'S COVENANT OF GOOD FAITH AND FAIR DEALING AND PUBLIC POLICY INQUIRY.**

---

15. This Court of Appeals for the Federal Circuit may also find it proper to issue mandamus to the Clerk of the courts of the respective Federal district courts to enter onto each case's docket notices, to protect parties' and litigants' rights and aiding this court's jurisdiction, that final judgement of the district court has been quashed.  U.S. const. amend. V & amend. XIV, § 1 & 28 U.S.C. § 453.  28 U.S.C. § 1651.

Under the common law, contracts are a part of State affairs.  Like in England, our Constitution is a contract-in-law.  See e.g. U.S. const. art. VI, § 1 referring to Decl. of Indep. (1776) & Treaty of Paris (1783).  In England, the witan erected the State, and since then God, State, and The Monarch, who is Sovereign, have been One.  In the United States, God and State are separate, and, per our legal fiction, the people are the sovereign, who devolve power to the United States Constitution, which is the King, and from time to time add and modify the make-up of the State through elections.  U.S. const. amend. I.  "[T]he distinction between the government of a State and the State itself is important, and [shall] be observed."  See e.g., Poindexter v. Greenhow, 114 U.S. 270, 290 (1884).  According to my observation, contracts with the United States can be divided into at least two categories State contracts and National Security contracts. _____. All contracts with the United States may be referred to as "Government contracts," but "Government contracts" may be its own distinct category of contracts as well.  Military contracts are generally State contracts of the Union.  State contracts are relatively the most superior, and their affairs are a part of State affairs of the Union.  Governmental contracts include naturalization contracts, per the Oath of Allegiance.  **U.S. const. ____.**  An unremedied breach of a state contract may be constitutionally seen as an act of war.  See generally U.S. const. amend. XIV.  State affairs of the Union are always handled by the Military and styled / titled persons of the Constitution, with the Head of State, who is the President of the United States, and has primacy in faithful foreign relations.  Hollingsworth, 133 S. Ct. at 2652, 2667, 2670-72 ("unique legal status").  With that being, whether a contract will be subject to either the CDA, the Big Tucker Act, or another contracts statute, or both, or the jurisdictional forum is not dispositive as to whether it is a military, state, national security, or governmental contract.  Kelly v. United States, 826 F.2d 1049, 1053 (Fed. Cir. 1987); Palantir USG, Inc. v. United States, 904 F.3d 980, 995 (Fed. Cir. 2018); Carey Indus.

v. United States, 614 F.2d 734, 736 (Fed. Cir. 1980); and Voge v. United States, 844 F.2d 776, 784 (Fed. Cir. 1988) (State affairs include Military and Nat'l Security).  The case is a part of State affairs from each of my capacities working alone and together in permutations.  Poindexter, 114 U.S. at 290 and Id. at 290 ("in common speech,…to say "L'État c'est moi."").  See also Swann v. Adams, 385 U.S. 440, 447 (U.S. 1967) and cf. Richey, 322 F.3d at 1323 & 1327 (presumption must be rebutted by records evidence suggesting that the executive's decision is arbitrary and capricious).  Like members of Congress, CFC judges and court of appeals judges, particularly, and generally unlike the President or other executives and magistrates at the basis of the Union, have ministerial duties bestowed upon them when leading their forum.  Federalist No. 78 ("The judiciary, on the contrary, has no influence over either the sword or the purse; no direction either of the strength or of the wealth of the society; and can take no active resolution whatever. It may truly be said to have neither FORCE nor WILL, but merely judgment…") & Marbury, 5 U.S. at 146.  But, the President, and executives and magistrates at the basis of the Union, may still have ministerial duties when entering judicial capacities, per the United States Constitution.  See generally U.S. const. art. VI, § 2, amend. IX, X, & XIV, and Federalist Nos. 42 & 80.  The Doctrine of Comity governs the relationships amongst State, Governmental, and Military actors.  U.S. const. art. IV, § 2.  Lastly, constant from the time the Constitution began in original jurisdiction, judicial courts of law are meant to resolve disputes and efficient breaches amongst State leaders under Ordered Liberty.  Id.; U.S. const. amend. XI; and see Chisholm v. Georgia, 2 U.S. 419, 423-428 (1793) (dicta).

Here, CFC Senior Judge LAS abused his honor's discretion when his honor sua sponte dismissed the complaint alleging a Big Tucker Act contract claim substantiated by an intra-Union state contract under RCFC 12(h)(3).  28 U.S.C. § 1491(a).  After Plaintiff electronically filed of the complaint-at-hand, the counselor for the Defendant promptly

appeared to represent the Defendant-Promisor. Dkt. 9 at 1. The complaint screening stage demands only that the court has subject-matter jurisdiction under RCFC 12(b)(1); in fact, it is not necessary for the court to put a check on personal jurisdiction, as it can enter a Motion for Default, even for failure to allege a claim or defense to make the complaint "unwarranted." Dkt. 14 & <u>Neitzke</u>, 490 U.S. at 319; and RCFC 55. As a Union leader from the basis of its State, I have a common law right to enter the C.F.C., which has exclusive jurisdiction to resolve the dispute between the United States and me. U.S. const. arts. IV, § 2 & III, & amend. XIV and RCFC 8(e). This court of appeals would be justified in resolving the matter. Nevertheless, CFC Senior Judge LAS' sua sponte dismissal for want to personal jurisdiction after the Defendant submitted a notice of appearance and received the grant of enforcement violated the Doctrine of Comity and created the claim of *res ipsa loquitor*, possibly independent breaches from both the United States Constitution and contract-at-hand, which complements the United States' duties to enforce the Privileges and Immunities of citizens of the United States by the Defendant. And, in my personal capacity, Senior Judge Smith has caused an undue burden on Free Exercise of Religion, at least by causing me to denied for re-enrollment at the University of Notre Dame du Lac. 42 U.S.C. §§ 2000bb <u>et seq</u>. Restitution should also attach to the breach of contract for the legal, political, pecuniary gain the Defendant could have made with a Union leader. Federalist 42 & 80. Therefore, the C.F.C. abused its discretion when his honor sua sponte dismissed the complaint without a satisfactory reason under precedent.

Therefore, this Court of Appeals for the Federal Circuit should reverse the C.F.C. because his honor violated the State privileges of the Plaintiff and issue § 1651 mandamus to continue the case on the merits at reversal or resolve the matter here, in this Court of

Appeals, after allowing each party to submit a proposed list of factual findings and legal conclusions with satisfactory evidence, to aid jurisdictional Comity.

**13. C.F.C. SENIOR JUDGE SMITH ABUSED HIS HONOR'S DISCRETION BY NOT *SUA SPONTE* MUSTERING THE JURISDICTIONAL QUESTIONS OF LAW WITH THE JURISDICTIONAL QUESTIONS OF FACT FOR THE PATEL, WHO IS ACTING *PRO SE* IN THE C.F.C., AND KEEPINGS THE GATES OF JUSTICE CLOSED.**

Pro se pleadings should be liberally construed, and the allegations therein "should be construed favorably to the pleader." Haines, 404 U.S. at 520; Scheuer, 416 U.S. at 236 cited in Baker, 58 F.3d at 818-19 and Steffen, 995 F.3d at 138 citing Durr, 400 F.3d at 1380. An "unrepresented litigant should not be punished for his failure to recognize subtle factual or legal deficiencies in his claims." McZeal, 501 F.3d 1354, 1356, at 1360-63. A complaint should not be dismissed simply because a plaintiff is unlikely to succeed on the merits. Baker, 58 F.3d at 818-19. "Pleadings must be construed so as to do justice." RCFC 8(e). See also Fox, 978 N.E.2d at 755 (citing Erickson, 551 U.S. at 94 and Ind. T.R. 8(F)).[16] Compare Ind. T.R. 8(F) with RCFC 8(e). Cf. Terry, No. 09-454 C * 2 (D.C. Cir. Mar. 6, 2012) (citing RCFC 8(e)). Compare 28 U.S.C. § 1915(e)(2)(B) with 28 U.S.C. § 1915A. Nevertheless, when a particularized set of facts which create a reasonable doubt are pleaded, Plaintiff has demonstrated the "low bar" to require the C.F.C. to use its discretion to effectuate trial, including in Indianapolis or even Atlanta. Columbus Reg'l Hosp., 990 F.3d at 1341. As a benefit and due process right for parties seeking subject-matter jurisdiction, the Supreme Court requires that dismissal for doubt of the facts pertaining to standing and subject-matter jurisdiction must be "supported *adequately* by

---

16. "The Supreme Court and [the Indiana Court of Appeals] ha[ve] said that pro se documents are to be liberally construed and should be held to less stringent standards than formal pleadings drafted by lawyers." Fox, 978 N.E.2d at 755 (citing Erickson, 551 U.S. at 94 and Ind. T.R. 8(F)). Otherwise, "a pro se litigant is held to the same standards as a trained attorney and is afforded no inherent leniency simply by virtue of being self-represented." Zavodnik, 17 N.E.3d at 266 (internal citations omitted).

the evidence *adduced at trial*." <u>Gladstone Realtors</u>, 441 U.S. at 115 n. 31 cited in <u>Tinton Falls Lodging Realty, LLC</u>, 800 F.3d at 1364 (italics added). The use of RCFC 11 is usually unconstitutional when applied before an actual, justice trial attempting to seek adequate evidentiary support or before a Motion for Summary Judgment. <u>Id</u>.

Here, CFC Senior Judge LAS abused his honor's discretion by not "constru[ing] the pleading as to do justice." RCFC 8(e). <u>United States v. Lower Sioux Indian Com. in Minn.</u>, 519 F.2d 1378, 1385 (Fed. Cir. 1975) (citing Fed. R. Civ. P. 8(e)(1) [sic]) ("The purpose of a complaint is to give "fair notice of the nature and basis of the claim asserted and a general indication of the type of litigation involved…Wherever additional facts are necessary to prepare for trial the various forms of discovery will be available to fill the void.") (internal citations omitted). <u>Fort Vancouver Plywood Co. v. United States</u>, 860 F.2d 409, 415 (Fed. Cir. 1988) ("With the enactment of the Federal Rules of Civil Procedure, the traditional election doctrine was relaxed. <u>See</u> Fed. R. Civ. P. 8(e)(2); (a party may plead alternatively and inconsistently)."). For a Big Tucker Act claim, in the CFC, for the Defendant it is unnecessary to do a sua sponte frivolity inquiry, as the CFC knows that it has jurisdiction over Defendant through presence. 28 U.S.C. § 1491(a). Plus, the sophisticated Defendant had agreed to appear and subject itself to the full jurisdiction of the C.F.C. Dkt. 9. _____. Unlike the other cases finding factual frivolousness, the complaint-at-hand is scientifically based in demands for the compensation and allocation is supported by the Constitution, per the identities of the Plaintiff and Defendant. _____. It is reasonable, consequently, to hold that the CFC unfairly and unduly interpreted the Supreme Court's complaint screening and frivolity rules, primarily no Supreme Court-mandated trial has been conducted. <u>Gladstone Realtors</u>, 441 U.S. at 115 n. 31 cited in <u>Tinton Falls Lodging Realty, LLC</u>, 800 F.3d at 1364 (italics added). And, in litigating this matter-at-hand and all the related cases, Plaintiff, who is acting pro se,

had to enter his attorney/law-student capacity without compensation and use his intellectual property which he obtained for the monetary consideration of a legal education at and grant of the Constitutional privileges of a juris doctor by the premier University of Notre Dame du Lac Law School in South Bend, Indiana; ideally, this should not determine Defendant's liability expect for differences in attorney's fees. <u>Dieffenbach v. Barnes & Noble, Inc.</u>, 887 F.3d 826, 828 (7th Cir. 2018); U.S. const. art. IV, § 2 & amend. XIV, § 1 (_____); **CONGRESS PROFESSIONS;** cf. <u>United States v. Arthrex</u>, 594 U.S. ___, 141 S. Ct. 1970, No. 19-1434 * 23 (2021) (Roberts, C.J., op.) (executive authority bestowed by the People of the Union).  The facts of the complaint-at-hand show that the Protection of the United States was lawlessly challenged, and the Defendant formed the contract for the consideration provided to aid in its faithful discharge of duties and Take Care the laws, including the Privileges and Immunities of citizens of the United States, a tactic encouraged by the Supreme Court. <u>Marbury</u>, 5 U.S. at 163 ("One of the first duties of [the Union] is to afford that protection.").  The claims-at-hand show that the case is no windfall, and without the remedy from this court's jurisdiction, civil society would have harmed Plaintiff than being in Nature, which violates the very essence of our Union for Safety and Happiness.  U.S. const. art. IV, § 1 referring to Decl. of Indep. (1776).  Therefore, contrary to C.F.C. Senior Judge LAS' construction of the complaint-at-hand and conclusion of his honor's frivolity inquiry, which prematurely finds a lack of subject-matter jurisdiction because of inadequate substantial evidence, the court should permit to grant earned damages under 28 U.S.C. § 2517, affected by the third party and legally caused by the Defendant, who has knowingly and contractually agreed to be liable for in exchange for the said consideration; the application of RCFC 11(b)-(c) is unconstitutional. Dkt. 16.

Therefore, this Court of Appeals for the Federal Circuit should remand and reverse to earnestly set things straight, and issue § 1651 mandamus to the C.F.C. if it finds proper.  See Upper Skagit Indian Tribe v. Lundgren, 138 S. Ct. 1649, 1651 (2018).  Archey v. Osmose Utils. Servs., 1:20-cv-05247 * 7 & 9 (N.D. Ill. Aug. 3, 2021) (lack time for recovery).  Remijas v. Neiman Marcus Grp., LLC, 794 F.3d 688, 692 (7th Cir. 2015) (time value of money).  See In re Gen. Motors LLC Ignition Switch Litig., 339 F. Supp. 3d 262, 313 (S.D.N.Y. 2018) (citing Dieffenbach, 887 F.3d at 828).  In re Arthur J. Gallagher Data Breach Litig., No. 1:22-cv-137 * 15 (N.D. Ill. Sep. 28, 2022) ("To plead a viable breach of implied contract claim under Illinois law, Plaintiffs must allege "actual monetary damage.").

# APPENDIX A

**Holmes v. United States, 657 F.3d 1303, 1314 (Fed. Cir. 2011):**

In our view, when referencing the money-mandating inquiry for Tucker Act jurisdiction, the cases logically put to one side contract- based claims. To begin with, "[n]ormally contracts do not contain provisions specifying the basis for the award of damages in case of breach...."[I]n the area of government contracts, as with private agreements, there is a presumption in the civil context that a damages remedy will be available upon the breach of an agreement. In- deed, as a plurality of the Supreme Court noted in United States v. Winstar Corp., 518 U.S. 839, 116 S.Ct. 2432, 135 L.Ed.2d 964 (1996), "damages are always the default remedy for breach of contract." Id. at 885 (plurality opinion) (citing, e.g., Restatement (Second) of Contracts § 346, cmt. a (1981)). Thus, when a breach of contract claim is brought in the Court of Federal Claims under the Tucker Act, the plaintiff comes armed with the presumption that money damages are available, so that normally no further inquiry is required. We view this presumption as forming the likely basis for the disparate discussion of claims arising under the Constitution, a statute, or a regulation and those stemming from a contract. Put another way, in a contract case, the money-mandating requirement for Tucker Act jurisdiction normally is satisfied by the presumption that money damages are available for breach of contract, with no further inquiry being necessary.

**Federalist 78:**

The judiciary, on the contrary, has no influence over either the sword or the purse; no direction either of the strength or of the wealth of the society; and can take no active resolution whatever. It may truly be said to have neither FORCE nor WILL, but merely judgment; and must ultimately depend upon the aid of the executive arm even for the efficacy of its judgments.

**Big Tucker Act, 28 U.S.C. § 1491(a):**

The United States Court of Federal Claims shall have jurisdiction to render judgment upon any claim against the United States founded…upon any express or implied contract with the United States.

**Amendment XIV:**

…No State shall make or enforce any law which shall abridge the privileges or immunities of citizens of the United States; nor shall any State deprive any person of life, liberty, or property, without due process of law; nor deny to any person within its jurisdiction the equal protection of the laws.

https://constitution.congress.gov/browse/essay/artIV-S2-C1-1/ALDE_00013777/

<u>See also</u> Federalist Nos. 42 & 80.

<u>See also</u> U.S. const. art. IV, § 2; art. III; & amends. IX & X.

**<u>U.S. Term Limits, Inc. v. Thornton</u>, 514 U.S. 779, 840 (1995)**:

"In a republican government, like ours,…political power is reposed in representatives of the entire body of the people." here can be no doubt, if we are to respect the republican origins of the Nation and preserve its federal character, that there exists a federal right of citizenship, a relationship between the people of the Nation and their National Government, with which the States may not interfere.

Once the National Government was formed under our Constitution, the same republican principles continued to guide its operation and practice. As James Madison explained, the House of Representatives "derive[s] its powers from the people of America," and "the operation of the government on the people in their individual capacities" makes it "a national government," not merely a federal one. <u>Id.</u>, No. 39, at 244, 245 (emphasis deleted). The Court confirmed this principle in <u>McCulloch v. Maryland</u>, 4 Wheat. 316, 404-405 (1819), when it said: "The government of the Union, then,…is, emphatically, and truly, a government of the people. In form and in substance it emanates from them. Its powers are granted by them, and are to be exercised directly on them, and for their benefit."

**<u>PROPOSED AMENDMENT TO ADD LANGUAGE</u>**:

The presumption now applies to personal jurisdiction too, as intended by the 49th Congress in March 1887.

The presumption is not intended to nor changes either the inherent judicial powers nor contracts law, but rather complements Congress' waiver sovereign immunity for Big Tucker Act claims alleging an express or implied contract with the United States.

**FIRST AMENDMENT CASES**

"This Court has long recognized that the government may…accommodate religious practices…without violating the Establishment Clause…Just last Term, in <u>Locke v. Davey</u>, 540 U.S. 712 (2004), the Court reaffirmed that '*there is room for play in the joints between*' the Free Exercise and Establishment Clauses,[17] allowing the government to

---

17. <u>Obergefell</u>, 135 S. Ct. at 2584, 2596, 2598, 2621, 2625-26, & 2643 (constitution protects pleasure under the First Amendment; it is immoral to prohibit pleasure; and prohibition of religious pleasure, including *homo* or gay conduct is not fair play) citing <u>Bowers</u>, 478 U.S. at 186, <u>overruled by,</u> <u>Lawrence v. Texas</u>, 539 U.S. 558, 575 (2003).

accommodate religion beyond free exercise requirements, without offense to the Establishment Clause…At some point, accommodation may devolve into `an unlawful fostering of religion.'" Cutter v. Wilkinson, 544 U.S. 709, 713-14 (2005) (internal citations omitted) (cleaned up) (italics added). U.S. const. amend. I & amend. XIV. Abington Sch. Dist. v. Schempp, 374 U.S. 203, 255 (1963) (holding that Establishment Clause claim need not be "predicated on coercion."). Edmonson v. Leesville Concrete Co., Inc., 500 U.S. 614, 620 (1991) ("Although the conduct of private parties lies beyond the Constitution's scope in most instances, governmental authority may dominate an activity to such an extent that its participants must be deemed to act with the authority of the government and, as a result, be subject to constitutional constraints."). Lynch v. Donnelly, 465 U.S. 668, 673 (1984) ("forbids hostility toward any [religion]"). Cf. Myers v. State, 714 N.E.2d 276, 281 (Ind. Ct. App. 1999) ("The Establishment Clause is violated if a [government] enacts laws which 'aid one religion, aid all religions, or prefer one religion over another.'"). Thomas v. Rev. Bd., 271 Ind. 233, 245 (Ind. 1979) ("As a general matter it is surely true that the Establishment Clause prohibits government from abandoning secular purposes."). Ballaban v. Bloomington Jewish Cmty., Inc., 982 N.E.2d 329, 336 (Ind. Ct. App. 2013) ("The Free Exercise Clause prohibits governmental action that "encroaches upon the ability of a church to manage its internal affairs," and the Establishment Clause prohibits "excessive entanglement" between government and religion."). Lyng v. Nw. Indian Cemetery Protective Ass'n, 485 U.S. 439, 448 (1988) ("The Free Exercise Clause of the First Amendment provides that 'Congress shall make no law…prohibiting the free exercise [of religion].'"). 42 U.S.C. §§ 2000bb-3(a) (applicable to state courts too) & 2000bb. City Chapel Ev. Free v. City of S. Bend, 744 N.E.2d 443, 450 (Ind. 2001) ("From the literal text of Sections 2 and 3, the discussions at the Constitutional Convention, and the surrounding circumstances, we conclude that the framers and ratifiers of the Indiana

Constitution's religious liberty clauses did not intend to afford only narrow protection for a person's internal thoughts and private practices of religion and conscience. By protecting the right to worship according to the dictates of conscience and the rights freely to exercise religious opinion and to act in accord with personal conscience, Sections 2 and 3 advance core values that restrain government interference with the practice of religious worship, both in private and in community with other persons."). 42 U.S.C. §§ 2000bb-3(a) (applicable to state courts too) & 2000bb. Abington Sch. Dist., 374 U.S. at 317 & 320 (a claim based on Establishment of Religion which abridges the Free Exercise Clause does not require a court to strike down the Establishment of Religion). Texas, 491 U.S. at 406 & 407 (unprotected symbolic speech; juxtaposition of information and the omission of such information; intended to communicate under "sufficiently imbued with elements of communication"; and pictures and profiling of Defendants' CEO and H.E. P.M. Sunak).

This is not a hybrid claim for Defendants because both concurrent First Amendment political rights and First Amendment speech claims are not protected while burdening someone else's Free Exercise. Cf. Church of the Lukumi Babalu Aye, Inc., 508 U.S. at 567 (hybrid exceptions). https://www.law.cornell.edu/wex/riot (Defs.' board members, any governmental relations and political analysis, the Republic of India, and Sundar Picahi has engaged in a riot; glorioi (images) of the Sundar Pichai with H.E. Prime Minister Rishi Sunak of His Majesty's Government) (not factored into claim yet; does not waive claim for remand if asked for less than amount granted). Add. A; 42 U.S.C. § 2000bb-3(a); https://www.law.cornell.edu/wex/unlawful_assembly (the board has convened for unlawful purpose); https://www.law.cornell.edu/wex/advocacy_of_illegal_action (counselors know this unconstitutional); https://www.law.cornell.edu/wex/commercial_speech (not

protected commercial speech); https://www.law.cornell.edu/wex/prior_restraint (not applicable; nor waiver); https://www.law.cornell.edu/wex/brandenburg_test (not protected speech, as it is political as well); and https://www.law.cornell.edu/wex/obscenity (unconstitutional use of array of "lewd, filthy, or disgusting words or pictures").

# APPENDIX B

**RULES**

Nunez v. Sec'y of Health & Hum. Servs., No. 2020-1021 (Fed. Cir. Aug. 28, 2020) ("There are no hard-and-fast standards governing the allocation of the burden of proof in every situation. The issue, rather 'is merely a question of policy and fairness based on experience in the different situations.'") (citing Keyes v. Sch. Dist. No. 1, 413 U.S. 189, 209 (1973) (quoting 9 J. Wigmore, Evidence § 2486, at 275 (3d ed. 1940)).).

**5.**

In Marbury v. Madison, 5 U.S. 137, 163, 1 Cranch 137, 162, 2 L.Ed. 60 (1803), Chief Justice John Marshall wrote: "The very essence of civil liberty certainly consists in the right of every individual to claim the protection of the laws, whenever he receives an injury. One of the first duties of government is to afford that protection." Commonwealth v. Reid; Micklus v. Carlson.


In Marbury v. Madison, 5 U.S. 137 (1803), the Supreme Court noted that the power of a court to examine the legality of a governmental official's act (or failure to act) depends upon the nature of the act: "[W]hether the legality of an act of the head of a department be examinable in a court of justice or not, must always depend on the nature of the act." Summary of this case from Lowry v. Massanari.


In Marbury v. Madison, 1 Cranch 137, 164-166, 2 L.Ed. 60 (1803), Chief Justice Marshall acknowledged the existence of a class of cases which involve a "mere political act of the executive" and which were placed by the Constitution in the hands of the executive.

Summary of this case from <u>Occidental of Umm al Qaywayn, Inc. v. A Certain Cargo of</u> <u>Petroleum Laden Aboard the Tanker Dauntless Colocotronis</u>.


RCFC 12(h)(1)(B) [(h) Waiving and Preserving Certain Defenses. (1) When Some Are Waived. A party waives any defense listed in RCFC 12(b)(2)-(5) by:...(B) failing to either: (i) make it by motion under this rule; or (ii) include it in a responsive pleading or in an amendment allowed by RCFC 15(a)(1) as a matter of course"].


"Contract or Treaty. In pleading a claim founded on a contract or treaty, a party must identify the substantive provisions of the contract or treaty on which the party relies. In lieu of a description, the party may annex to the complaint a copy of the contract or treaty, indicating the relevant provisions."  RCFC 9(k).


"The United States must file an answer to a complaint within 60 days after being served with the complaint." RCFC 12(a)(1)(A).


Rule 19. Required Joinder of Parties (a) Persons Required to Be Joined if Feasible. (1) Required Party. A person who is subject to service of process and whose joinder will not deprive the court of subjectmatter jurisdiction must be joined as a party if: (A) in that person's absence, the court cannot accord complete relief among existing parties; or (B) that person claims an interest relating to the subject of the action and is so situated that disposing of the action in the person's absence may: (i) as a practical matter impair or impede the person's ability to protect the interest; or (ii) leave an existing party subject to a substantial risk of incurring double, multiple, or otherwise inconsistent obligations because of the interest. (2) Joinder by Court Order. If a person has not been joined as

required, the court must order that the person be made a party. A person who refuses to join as a plaintiff may be made either a defendant or, in a proper case, an involuntary plaintiff. RCFC 19.

**6.**

Vargas v. United States, 114 Fed.Cl. 226, 236 (C.F.C. 2014) ("The government's reliance on 28 U.S.C. § 516 is misplaced.").

**10.**

Scott Timber Co., 692 F.3d at 1372; see also Restatement (Second) of Contracts § 205, cmt. e (1981) ("litigation of contract claims"); and Nw, Inc., 572 U.S. at 287.  But cf. De Archibold v. United States, 499 F.3d 1310, 1314 & 1316 (Fed. Cir. 2007) ("Executive agreements, such as the Agreement in Implementation, are agreements between the United States and foreign nations. Such agreements have long been treated by the judiciary as treaties…We are mindful that waivers of sovereign immunity "cannot be implied but must be unequivocally expressed.").

Langenegger v. United States, 756 F.2d 1565 (Fed. Cir. 1985) ("'state secret' privilege")

Monarch Assur. P.L.C. v. United States, 244 F.3d 1356, 1359 (Fed. Cir. 2001) ("state secrets privilege");

**11.**

Dainippon Screen Mfg. Co., 142 F.3d at 1270 ("Whether a court has personal jurisdiction over a defendant is a question of law that we review de novo…Disputed facts underlying this legal determination, however, are reviewed for clear error.") and Frank's

LXXXIII

Casing Crew & Rental Tools, Inc., 292 F.3d at 1371 ("We review questions of personal jurisdiction without deference.").

Dainippon Screen Mfg. Co. v. CFMT, Inc., 142 F.3d 1266, 1270 (Fed. Cir. 1998) ("Whether a court has personal jurisdiction over a defendant is a question of law that we review de novo…Disputed facts underlying this legal determination, however, are reviewed for clear error.") and Frank's Casing Crew & Rental Tools, Inc. v. PMR Technologies, Ltd., 292 F.3d 1363, 1371 (Fed. Cir. 2002) ("We review questions of personal jurisdiction without deference.").

Smart v. Local 702 Intern, 562 F.3d 798, 810 (7th Cir. 2009) ("To prevail on an unwarranted prosecution claim in Illinois, Mr. Smart must show that the defendants brought the underlying suits maliciously and without probable cause and that the underlying suits were terminated in Mr. Smart's favor.") (internal citations omitted).

Particularly, this Court of Appeals for the Federal Circuit, "[i]n the absence of an obligation to act sua sponte, we will not sua sponte exercise any discretion to decline to decide the appeals on the instituted claims and grounds." PGS Geophysical AS v. Iancu, 891 F.3d 1354, 1363 (Fed. Cir. 2018).

A "non-frivolous" allegation is one that, "if proven, can establish the [tribunal's] jurisdiction insofar as that element is concerned." McLaughlin, No. 2019-1997 * 4 (Fed. Cir. Mar. 23, 2021). "This is a relatively low bar for [a party] to satisfy." McLaughlin, No. 2019-1997 * 4 (Fed. Cir. Mar. 23, 2021). Because of this low car, courts of appeals, including this court of appeal, have cautioned lower tribunal in dismissing complaints *sua sponte*, but appeals and reversal for this basis are not uncommon. Clorox Co. P.R., 228 F.3d at 30 (citing Baker, 58 F.3d at 818); Ilor, LLC, 550 F.3d at 1067, 1072, 1075, & 1075 n. 3 (internal citations omitted); and U.S. const. amend. V. "A non-frivolous allegation of

jurisdiction is an allegation of fact which, if proven, could establish a prima facie case that the [tribunal] has jurisdiction in the matter." McLaughlin, No. 2019-1997 * 9 (Fed. Cir. Mar. 23, 2021) (internal citations omitted). "When the contents of the complaint non-frivolously support jurisdiction, jurisdiction is established, and the matter devolves to determination of the merits of the complaint." McLaughlin, No. 2019-1997 * 9 (Fed. Cir. Mar. 23, 2021). In Dkt. 14, CFC Senior Judge Smith ruled that there is subject-matter jurisdiction, in acquiescence with this Court of Appeals for the Federal Circuit in No. 22-1131 (Fed. Cir. 2022). See Dkt. 14 at 1; see Patel v. United States, No. 1:21-cv-2004-LAS (C.F.C. 2022), Dkt. 10, modified by, No. 22-1131 (Fed. Cir. 2022), ECF 31 (CFC should have dismissed under RCFC 12(b)(6) rather than RCFC 12(b)(1); CFC conclusion was correct).

Mavrix Photo Inc. v. Brand Techs. Inc., 647 F.3d 1218, 1223 (9th Cir. 2011) ("We review a dismissal for lack of personal jurisdiction de novo. Boschetto v. Hansing, 539 F.3d 1011, 1015 (9th Cir.2008). In opposing a defendant's motion to dismiss for lack of personal jurisdiction, the plaintiff bears the burden of establishing that jurisdiction is proper. Id. Where, as here, the defendant's motion is based on written materials rather than an evidentiary hearing, the plaintiff need only make a prima facie showing of jurisdictional facts to withstand the motion to dismiss. Brayton Purcell LLP v. Recordon & Recordon, 606 F.3d 1124, 1127 (9th Cir.2010). The plaintiff cannot "simply rest on the bare allegations of its complaint," but uncontroverted allegations in the complaint must be taken as true. Schwarzenegger v. Fred Martin Motor Co., 374 F.3d 797, 800 (9th Cir.2004) (quoting Amba Mktg. Sys., Inc. v. Jobar Int'l, Inc., 551 F.2d 784, 787 (9th Cir.1977)). "[W]e may not assume the truth of allegations in a pleading which are contradicted by affidavit," Data Disc, Inc. v. Sys. Tech. Assocs., Inc., 557 F.2d 1280, 1284 (9th Cir.1977), but we resolve factual disputes in the plaintiff's favor, Pebble Beach Co. v. Caddy, 453 F.3d 1151, 1154 (9th Cir.2006).").

Court of Federal Claim is a court of national territorial jurisdiction. & cf. Shaffer v. Heitner, 433 U.S. 186, 197 (1977) (every sovereign "possesses exclusive jurisdiction and sovereignty over persons and property within its territory…that no State can exercise direct jurisdiction and authority over persons or property without its territory…the…courts can inquire into…obligations to its own citizens…to the extent necessary to control the disposition of the property.") (cleaned up) (internal citations omitted), extending, Int'l Shoe Co. v. Washington, 326 U.S. 310 (1945) ("minimum contacts" within territory required). Cf. State Farm Fire Cas. Co. v. Tashire, 386 U.S. 523, 527 n. 1 (1967) (district courts could have had subject-matter jurisdiction over *res-at-hand*, 28 U.S.C. § 1335 (a)); compare Id. with Awad, 301 F.3d at 1375 (Interpleader § 1335 statute, see Fed. R. Civ. P. 22, does not preempt Big Tucker Act § 1491(a) statute, see RCFC 22 [not used], as it is plain subject-matter grant over express contracts with damages over $10,000, see § 1346(a)(2)).

Apple Inc. v. Zipit Wireless, Inc. 30 F.4th 1368, 1380 (Fed. Cir. 2022) (unwarranted claims of patent infringement) (The sole issue in this case is whether the district court erred in dismissing Apple's declaratory judgment action for lack of specific personal jurisdiction over Zipit. "Personal jurisdiction is a question of law that we review de novo. " Xilinx , 848 F.3d at 1352 (quoting Autogenomics, Inc. v. Oxford Gene Tech. Ltd. , 566 F.3d 1012, 1016 (Fed. Cir. 2009) ). In reviewing a Rule 12(b)(2) dismissal for lack of personal jurisdiction, we "accept the uncontroverted allegations in [Apple's] complaint as true and resolve any factual conflicts in the affidavits in [Apple's] favor." Id. (quoting Avocent Huntsville Corp. v. Aten Int'l Co. , 552 F.3d 1324, 1329 (Fed. Cir. 2008) ); see also Mavrix Photo, Inc. v. Brand Techs., Inc. , 647 F.3d 1218, 1223 (9th Cir. 2011).). (facts have nothing to do with minimum contacts of PJ).

**12.**

Hollingsworth v. Perry, 133 S. Ct. 2652, 2667, 2670-72 (U.S. 2013) ("unique legal status"). The case is a part of State affairs from each of my capacities working alone and together in permutations. Poindexter v. Greenhow, 114 U.S. 270, 290 (1884) ("the distinction between the government of a State and the State itself is important, and [shall] be observed.") (underline added); Id. at 290 ("in common speech,…to say "*L'État c'est moi.*""). See also Swann v. Adams, 385 U.S. 440, 447 (U.S. 1967); Kelly v. United States, 826 F.2d 1049, 1053 (Fed. Cir. 1987); Palantir USG, Inc. v. United States, 904 F.3d 980, 995 (Fed. Cir. 2018); Carey Indus. v. United States, 614 F.2d 734, 736 (Fed. Cir. 1980); Voge v. United States, 844 F.2d 776, 784 (Fed. Cir. 1988) (State affairs include Military and Nat'l Security); and Richey v. United States, 322 F.3d 1317, 1323 & 1327 (Fed. Cir. 2003) (presumption must be rebutted by records evidence suggesting that the executive's decision is arbitrary and capricious).

"[T]he power of the courts of appeals to issue writs of mandamus…to issue writs exists where an appeals court has either present or prospective jurisdiction." *In re Roberts*, 846 F.2d 1360, 1364-65 (Fed. Cir. 1988) citing LaBuy v. Howes Leather Co., 352 U.S. 249, 254-55 (1957). This Court of Appeals may also issue "supervisor mandamus." In re Roberts, 846 F.2d at 1365 citing Schlagenhauf v. Holder, 379 U.S. 104 (1964), Will v. United States, 389 U.S. 90 (1967), and Kerr v. United States Dist. Ct., 426 U.S. 394 (1976). Contra. Bobula v. U.S. Dep't of Justice, 970 F.2d 854, 859-60 (Fed. Cir. 1992) (elements of a district court to issue mandamus under 28 U.S.C. § 1361).

**13.**

In Marbury v. Madison, 5 U.S. 137, 163, 1 Cranch 137, 162, 2 L.Ed. 60 (1803), Chief Justice John Marshall wrote: "The very essence of civil liberty certainly consists in the

right of every individual to claim the protection of the laws, whenever he receives an injury. One of the first duties of [the Union] is to afford that protection."

Pepsi Jet (ad v. actually fair bargain).

See Engel v. Missouri Courts, No. 4:20-CV-1258-SPM * 5 (E.D. Mo. Dec. 21, 2020) ("mind raping") ("Plaintiff also provides no plausible basis for his bizarre requests for relief, which includes one billion dollars, three hundred million dollars from non-defendant City of Desoto, fifty million dollars to go the United Methodist Church, the right to smoke, and parental rights. The supplemental documents he filed involve claims unrelated to the three named defendants in this action and expands his request for relief to trillions of dollars from non-defendants and stock options in large corporations. Therefore, the Court finds that the plaintiff's statement of claim and prayer for relief are clearly baseless and factually frivolous as defined in Denton.") (held as frivolous and malicious).

Further, Justice Marshall has found that it is not uncommon for the jurisdictional grant to be received after a final determination of the case on the merits. For this reason, the appellate court has also discouraged trial courts from inquiring about jurisdiction sua sponte. Interdepended Congress may grant jurisdiction by expanding the tribunal. (money demanding rule is characterized as subject-matter jurisdiction).

Taylor-Bey v. State, 53 N.E.3d 1230, 1231 (Ind. Ct. App. 2016) ("Personal jurisdiction 'requires that appropriate process be effected over the parties.'") (internal citations omitted).

Troxel v. Troxel, 737 N.E.2d 745, 750 (Ind. 2000) ("The Court of Appeals did not specify whether the probate court lacked subject matter jurisdiction, personal jurisdiction, or jurisdiction over the particular case.").

M.B. v. State, 815 N.E.2d 210, 214-15 (Ind. Ct. App. 2004) (""Once a court has acquired subject matter and personal jurisdiction, challenges to its subsequent rulings and judgment are questions incident to the exercise of jurisdiction rather than to the existence of jurisdiction." Buckalew v. Buckalew, 754 N.E.2d at 898. Challenges focusing on the exercise of jurisdiction, rather than its existence, implicate the final element of jurisdiction we will consider, i.e., jurisdiction over the particular case. See id."[I]f a tribunal possesses the power to determine cases of the general class to which the particular case belongs, it possesses subject matter jurisdiction to consider the particular case, absent specific and timely objections to the jurisdiction of such particular case." Bd. of Trs. of New Haven v. Fort Wayne, 268 Ind. 415, 375 N.E.2d 1112, 1117 (1978). To be "timely" in this context would require, at the very least, registering an objection to the court's jurisdiction before the initiation of an appeal. Cf. id. (objections to facts conferring jurisdiction over a particular case must be made before responding to the petition containing the complaint against the respondent). By delaying the challenge to Marion Juvenile Court's jurisdiction over his particular case until the appeal of the underlying dispositional order, M.B. waived the issue.").

Monroe Cnty. v. Boathouse Apartments, LLC, 150 N.E.3d 1045, 1048 n. 1 (Ind. App. 2020) (In K.S. v. State, 849 N.E.2d 538, 540 (Ind. 2006) (Shepard, C.J, op.), the Supreme Court clarified the law regarding jurisdiction, explaining as follows: Like the rest of the nation's courts, Indiana trial courts possess two kinds of "jurisdiction." Subject matter jurisdiction is the power to hear and determine cases of the general class to which any particular proceeding belongs. Personal jurisdiction requires that appropriate process be effected over the parties.... Other phrases recently common to Indiana practice, like "jurisdiction over a particular case," confuse actual jurisdiction with legal error, and *we will be better off ceasing such characterizations*.") (emphasis added).

<u>Monroe Cnty. v. Boathouse Apartments, LLC</u>, 150 N.E.3d 1045, 1048 n. 1 (Ind. App. 2020) ("Citing to its opinion in K.S. , the Indiana Supreme Court observed "that 'jurisdiction over the particular case' is something of a misnomer and refers to failure to meet procedural requirements but does not constitute a limitation on subject matter jurisdiction in the sense that the court cannot hear cases of the same general class." Packard v. Shoopman , 852 N.E.2d 927, 929–30 (Ind. 2006). ").

<u>Fisel v. State</u>, No. 22A-CR-1279 * 1 n. 1 (Ind. App. Oct. 28, 2022) ("We note at the outset that whether the trial court had the authority to correct Fisel's sentence is not a matter of jurisdiction, but rather one of procedure. See K.S. v. State, 849 N.E.2d 538, 541-42 (Ind. 2006) (distinguishing lack of jurisdiction from procedural error). "To render a valid judgment, a court must possess two forms of jurisdiction: jurisdiction over the subject matter and jurisdiction over the parties," Mishler v. Cnty. of Elkhart, 544 N.E.2d 149, 151 (Ind. 1989) (citation omitted), and there is no question that the trial court possessed both here. That the trial court had jurisdiction, thus, is not in dispute. Still, as the parties categorize the issue of the trial court's authority to correct Fisel's sentence as jurisdictional, we will use that terminology.").

<u>State v. Renzulli</u>, 935 N.E.2d 200 (Ind. Ct. App. 2010) ("There are three types of jurisdiction: (1) jurisdiction of the subject matter; (2) jurisdiction of the person, and (3) jurisdiction over the particular case.").

<u>See</u> <u>K.S. v. State</u>, 849 N.E.2d 538, 541 (Ind. 2006) (citing RESTATEMENT (SECOND) OF JUDGMENTS § 11, cmt. e (1982) (promoting judicial supremacy)).

<u>Centex Home Equity Corp. v. Robinson</u>, 776 N.E.2d 935, 945 (Ind. Ct. App. 2002) ("The modern procedural mechanism for correcting this kind of irregularity is Trial Rule 12(B)(8), which permits dismissal of an action "[i]f the same action [is] pending in another state court of this state." The rule recognizes that two courts may not

simultaneously exercise jurisdiction over what amounts to the same case. Rather, "[w]hen two or more courts have concurrent jurisdiction over the same case, `the jurisdiction of the court first acquiring such jurisdiction is deemed exclusive until the case is finally disposed of on appeal or otherwise.'").

Centex Home Equity Corp. v. Robinson, 776 N.E.2d 935, 950 (Ind. Ct. App. 2002) ("There are three types of jurisdiction: 1) jurisdiction of the subject matter; 2) jurisdiction of the person; and 3) jurisdiction of the particular case. In re Guardianship of K.T., 743 N.E.2d 348, 351 (Ind. Ct. App. 2001). This is clearly an instance in which "jurisdiction of the case" is at issue. Jurisdiction of the case refers to the trial court's right, authority, and power to hear and decide a specific case within the class of cases over which a court has subject matter jurisdiction. Guardianship of K.T., 743 N.E.2d at 351. A judgment rendered by a court which lacks jurisdiction of the case is voidable, and requires a timely objection, or the lack of jurisdiction over the case is considered waived. Id. Accordingly, a reviewing court is not obligated to raise sua sponte the issue of jurisdiction of the case. Id.").

K.S. v. State, 849 N.E.2d 538, 542 (Ind. 2006) (observing that the question of subject matter jurisdiction involves a determination of whether a court has jurisdiction over the general class of actions to which a particular case belongs and that "characterizing other sorts of procedural defects as 'jurisdictional' misapprehends the concepts."). Johnson v. State, 29 N.E.3d 183, (Ind. Ct. App. 2015).

Marcus Anthony v. Westchester Estates Homeowners Ass'n, Inc., 996 N.E.2d 869, (Ind. Ct. App. 2013) ("Standing is a restraint on a court's exercise of its jurisdiction . Pence v. State, 652 N.E.2d 486, 488 (Ind.1995) (citing City of Indianapolis v. Ind. St. Bd. of Tax Comm'rs, 308 N.E.2d 868, 870 (Ind.1974)). The standing requirement serves as an important check on the exercise of judicial power by Indiana courts. Id. The point of the

standing requirement is to insure that the party before the court has a substantive right to enforce the claim that is being made in the litigation. Id. at 487.").

Marcus Anthony v. Westchester Estates Homeowners Ass'n, Inc., 996 N.E.2d 869, n.3 (Ind. App. 2013) ("There are only two types of jurisdiction in Indiana: subject matter jurisdiction, and personal jurisdiction. K.S. v. State, 849 N.E.2d 538, 540 (Ind.2006) (disapproving of the phrase "jurisdiction over the particular case").")

In re Alford Trust, 897 N.E.2d 946, 952 (Ind. Ct. App. 2008) (""Indiana trial courts possess two kinds of `jurisdiction.'" K.S. v. State, 849 N.E.2d 538, 540 (Ind. 2006). "Subject matter jurisdiction is the power to hear and determine cases of the general class to which any particular proceeding belongs." Id. "Personal jurisdiction requires that appropriate process be effected over the parties." Id. In K.S., the Indiana Supreme Court held that "[o]ther phrases recently common to Indiana practice, like `jurisdiction over a particular case,' confuse actual jurisdiction with legal error, and we will be better off ceasing such characterizations." Id.")

In re Alford Trust, 897 N.E.2d 946, 953 (Ind. Ct. App. 2008) (" A defendant cannot be haled into a jurisdiction "solely as a result of random, fortuitous, or attenuated contacts or of the unilateral activity of another party or a third person." Id. (quoting Burger King, 471 U.S. at 475, 105 S.Ct. 2174, 85 L.Ed.2d 528).").

Aquatherm GmbH v. Renaissance Assocs. I LP, 140 N.E.3d 349 (Ind. Ct. App. 2020) ("There are two types of personal jurisdiction, specific or case-linked jurisdiction and general or all-purpose jurisdiction.")

See State ex Rel. Mosshammer v. Allen Super. Ct., 246 Ind. 366, 369 (Ind. 1965) ("Jurisdiction has many different concepts…Jurisdiction cannot totally disappear, but it must reside someplace. There cannot be a void.").

<u>B.J.N. ex rel. E.M. v. K.N.</u>, 19 N.E.3d 765, 769 (Ind. App. 2014) ("Thus, jurisdiction for purposes of the UCCJA means jurisdiction over the particular case. Because judgments rendered by courts lacking this type of jurisdiction are only voidable") (The appointer or granter can change). 28 U.S.C. 2517

To the extent allowable, and the interdepdence we are in, I grant jurisdiction to this court.

28 U.S.C. § 1915(e)(2)(B)(i)-(ii) ((B) the action or appeal- (i) is frivolous or malicious; or (ii) fails to state a claim on which relief may be granted;).

<u>Chergi v. Harrah's Entm't., Inc.</u>, No. 2:12-CV-142 JCM (CWH) * 2 (D. Nev. Oct. 5, 2012) ($100 billion dollars is "factually frivolous")

<u>Mallett v. Disney Enters.</u>, No. 1:21-cv-616 (RDA/JFA) * 3 (E.D. Va. Nov. 24, 2021) (Having conducted a de novo review of Plaintiff's timely filed objections, the Court concludes that her factual allegations are either too vague or conclusory to state a valid claim for relief or are otherwise frivolous. The allegations in her Complaint strain credulity. Even affording her claims a liberal construction, the Court is duty-bound to dismiss frivolous complaints like the one Plaintiff has brought. See Robinson v. Obama, No. 1:11-cv-808, 2011 WL 13196128, at *1 (E.D. Va. Aug. 3, 2011) ("A claim is factually frivolous if it depicts 'fantastic or delusional scenarios,' or where 'the facts alleged rise to the level of the irrational or the wholly incredible.'") (quoting Denton v. Hernandez, 504 U.S. 25, 33 (1992)). Here, Plaintiff alleges that Disney Enterprises conspired with Bill and Hillary Clinton to produce a film based on her life and did so without her permission, resulting in millions of dollars in damages to Plaintiff. See generally Dkt. 1. The Court finds that Plaintiff's allegations are factually frivolous because they are "wholly incredible." Denton, 504 U.S. at 33. The Complaint will therefore be dismissed.)

Engel v. Co1, No. 4:20-CV-1923-HEA * 5 (E.D. Mo. Jan. 7, 2021) (It also appears this action is subject to dismissal because it is factually frivolous. Plaintiff alleges he is entitled to recover thousands of trillions of dollars in damages from more than fifty individuals and entities for claims that entirely lack factual support. Such allegations rise to the level of the irrational or wholly incredible, and reflect the thoughts of a delusional individual. The Court therefore concludes that plaintiff's allegations are "clearly baseless" under the standard articulated in Denton v. Hernandez, 504 U.S. 25.)

Hines v. United States, No. 6:19-cv-06837(MAT) * 7 (W.D.N.Y. Feb. 5, 2020) (supernatural intervention is "factually frivilious")

Williams v. United States, No. 5:21-CV-00061-MTT-CHW (M.D. Ga. Apr. 2, 2021) (Plaintiff requests 1.6 million dollars per day of his incarceration and immediate release from prison.) (sua sponte dismissal for factually frivolous).

In Marbury v. Madison, 5 U.S. 137, 163, 1 Cranch 137, 162, 2 L.Ed. 60 (1803), Chief Justice John Marshall wrote: "The very essence of civil liberty certainly consists in the right of every individual to claim the protection of the laws, whenever he receives an injury. One of the first duties of [the Union] is to afford that protection."

Contra. McLeod Grp. v. United States, No. 2020-1389 (Fed. Cir. Dec. 17, 2020) (found no contract; no mutuality of intent; no consideration; affirmed dismissal under RCFC 12(b)(1)) (Lourie, J., op.) (before Newman, Lourie, and Chen, JJ.).

Cf. Newport News Shipbldg. & Dry Dock v. Garrett, 6 F.3d 1547, 1560 (Fed. Cir. 1994) ("In a section of its report entitled, 'Discouraging the unwarranted submission of contractor claims,' the Senate Committee said that, according to Navy witnesses, a 'substantial number of these outstanding claims were greatly inflated.'") (if CFC believes that contract is inflated for monetary damages, then the claim is unwarranted) (is it unwarranted if the CFC Judge believes that the harm is inflated too?) (Federalist No. 78)

(warranted Madison, Madison, Yates) (Federalist No. 42 & 80) (statesman title) (high powered…maybe…for the state this is elite constitutional national authority…K here, only sigh of royalty and absolute) (would this standard apply to breach of executive agreement) (to courtiers of First Lady Washington's Court?)

<u>Cmty. Health Choice, Inc. v. United States</u>, 970 F.3d 1364, 1371, 1382, 1375, 1371 (Fed. Cir. 2020) (Although we do not address the Claims Court's holding with respect to the insurers' implied-in-fact contract theory, the same damages analysis would apply to that claim as well, since, as the Claims Court recognized, a claim for breach of an implied-in-fact contract is subject to the same damages limitations as an ordinary contract. See Cmty. , 141 Fed Cl. at 767–70 (analyzing damages for breach of an implied-in-fact contract under "[t]he general rule in common law breach of contract cases" (quoting Estate of Berg v. United States , 687 F.2d 377, 379 (Ct. Cl. 1982) ); see, e.g. , Lindquist Ford, Inc. v. Middleton Motors, Inc. , 557 F.3d 469, 481 (7th Cir. 2009), as amended (Mar. 18, 2009) ("[A]n implied-in-fact contract is governed by general contract principles."); Hill v. Waxberg , 237 F.2d 936, 939 (9th Cir. 1956) (explaining that "the general contract theory of compensatory damages should be applied" in an action for breach of an implied-in-fact contract). There is thus no need on remand to separately address the insurers' implied-in-fact contract claim.) (The fundamental principle that underlies the availability of contract damages is that of compensation. That is, the disappointed promisee is generally entitled to an award of money damages in an amount reasonably calculated to make him or her whole and neither more nor less; any greater sum operates to punish the breaching promisor and results in an unwarranted windfall to the promisee, while any lesser sum rewards the promisor for his or her wrongful act in breaching the contract and fails to provide the promisee with the benefit of the bargain he or she made.). (here, not windfall, but remedying Patel's deprivation of the viel of Protection of the United

States by kavnish Human Nature). **1375** (With respect to contract claims, the government is "to be held liable only within the same limits that any other defendant would be in any other court," and "its rights and duties ... are governed generally by the law applicable to contracts between private individuals." United States v. Winstar Corp., 518 U.S. 839, 892, 895 (1996)). (most billionaires can make this contract with no bankruptcy) (would a like deal like the Louisiana purchase be governed by Big Tucker Act?) (can a multi-trillion dollar contract not be made by the government in front of the whole world) (it can, this rule has a vague and broad application). For the Founding Generation, the Constitution was the chief contract amongst the plutocrats (and the white property owners), and many ways serves to me, and who were both military and intellectual elites; Big Tucker Act is simply an expansion of the privleges and immunities of the United States Constitution which vested to uphold the pertecutl treaty and Engement with the Monarch of England under the Treaty of Paris, as the Loyalist demanded; Madison, Madison, and Yates) (U.S. const. art. VI, § 1) (and was found in our nations own values even during the Civil War). (constitutional fairness, which is a part of P & I of the US and US amend. v, is not akin to progressive fairness).

Cf. Chambers v. United States, 196 Ct. Cl. 186, 230, 451 F.2d 1045, 1096 (Fed. Cir. 1971) (unwarranted when asks for specific performance of remedy for constitutional discretionary powers of the President, such as making an appointment).

Cf. Chambers v. United States, 451 F.2d 1045, 196 Ct.Cl. 186 (1971), the Court of Federal Claims held that an employee, who had been denied employment rights because of her race, was entitled to retroactive promotion and back pay.

Cf. Chambers v. United States, 196 Ct. Cl. 186, 253-54, 451 F.2d 1045, 1084 (Fed. Cir. 1971) (* * * Congress has always withheld from this court and from the Tucker Act original jurisdiction over tort claims against the Government (Gibbons v. United States,

75 U.S. (8 Wall.) 269, 274-275, 19 L.Ed. 453 (1868); Langford v. United States, 101 U.S. 341, 25 L.Ed. 1010 (1879); Bigby v. United States, 188 U.S. 400, 23 S.Ct. 468, 47 L.Ed. 519 (1903); J. Ribas y Hijo v. United States, 194 U.S. 315, 323, 24 S.Ct. 727, 48 L.Ed. 994 (1904)); and liability for damages occasioned by wrongful regulatory action smacks more of tort than of non-tortious obligation. [ 372 F.2d at 1010, 178 Ct.Cl. at 609.]) (here, this can turn into a torts claim, like negligence, from the social contract-in-law of the Constitution, in district court) (Federal Circuit could lose jurisdiction) (common law injury).

Contra. Hopkins v. United States, 513 F.2d 1360, 1368 (Fed. Cir. 1975) (Tucker Act does not apply "to entertain suits against nonappropriated fund activities").

See Walls v. United States, 582 F.3d 1358, 1367 (Fed. Cir. 2009) (The Court of Federal Claims has authority under the Tucker Act to remand to a corrections board. See 28 U.S.C. § 1491(a)(2) ("In any case within its jurisdiction, the court shall have the power to remand appropriate matters to any administrative or executive body or official with such direction as it may deem proper and just.").) (Here, The Honorables of the CFC and the Honorables of the Federal Circuit can REMAND to the Honorable President of the United States for continued adjudication…rather than dismissal).

Wood v. United States, 961 F.2d 195 198 (Fed. Cir. 1992) ("If contractual relations exist, the fact that the alleged breach is also tortious does not foreclose Tucker Act jurisdiction." Fountain v. United States, 192 Ct.Cl. 495, 427 F.2d 759, 761 (1970). If an action arises "primarily from a contractual undertaking," jurisdiction lies in the Claims Court "regardless of the fact that the loss resulted from the negligent manner in which defendant performed its contract.").

CFC not competent court because Senior Judge LAS should have recused himself. 28 USC §§ 453. The words of oath. 18 USCS § 2711 (3).

https://hieronymus.ch/en/legal-english-shot-dont-let-the-court-of-competent-jurisdiction-hold-you-incompetent/

In re Killian, 45 F.4th 1373 (Fed. Cir. 2022)

State v. AT&T Inc., 239 A.3d 541, 552 (Del. Ch. 2020) (AT&T argues that this action should be stayed pending the outcome of the Federal Action. As the grounds for the stay, AT&T cites this court's "inherent power to manage its own docket, including the power to stay litigation on the basis of comity, efficiency, or simple common sense." Paolino v. Mace Sec. Int'l, Inc., 985 A.2d 392, 397 (Del. Ch. 2009) ; see Salzman v. Canaan Cap. P'rs, 1996 WL 422341 * 5 (Del. Ch. July 23, 1996) ("To enable courts to manage their dockets, courts possess the inherent power to stay proceedings."); Phillips Petroleum Co. v. ARCO Alaska, Inc., 1983 WL 20283, at *4 (Del. Ch. Aug. 3, 1983) (granting stay in favor of pending arbitration based on "common sense"). AT&T contends that it would be inefficient for this action to proceed before the Federal Action because of the "possibility that the [Delaware District Court] will address the very claims at issue here." Dkt. 10 at 19.).

In re Merge Healthcare Inc. Stockholders Litig., Consol. C.A. No. 11388-VCG * 26 (Del. Ch. Jan. 30, 2017) (It seems beyond the limits of common-sense, however, that Ferro, as the Company's largest stockholder, would stop at negotiating a price of $1 billion for the Company and ignore other willing buyers if the possibility of obtaining an even higher deal price existed. Rather, to my mind, Ferro's waiver of the Consulting Agreement Fee fully aligned his interest with the other stockholders of the Company. I note that, as a stockholder, Ferro would receive $188 million on the sale, dwarfing the consulting fee.).

## CERTIFICATE OF SERVICE

In addition to service to the United States by the Clerk of the United States Court of Federal Claims, and I also served the following individual via e-mail on March 16, 2023:

**PRESIDENT JOE R. BIDEN II**
The White House – The Oval Office
1600 Pennsylvania Avenue NW
Washington, D.C. 20500
Phone: 202-457-1414
potus@who.eop.gov

**MR. ROBERT K. KIEPURA, Trial Attorney**
U.S. Dep't of Justice - Civil Div. (G)
P.O. Box 480
Ben Franklin Station
Washington, D.C. 20044
(202) 305-4436
Fax: (202) 353-0461
robert.kiepura@usdoj.gov

Dated: March 16, 2023

I swear under the laws of perjury Declaration:

Respectfully submitted,

/s/ Raj K. Patel
T.E., T.E. Raj K. Patel (*pro se*)
6850 East 21st Street
Indianapolis, IN 46219
Marion County
317-450-6651 (cell)
rajp2010@gmail.com
www.rajpatel.live

A

NOTE: This order is nonprecedential.

# United States Court of Appeals for the Federal Circuit

————————————

**RAJ K. PATEL,**
*Plaintiff-Appellant*

**v.**

**UNITED STATES,**
*Defendant-Appellee*

————————————

2023-1325

————————————

Appeal from the United States Court of Federal Claims in No. 1:22-cv-01446-LAS, Senior Judge Loren A. Smith.

————————————

**ON MOTION**

————————————

PER CURIAM.

## O R D E R

Raj K. Patel appeals from the judgment of the United States Court of Federal Claims dismissing his complaint and subsequent order denying reconsideration. Mr. Patel also moves for "permission to file [a] . . . Motion for a Writ of Mandamus" with his opening brief, ECF No. 4, for "leave to serve the President directly," ECF No. 12-1 at 1, for leave to amend his motion for leave to serve the President, ECF No. 21, and to expedite, ECF No. 25. The United States

separately moves for summary affirmance. ECF No. 17. Mr. Patel opposes that motion, the United States replies, and Mr. Patel submits a sur-reply, which the court construes as including a motion for leave to file a sur-reply, ECF No. 24.

Mr. Patel has filed several cases at tribunals within this court's appellate jurisdiction alleging breach of a contract with the Presidents of the United States "about living under the stress weapon." In October 2022, Mr. Patel filed his third complaint raising such allegations at the United States Court of Federal Claims. ECF No. 17 at Appx74. In November 2022, the Court of Federal Claims dismissed the complaint for failing to raise any non-frivolous allegation that would establish a claim within that court's jurisdiction. In December 2022, that court denied reconsideration. This appeal followed.*

Summary affirmance is appropriate when the decision below "is so clearly correct as a matter of law that no substantial question regarding the outcome of the appeal exists." *Joshua v. United States*, 17 F.3d 378, 380 (Fed. Cir. 1994) (citation omitted). Here, the Court of Federal Claims was clearly correct that Mr. Patel's complaint made no non-frivolous allegation of a contract with the United States that could form a basis for its jurisdiction under the Tucker Act, 28 U.S.C. § 1491(a)(1). We therefore grant the motion to summarily affirm. We end by warning Mr. Patel, who

---

* The Court of Federal Claims' judgment included an anti-filing injunction provision. However, Mr. Patel does not challenge that provision in his brief and therefore forfeits any such challenge. *See SmithKline Beecham Corp. v. Apotex Corp.*, 439 F.3d 1312, 1319 (Fed. Cir. 2006) ("[A]rguments not raised in the opening brief are waived."); *Green v. Dep't of Educ. of N.Y.*, 16 F.4th 1070, 1074 (2d Cir. 2021) ("[A] pro se litigant abandons an issue by failing to address it in the appellate brief.").

has now had three appeals dismissed as clearly baseless, *see Patel v. White House Chief of Staff*, No. 2022-1962, 2022 WL 3711886, at *1 (Fed. Cir. Aug. 29, 2022); *Patel v. United States*, No. 2022-1131, 2022 WL 4956868, at *1 (Fed. Cir. Feb. 11, 2022), that future abuse of the judicial process through frivolous appeal may result in sanctions.

Accordingly,

IT IS ORDERED THAT:

(1)  The United States' motion, ECF No. 17, is granted. The Court of Federal Claims' judgment is affirmed.

(2)  Mr. Patel's motion for permission to file a petition for writ of mandamus, ECF No. 4, is denied.

(3)  Mr. Patel's motion to file a sur-reply is granted. ECF No. 24 is accepted for filing.

(4)  All other pending motions are denied as moot.

(5)  Each side shall bear its own costs.

FOR THE COURT

March 7, 2023                           /s/ Peter R. Marksteiner
        Date                            Peter R. Marksteiner
                                        Clerk of Court